# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM, | CASE NO. 1:09-cv-01874-OWW-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND WITHIN THIRTY (30) DAYS |
| v. | |
| S. LOPEZ, et al., | (Doc. 1) |
| Defendants. | |
| _____/ | |

Plaintiff Bilal Ahdom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at California Substance Abuse Treatment Facility Corcoran. The events described in his complaint took place while he was incarcerated at Kern Valley State Prison ("KVSP"). Plaintiff sues under Section 1983 for the violation of his Eighth Amendment rights and the Americans with Disabilities Act ("ADA"). Plaintiff names S. Lopez (Chief Medical Officer-KVSP), M. Rashidi (Surgeon-Mercy Hospital), M. Araich (Nurse-KVSP), S. Schaefer (Physician-KVSP), M. Spaeth (Chief Physician-KVSP), M. Tolano (Health Care Coordinator-KVSP), C. Chen (Physician-KVSP), Y. Paik (Surgeon-Pacific Orthopedic Medical Group), Pacific Orthopedic Medical Group, and CDCR as defendants. For the reasons set forth below, the Court will dismiss Plaintiff's complaint, with leave to amend within thirty (30) days.

///

///

1

1

## I.   Screening Requirement

2       The Court is required to screen complaints brought by prisoners seeking relief against a

3  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

7  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

10       In determining whether a complaint fails to state a claim, the Court uses the same pleading

11 standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

12 contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

13 R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

14 allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

15 accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

16 Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,

17 accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550

18 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

19 liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id.

20 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual

21 allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.

22 Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

23 statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

24 ## II.   Factual Background

25       Plaintiff alleges that on May 1, 2008, he underwent back surgery performed by Defendant

26 Rashidi.  After this surgery, Plaintiff had twenty (20) staples in his back, requiring cleaning and

27 dressing every two days.  Plaintiff maintains that Defendant Rashidi failed to provide antibiotics and

28 ///

2

this failure resulted in infection.  Plaintiff further contends that Defendant Rashidi ordered Plaintiff to use a walker for movement following his surgery but Plaintiff requested to use a cane instead.

Plaintiff alleges that Defendant Araich failed to clean and dress the staples from May 10, 2008, to May 24, 2008, and also failed to prescribe antibiotics.  As a result, Plaintiff contends that he suffered cracked skin, bleeding, and swelling where the surgery was performed until the staples were removed.  Plaintiff concludes that Defendant Araich was deliberately indifferent to his medical needs.

On August 8, 2008, Plaintiff requested an exemption ("Chrono") from having to lie prone on the ground during prison yard emergencies/alarms.  Plaintiff also requested a mobility impairment vest to alert staff to his Chrono.  On September 11, 2008, Defendant Chen, after interviewing Plaintiff, denied his request for a Chrono. Defendant cited that he had observed and/or possessed documentation demonstrating that Plaintiff could carry a heavy box more than 100 yards, could walk around the yard without his cane, and had pushed a cart without assistance.  Plaintiff argues that Defendant Rashidi had authorized Plaintiff to lift items weighing up to 10 pounds but that Plaintiff was not restricted from pushing walkers/carts around.  Therefore, Plaintiff maintains that Defendant Chen's observations were inconsequential.  Plaintiff alleges that Defendant Spaeth concurred with Defendant Chen's assessment.  Plaintiff argues that Defendants Chen and Spaeth discriminated against him in violation of the ADA and acted with deliberate indifference to his medical needs.

Plaintiff alleges that he was not provided with an orthopedic mattress following his surgery.  On October 10, 2008, Plaintiff filed a request for an orthopedic mattress which was denied by Defendants Schafer and Tolano, who determined that such a mattress was not medically necessary.  Plaintiff maintains that, as a result, he has suffered sleep deprivation from the excruciating pain he felt when lying down.  Plaintiff argues that Defendants' deliberate indifference to his medical needs violated his rights under the ADA.

Plaintiff alleges that on or about May 27, 2008, Defendants Chen and Lopez provided Plaintiff with a cane and instructed that he not lift heavy objects greater than 10 pounds or repeatedly bend.  On September 11, 2008, Defendant Chen repossessed the cane because he observed Plaintiff walking without the cane and without difficulty.  On appeal, Defendants Lopez and Spaeth concurred

1  with Defendant Chen's decision.  Plaintiff alleges that Defendants' actions amount to deliberate
2  indifference toward Plaintiff's medical needs.

3  As a result of this indifference, Plaintiff argues that on October 5, 2008, he injured his
4  Achilles tendon while making a sudden move to avoid a collision with other inmates running across
5  the yard.  On October 21, 2008, Plaintiff was examined by Defendant Shaefer, who sent Plaintiff to
6  Defendant Pacific Orthopedic Medical Group ("Medical Group") on October 27, 2008, to be seen
7  by Defendant Paik.  Defendant Paik recommended that Plaintiff undergo surgery.  On November 25,
8  2008, Plaintiff was returned to Defendant Medical Group and seen by Dr. Chandrasekeran, who
9  informed Plaintiff that too much time had passed since the injury and that he would not recommend
10  surgery.  Plaintiff alleges that Defendant Paik and Defendant Medical Group were deliberately
11  indifferent to Plaintiff's medical needs in failing to perform surgery within the proper time period.
12  Plaintiff argues that Defendants Paik, Medical Group, Lopez, Schaefer, and Spaeth denied him
13  adequate medical treatment, delaying recommended surgery.

14  **III.   Discussion**

15  **A.   Claims Under the Americans with Disabilities Act**

16  Title II of the ADA and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination
17  on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the
18  ADA provides that "no qualified individual with a disability shall, by reason of such disability, be
19  excluded from participation in or be denied the benefits of the services, programs, or activities of a
20  public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132; see also Lovell,
21  303 F.3d at 1052 (to establish violation of Title II of ADA, plaintiff must show that (1) he is a
22  qualified individual with a disability; (2) he was excluded from participation in or otherwise
23  discriminated against with regard to a public entity's services, programs, or activities, and (3) such
24  exclusion or discrimination was by reason of his disability), cert. denied, 537 U.S. 1105 (2003).

25  The treatment or lack of medical treatment for Plaintiff's condition does not provide a basis
26  upon which to impose liability.  Burger v. Bloomberg, 418 F.3d 882 (8th Cir. 2005) (medical
27  treatment decisions not basis for ADA claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134,
28  1144 (10th Cir. 2005) (medical decisions not ordinarily within the scope of the ADA); Bryant v.

4

1 Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical

2 malpractice."). Aside from Defendants' medical treatment decisions of which Plaintiff complains

3 and which are not an appropriate basis upon which to predicate an ADA claim, Plaintiff alleges no

4 facts to show that any Defendant participated in, or was otherwise responsible for, excluding him

5 from any activities, programs and benefits otherwise available to him. Therefore, Plaintiff fails to

6 state a cognizable claim for violation of his rights under Title II of the ADA against any of

7 Defendants.

8        **B.**    **Claims Under the Eighth Amendment**

9      The Eighth Amendment embodies broad and idealistic concepts of dignity, civilized

10 standards, humanity, and decency. Estelle v. Gamble, 429 U.S. 97, 102 (1976); *see also* Spain v.

11 Procunier, 600 F.2d 189, 200 (9th Cir. 1979). However, the Constitution "does not mandate

12 comfortable prisons." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman,

13 452 U.S. 337, 349 (1981); *see also* Hallett v. Morgan, 296 F.3d 732, 745 (9th Cir. 2002). A prison

14 official violates the Eighth Amendment only when two requirements are met: (1) the objective

15 requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the

16 prison official has a sufficiently culpable state of mind. Farmer, 511 U.S. at 834 (quoting Wilson

17 v. Seiter, 501 U.S. 294, 298 (1991)).

18      The objective requirement that the deprivation be "sufficiently serious" is met where the

19 prison official's act or omission results in the denial of "the minimal civilized measure of life's

20 necessities." Id. (quoting Rhodes, 452 U.S. at 347). The subjective requirement that the prison

21 official has a "sufficiently culpable state of mind" is met where the prison official acts with

22 "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303)

23      Deliberate indifference to a prisoner's serious illness or injury states a cause of action under

24 Section 1983. Estelle, 429 U.S. at 105; *see also* Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006);

25 Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). It is important to balance the "competing

26 tensions" between "the prisoners' need for medical attention and the government's need to maintain

27 order and discipline" in determining the prison officials' subjective intent. Clement v. Gomez, 298

28 F.3d 898, 905 n.4 (9th Cir. 2002). The Court should consider whether the reasonable doctor would

1  think that the condition is worthy of comment, whether the condition significantly affects the

2  prisoner's daily activities, and whether the condition is chronic and accompanied by substantial pain.

3  *See* Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000); Doty v. County of Lassen, 37 F.3d 540,

4  546 n.3 (9th Cir. 1994) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992).

5      Denial of medical attention to prisoners constitutes an Eighth Amendment violation if the

6  denial amounts to deliberate indifference to serious medical needs of prisoners.  Toussaint v.

7  McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986), *abrogated on other grounds by* Sandin v. Connor,

8  515 U.S. 472 (1995); *see also* Jett, 439 F.3d at 1096; Clement, 298 F.3d at 905.  A serious medical

9  need exists if the failure to treat a prisoner's condition could result in further significant injury or the

10  unnecessary infliction of pain.  McGuckin, 974 F.2d at 1059.

11      Delay of, or interference with, medical treatment can also amount to deliberate indifference.

12  *See* Jett, 439 F.3d at 1096; Clement, 298 F.3d at 905; Lopez, 203 F.3d at 1131; McGuckin, 974 F.2d

13  at 1059.  Where the prisoner is alleging that the delay of medical treatment evinces deliberate

14  indifference, however, the prisoner must show that the delay led to further injury.  *See* Hallett, 296

15  F.3d at 745-46; McGuckin, 974 F.2d at 1060.

16          **1.    Claims Against Defendant CDCR**

17      Plaintiff names CDCR as a defendant.  Plaintiff may not maintain an action against

18  Defendant.  The Eleventh Amendment prohibits federal courts from hearing suits brought against

19  a non consenting state.  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir.

20  1991 (internal citations omitted); *see also* Tennessee v. Lane, 541 U.S. 509, 517 (2004).  The

21  Eleventh Amendment bars suits against state agencies, as well as those where the state itself is

22  named as a defendant. *See* P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144

23  (1993); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (stating that Board of Corrections

24  is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that

25  Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity).

26  CDCR is a state agency; thus, it is entitled to Eleventh Amendment immunity from suit.

27  ///

28  ///

6

### 2.   Claim Against Defendant M. Rashidi

Plaintiff alleges that Dr. Rashidi performed his back surgery but failed to prescribe any antibiotics following the surgery.  Plaintiff alleges that this failure caused infection to set in around the area of incision.  Plaintiff has satisfied the objective element established by Farmer but has not alleged any facts as to the subjective requirement, i.e., a culpable state of mind.  Plaintiff must allege facts to support the argument that Rashidi knew he should have prescribed antibiotics or that Rashidi knew that Plaintiff would not receive antibiotics unless he prescribed them.  Plaintiff's current alleged facts do not state a cognizable claim against Defendant Rashidi for deliberate indifference in violation of the Eighth Amendment.

### 3.   Claims Against Defendant M. Araich

Plaintiff argues that Defendant Araich failed to clean and dress the staples in his back following surgery and that Araich also failed to provide Plaintiff with antibiotics.  Plaintiff alleges that he suffered cracked skin, bleeding, and swelling as a result.  Araich is a nurse at KVSP.  A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  Farmer, 511 U.S. at 847.  Plaintiff fails to allege facts to support an argument that Araich knew of Plaintiff's risk of harm.  Plaintiff provides no facts as to Defendant Rashidi's post operation orders regarding cleaning and dressing of the surgical area, nor does Plaintiff allege that Araich received orders to provide antibiotics.  Based on current alleged facts, there are insufficient facts to establish that Araich knew that her failure to act would cause Plaintiff further injury.  Thus, Plaintiff fails to state a claim against Defendant Araich.

### 4.   Claim for the Denial of a Chrono Exemption and Mobility Impairment Vest

Plaintiff next maintains that Defendants Chen and Spaeth acted with deliberate indifference to his medical needs in denying his request for a Chrono Exemption and Mobility Impairment Vest.  Plaintiff satisfies the objective prong in alleging that he suffers excruciating back pain when he must lay prone on the ground during alarms and other emergencies.  Plaintiff alleges that he informed Defendant Chen of his surgery and pain in an interview regarding his application for a Chrono but

Case 1:09-cv-01874-AWI-BAM   Document 10   Filed 07/29/10   Page 8 of 12

provides no factual allegations that Defendant Spaeth knew that Plaintiff suffered serious pain without the Chrono. Moreover, Plaintiff's request occurred more than three months after the surgery. Plaintiff was allegedly seen moving about without assistance and carrying heavy objects for extended periods of time. Plaintiff must allege facts to establish Defendant Spaeth's knowledge of his pain in the absence of a Chrono. Since he has failed to do so, Plaintiff's factual allegations are insufficient to state a claim against Defendants Chen and Spaeth.

### 5.   Claim for the Denial of an Orthopedic Mattress

Plaintiff alleges that Defendants Schaefer and Tolano did not provide him with an orthopedic mattress following surgery. Plaintiff maintains that Schaefer and Tolano's decision manifests deliberate indifference to his medical needs as he suffered excruciating pain without the mattress. While Plaintiff has produced facts supporting the objective requirement for a violation of his Eighth Amendment rights and has shown that he suffered further injury as a result of Schaefer and Tolano's decision, Plaintiff fails to allege facts as to Schaefer and Tolano's subjective state of mind. Plaintiff must allege that Schaefer and Tolano knew or should have inferred from the facts that their acts would cause excruciating pain to Plaintiff and deliberately failed to act. Thus, Plaintiff fails to state a cognizable claim based on the current factual allegations.

### 6.   Claim for the Repossession of Plaintiff's Cane

Plaintiff also alleges that Defendants Chen, Lopez, and Spaeth acted with deliberate indifference to his medical needs by repossessing his cane four months after the surgery. Plaintiff does not allege any facts to support his continued need for or reliance on the cane. On the contrary, Defendant Chen observed Plaintiff walking without the cane and without difficulty. Thus, Defendants' subjective intent is reasonable based on Plaintiff's factual allegations.

Further, Plaintiff alleges no facts that Defendants knew Plaintiff would suffer substantial injury without the cane. Nor does Plaintiff allege that further injury occurred as a result of Defendants' actions. Plaintiff alleges that Defendants' indifference resulted in the tearing of his Achilles tendon when moving to avoid a collision with several other inmates. It is unclear how a cane would have prevented the injury. Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. Ivey v. Board of

1  Regents, 673 F.2d 266, 268 (9th Cir. 1982); Bjorlin v. Crow, 2009 U.S. Dist. LEXIS 104769, *7

2  (E.D. Cal. Nov. 9, 2009).  Thus, Plaintiff fails to raise sufficient facts to support this claim.

3              **7.    Plaintiff's Remaining Claims**

4        First, Plaintiff argues that Defendants Paik and Medical Group acted negligently.  Plaintiff

5  maintains that Defendant Paik recommended he undergo surgery for the injury to his Achilles tendon

6  on October 27, 2008.  After an MRI was performed on November 7, 2008, Plaintiff returned to

7  Medical Group on November 25, 2008, where he met with Dr. Chandrasekeran.  Dr. Chandrasekeran

8  told Plaintiff that too much time had passed since the injury and that he would not perform surgery.

9  Plaintiff alleges that Defendants evinced deliberate indifference in their actions which "subjected

10 Plaintiff to professional and intentional negligence."  Compl. 12:8-13.

11       A complaint that a physician has been negligent in diagnosing or treating a medical condition

12 does not state a claim of medical mistreatment under the Eighth Amendment.  Medical malpractice

13 does not become a constitutional violation merely because the victim is a prisoner.  Estelle, 429 U.S.

14 at 106; see also Jett, 439 F.3d at 1096.  Even gross negligence is insufficient to establish deliberate

15 indifference to serious medical needs.  See Toguchi, 391 F.3d at 1060.  Plaintiff has also failed to

16 allege that Defendants Paik and Medical Group deliberately delayed having Plaintiff's surgery

17 performed.  Accordingly, Plaintiff's claim against Defendants is insufficient as alleged.

18       Second, Plaintiff alleges claims against Defendants Paik, Medical Group, Lopez, Schaefer,

19 and Spaeth for improperly delaying his surgery.  It is difficult to decipher Plaintiff's claim against

20 Defendants Paik and Medical Group.  Plaintiff saw Defendant Paik on October 27, 2008, when he

21 recommended surgery but it was Dr. Chandrasekeran, who on November 25, 2008, would not

22 perform the surgery.  The Court construes Plaintiff's claim to be that the decision not to perform

23 surgery was erroneous because Dr. Amirpour declared the injury to be "a complete tear of the

24 Achilles tendon" on January 5, 2009, during a separate examination at San Joaquin Community

25 Hospital.[1]  Compl. 12:18.  However, a difference of opinion between medical professionals

26

27       [1] Dr. Amirpour is an individual separate from this action.  Plaintiff met with Dr. Amirpour during a consult at another hospital following the events currently under consideration.  The Court finds the timeline of Dr.

28 Amirpour's diagnoses to be unclear.  It is not known if Dr. Amirpour's characterization of Plaintiff's injury spoke to the existing condition of the Achilles tendon at the time of the examination or whether Dr. Amirpour was noting the

1    concerning the appropriate course of treatment generally does not amount to deliberate indifference

2    to serious medical needs.  *See* Toguchi, 391 F.3d at 1059-60; Sanchez v. Vild, 891 F.2d 240, 242

3    (9th Cir. 1989).  Plaintiff has alleged no other facts in support of his claim that Defendants Paik and

4    Medical Group acted with deliberate indifference in delaying his surgery.  Accordingly, Plaintiff

5    does not raise a cognizable claim against them.

6        Plaintiff also alleges that the remaining Defendants delayed his surgery, thus violating his

7    Eighth Amendment rights.  However, Plaintiff provides no factual allegations as to the involvement

8    of Defendants Lopez, Schaefer, and Spaeth in this process.  Plaintiff fails to make factual allegations

9    linking the Defendants to his delayed surgery or establishing that they actively prevented it.  Instead,

10   Plaintiff makes a conclusory allegation which is insufficient to support an Eighth Amendment claim.

11   Plaintiff must allege facts that show Defendants acted in delaying his surgery and that they did so

12   with deliberate indifference.  Currently, Plaintiff's allegations against Defendants Lopez, Schaefer,

13   and Spaeth are insufficient.

14   **IV.    Conclusion and Order**

15       The Court finds that Plaintiff's amended complaint fails to state a claim upon which relief

16   can be granted under Section 1983.  Although Plaintiff may be able to state a claim for the violation

17   of his rights under the Eighth Amendment, Plaintiff fails to establish the requisite causal links

18   between Defendants' actions and/or inactions and the alleged violation of Plaintiff's Eighth

19   Amendment rights.

20       Plaintiff's complaint is dismissed, with leave to amend to cure the deficiencies identified by

21   the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not

22   change the nature of this suit by adding new, unrelated claims in his second amended complaint.

23   George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  If Plaintiff decides

24   to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Plaintiff must identify how

25   each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights:

26   "The inquiry into causation must be individualized and focus on the duties and responsibilities of

27

28
_____

original injury suffered by Plaintiff months in advance.

10

each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is reminded that an amended complaint supercedes the original complaint, Forsyth, 114 F.3d at 1474; King, 814 F.2d at 567, and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint that are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London, 644 F.2d at 814); accord Forsyth, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed for failing to state any claims upon which relief might be granted;

2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.    Plaintiff shall be given leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and

///

///

11

4.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to

state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    July 28, 2010**                          _____/s/ Sheila K. Oberto_____
                                                   UNITED STATES MAGISTRATE JUDGE