# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>          Plaintiff,<br><br>     v.<br><br>S. LOPEZ, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:09-cv-01874-AWI-BAM PC<br><br>ORDER STRIKING PLAINTIFF'S MOTION TO AMEND (ECF No. 21)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND AND DISREGARDING THE SECOND AMENDED COMPLAINT<br><br>(ECF Nos. 20, 24, 25) |

Plaintiff Bilal Ahdom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 17, 2011, findings and recommendations issued recommending that this action proceed against Defendants Araich, Chen, Shittu, Ashby, Lopez, Spaeth, Doe One, Two, and Three for failure to provide adequate pain medication and Defendants Schaefer and Shittu for failing to grant Plaintiff's request for a lower tier accommodation in violation of the Eighth Amendment.  Since Plaintiff had previously been notified of the deficiencies in his complaint and been granted leave to amend, the findings and recommendation recommended that the remaining Eighth Amendment claims and defendants be dismissed from this action for Plaintiff's failure to state a cognizable claim.  Plaintiff was granted thirty days in which to file objections to the findings and recommendations.  On November 7, 2011, Plaintiff filed a motion for a thirty day extension of time to file objections, which was granted on November 8, 2011.  However, no objections have been filed.

Plaintiff filed a motion to amend on November 16, 2011.  On December 21, 2011, Plaintiff

1  filed a motion to amend and a second amended complaint was lodged. On January 3, 2012, Plaintiff
2  filed a motion to amend the complaint, a second amended complaint, and a request for judicial notice
3  that his prior motion contained an incorrect case number.
4      Initially, the Court shall order Plaintiff's motion to amend, filed November 16, 2011, denied
5  as it did not include the amended complaint. The motion to amend, filed December 21, 2011, which
6  included an incorrect case number shall be stricken from the record.
7      Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's
8  pleading once as a matter of course at any time before a responsive pleading is served. Otherwise,
9  a party may amend only by leave of the court or by written consent of the adverse party, and leave
10 shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this instance Plaintiff has
11 already filed an amended complaint so he may amend only with leave of the court or by written
12 consent of the adverse party.
13     "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so
14 requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006)
15 (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the
16 amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue
17 delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient
18 to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d
19 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).
20     In his motion to amend Plaintiff states that he is seeking to amend the first amended
21 complaint due to facts that were not available to him when it was filed, because he has obtained
22 evidence due to his medical Olsen Review. The Court has conducted a comparison of the first
23 amended and second amended complaints.
24     In the second amended complaint the size of Plaintiff's incision has been changed from eight
25 inches to nine inches and he states that he was given antibiotics from May 1 to 4 while he was in the
26 hospital. (Second Amended Complaint ¶ 26.) Other than these two facts, the additional allegations
27 in the complaint are all information that Plaintiff would have been aware of at the time that he filed
28 his complaint and therefore were not newly discovered evidence as he claims in his motion to

amend. However, it is not the additions to the complaint, but the deletions that the Court finds warrant discussion.

In the second amended complaint Plaintiff sets forth the occasions that he was seen by different medical defendants. In each instance he states that they refused to address his pain, treat his medical conditions, and address his accommodation requests. However the Court notes the following allegations that were included in the first amended complaint, but are missing from the second amended complaint.

On May 27, 2008, Defendant Araich "ordered Tramadol for pain management. . . . (First Amended Complaint ¶ 31, ECF No. 13.) On September 11, 2008, Defendant Chen denied Plaintiff's request for accommodations because "he saw Plaintiff allegedly carrying a box heavier than the authorized 10 lbs. without any assistance." (Id. at ¶ 39.) On October 6, 2008, Defendant Shittu "ordered crushed codeine tabs. . . ." (Id. at ¶ 46.) On October 21, 2008, Defendant Shaeffer "prescribed a neuro pain med (Gabapentin) 4 times daily. . . ." (Id. at ¶¶ 49, 50.) On October 30, 2008, Defendant Schaeffer "sent Plaintiff to the Delano Emergency Room for possible blood clots in his calve above the Achilles. [Defendant] Schaeffer ordered codeine for pain. . . ." (Id. at ¶ 56.) On November 10, 2008, Defendant Schaeffer "increased Plaintiff's Tramadol and Gabapentin meds, and she said she would schedule Plaintiff for epidural shots." (Id. at ¶ 58.) On December 5, 2008, Defendant Schaeffer "prescribed 5mg [sic] Methadone and increased Gabapentin to 900mg [sic]." (Id. at ¶ 64.)

Based on the comparison of the first and second amended complaint, the Court finds that Plaintiff's motion has been brought in bad faith in an attempt to avoid the findings set forth in the findings and recommendations issued October 17, 2011. Since the Court finds that the amendment is being sought in bad faith the motion to amend shall be denied. Amerisource Bergen Corp., 465 F.3d at 951. Plaintiff is advised that any future similar conduct will result in the issuance of sanctions, up to and including dismissal of this action.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's motion to amend, filed November 16, 2011, is DENIED;

2.     Plaintiff's motion to amend, filed December 21, 2011, is STRICKEN FROM THE

1 | RECORD;

2 | 3. Plaintiff's motion to amend, filed January 3, 2012 is DENIED; and

3 | 4. Plaintiff's second amended complaint, filed January 3, 2012, is DISREGARDED.

IT IS SO ORDERED.

Dated: **January 12, 2012**             /s/ **Barbara A. McAuliffe**
                                     UNITED STATES MAGISTRATE JUDGE