# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>        Plaintiff,<br><br>    v.<br><br>S. LOPEZ, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:09-cv-01874-AWI-BAM PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 17)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND MOTION FOR RECONSIDERATION<br><br>(ECF Nos. 27, 29) |

**I.**    **<u>Background</u>**

Plaintiff Bilal Ahdom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 17, 2011, the Magistrate Judge filed a findings and recommendations herein which was served on Plaintiff and which contained notice to Plaintiff that any objection to the findings and recommendations was to be filed within thirty days. On November 8, 2011, the Court granted Plaintiff's motion for a sixty day extension of time to file objections to the findings and recommendations.

On November 16, 2011, Plaintiff filed a motion to amend the complaint. A second amended complaint was lodged on December 21, 2011. On January 3, 2012, a request for judicial notice, a corrected motion to amend and a second amended complaint were filed. On January 13, 2012, an

1

1  order issued denying Plaintiff's motion to amend and disregarding the second amended complaint.
2  Plaintiff filed an untimely objection to the findings and recommendation and motion for the court
3  to take judicial notice on January 23, 2012.  On January 31, 2012 Plaintiff filed objections to the
4  order denying the motion to amend and striking the second amended complaint.

**II.     Objections to Order Denying Motion to Amend and Striking Second Amended Complaint**

Plaintiff filed a motion objecting to the order denying his motion to file an amended complaint.  An "opposition" to the Court's order is not a recognized response.  To the extent that Plaintiff's motion can be construed as a motion for reconsideration, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff argues that the Magistrate Judge erred in finding that his motion to amend the complaint was made in bad faith and states that he only deleted all references to any treatment provided by his medical providers to lessen the number of paragraphs contained in the complaint.

In the order denying Plaintiff's motion to file an amended complaint the Magistrate Judge found that Plaintiff had deleted all references to treatment provided by his medical providers to address his complaints of pain and stated that the medical providers refused to provide treatment for his pain.  While Plaintiff states that he deleted all references to treatment so he could lessen the number of paragraphs in the complaint, the specific paragraphs referenced by the Magistrate Judge are contained in both complaints.  Only the language regarding the treatment provided has been changed.

For example paragraph 46 of the first amended complaint states:

> On October 6th, 2008, Defendant Shittu examined Plaintiff and Plaintiff informed him about the excruciating pain in his ankle and back; his need for a lower tier cell; orthopedic mattress; effective pain

meds.; and prone exemption chrono/vest. *Shittu ordered crushed codeine tabs that caused pain to Plaintiff's stomach.* Shittu deliberately failed to act on Plaintiff's other medical requests and needs. (Emphasis added.)

Paragraph 40 in the second amend complaint, which sets forth the same visit, states:

> On October 6th, 2008, Plaintiff met and was examined by Defendant Shittu who he informed about his post-surgery back pain and severe pain in his ankle. Additionally, Plaintiff informed Shittu about his need for effective pain management, urgent medical treatment of his Achilles injury, a lower tier cell chrono, ADA prone vest, an orthopedic mattress, and permanent bed and toilet rails. Shittu deliberately failed to act, and he did so with deliberate indifference.

Similarly, paragraph 58 of the first amended complaint states:

> On November 10th, 2008, Plaintiff was examined by Defendant Schaefer and he informed her about his need for urgent treatment for his Achilles injury; that pain meds were not working; his need for ADA accommodations; and that he needed a lower tier cell because of his back and knee high cast and crutches. Plaintiff also informed Schaefer about his need for ADA accommodations. *Schaefer increased Plaintiff's Tramadol and Gabapentin meds., and said she would schedule Plaintiff for epidural shots.* However, Schaefer denied Plaintiff's other medical care and ADA accommodations requests. (Emphasis added.)

In describing the same visit in the second amend complaint paragraph 47 states:

> On November 10th, 2008, Plaintiff was examined by Defendant Schaefer who he informed about his continued pain in his back and ankle, and his need for urgent treatment for his Achilles injury, a lower tier cell chrono, effective pain management and ADA accommodations. Schaefer refused to provide Plaintiff with urgent medical treatment for his Achilles injury, a lower tier cell chrono and ADA accommodations and she did so with deliberate indifference.

Also, paragraph 64 of the first amended complaint states:

> On December 5th, 2008, Defendant Schaefer examined Plaintiff and he informed her about his ankle and back pain; his need for effective pain meds; lower tier cell chrono; and orthopedic mattress and urgent treatment for his Achilles tendon. *Schaefer prescribed 5mg methadone and increased Gabapentin to 900mg.* (Emphasis added.)

In paragraph 64 of the second amended complaint Plaintiff states:

> On December 5th, 2008 Plaintiff was examined by Defendant Schaefer who he informed about his ankle and back pain. Additionally, Plaintiff made Schaefer aware of his need for effective pain medication, a lower tier cell chrono, an orthopedic mattress and urgent treatment on his Achilles tendon. Schaefer denied effective pain medication, an orthopedic mattress, and urgent treatment for his Achilles injury, and she did so with deliberate indifference.

3

A review of the second amended complaint reveals a similar pattern of removing all treatment received by Plaintiff in describing the events that occurred. Based upon the finding that all new allegations that were included in the second amended complaint were within Plaintiff's knowledge at the time that he filed the first amended complaint, and the deliberate deletions of all mention of treatment that were included in the first amended complaint, the Magistrate Judge did not err in finding that Plaintiff's attempt to amend was made in bad faith.

### III. Findings and Recommendations

Plaintiff filed a motion for the Court to take judicial notice of medical documents included with his objections. The court can consider documents extrinsic to the complaint where the authenticity is undisputed and they are integral to the claims. Fields v. Legacy Health Systems, 413 F.3d 943, 958 n 13 (9th Cir. 2005). Additionally "a court may take judicial notice of 'matters of public record.'" Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986). The documents that Plaintiff submits with his objection are not included in his complaint and therefore shall not be considered in determining if the complaint states a claim. Plaintiff's motion for judicial notice shall be denied.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

### IV. Order

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed October 17, 2011, is adopted in full; and
2. This action shall proceed on the first amended complaint, filed September 14, 2010, against Defendants Araich, Chen, Shittu, Ashby, Lopez, Spaeth, Doe One, Doe Two, Doe Three,[1] and Schaefer for deliberate indifference to medical needs for monetary relief;

---

[1] The inclusion of Doe defendants under these circumstances is permissible, as Plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of defendants is known through discovery or other means. Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981).

3. Plaintiff's Americans With Disabilities Act and remaining Eighth Amendment claims are dismissed, with prejudice, for failure to state a claim under section 1983;

4. Defendants California Department of Corrections and Rehabilitation, Rashidi, Paik, Orthopedic Medical Center, Matheny, Hedgepeth, Kimura, Tolano, Ghedhart, Harrington, and Does Four through Seven are dismissed, with prejudice, for Plaintiff's failure to state a cognizable claim against them;

5. Plaintiff's motion for judicial notice, filed January 23, 2012, is DENIED;

6. Plaintiff's objections, filed January 31, 2012, which are construed as a motion for reconsideration, is DENIED; and

7. This action is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 10, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE