1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT FOR THE

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   BILAL AHDOM,                           1:09-cv-01874-AWI-BAM-(PC)

12            Plaintiff,
                                            ORDER DENYING MOTION FOR
13   vs.                                    APPOINTMENT OF COUNSEL

14   S. LOPEZ, et al.,
                                            (ECF No. 60)
15            Defendants.

16   _____/

17        On September 17, 2012, Plaintiff Bilal Ahdom ("Plaintiff"), a state prisoner proceeding

18   pro se and in forma pauperis, filed a motion for appointment of counsel.  (ECF No. 47.)  On

19   September 19, 2012, the Court denied Plaintiff's motion, finding that exceptional circumstances

20   did not exist to appoint counsel.  (ECF No. 50.)  On January 2, 2013, Plaintiff filed a second

21   motion seeking the appointment of counsel.  (ECF No. 60.)

22        As previously explained, Plaintiff does not have a constitutional right to appointed

23   counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court

24   cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v.

25   United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814,

26   1816 (1989).  However, in certain exceptional circumstances, the court may request the voluntary

27   assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

28        In determining whether "exceptional circumstances exist, the district court must evaluate

-1-

1  both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his

2  claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation

3  marks and citations omitted).

4        The Court finds that exceptional circumstances do no exist in this matter.  Although

5  Plaintiff is concerned that there are multiple defendants represented by multiple attorneys, this

6  does not render his case exceptional.  This Court is faced with similar cases almost daily.

7  Moreover, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is

8  likely to succeed on the merits, and based on a review of the record in this case, the Court does

9  not find that plaintiff cannot adequately articulate his claims.  Id.

10       For these reasons, Plaintiff's second motion for the appointment of counsel is HEREBY

11 DENIED without prejudice.

12       IT IS SO ORDERED.

13 **Dated:   January 24, 2013**          **/s/ Barbara A. McAuliffe**
                                     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28