UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>                Plaintiff,<br><br>    v.<br><br>S. LOPEZ, et al.,<br><br>                Defendants.<br>_____/ | CASE NO. 1:09-cv-01874-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT ASHBY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br>(ECF No. 53)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**I.     Introduction**

Plaintiff Bilal Ahdom ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 26, 2009. This action is proceeding on Plaintiff's first amended complaint against Defendants Araich, Chen, Shittu, Ashby, S. Lopez, Spaeth and Schaefer for deliberate indifference to his medical needs in violation of the Eighth Amendment.

On November 8, 2012, Defendant Jonathan Ashby, D.O., ("Defendant Ashby") filed a motion to dismiss the first amended complaint against him for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  (ECF No. 53.)  Plaintiff filed an opposition on

---

[1] Defendant Ashby also filed a request for judicial notice of both the first amended complaint and Defendant Ashby's medical license from the Osteopathic Medical Board of California. (ECF No. 53-3.) Defendant Ashby's request for judicial notice is not necessary.  As to the first amended complaint, the Court may properly consider the pleadings on file in the action before it.  As to Defendant Ashby's medical license, such license is not needed for the determination of whether Plaintiff states a claim for deliberate indifference.  Accordingly, Defendant Ashby's Request for Judicial Notice is DENIED.

1

January 2, 2013.  (ECF No. 62.)  Defendant Ashby replied on January 10, 2013.  (ECF No. 63.)  The motion is deemed submitted.  Local Rule 230(l).

## II.   Relevant First Amended Complaint Allegations

Plaintiff is currently housed at California State Prison, Corcoran.  The events at issue occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP").  Defendant Ashby was a primary care physician at KVSP.

On May 1, 2008, Plaintiff underwent back surgery.  Following surgery, Plaintiff experienced back pain.  He requested effective pain medication, along with an orthopedic mattress, a lower tier placement, a lower bunk cell and a prone exemption chrono/vest.

On September 10, 2008, Plaintiff was examined by Defendant Ashby and "informed him about his pain; his need for a lower tier cell; effective pain meds[]; and orthopedic mattress; and a prone exemption chrono/vest.  Ashby deliberately failed to act."  (ECF No. 38.)

Between May 24 and September 11, 2008, Plaintiff "complained of the . . . problems he suffered to Defendants Lopez, Spaeth, Shittu[,] Ashby, Araich, Chen and Does 1 through 3, and they all knew Plaintiff faced a substantial risk of serious harm, and further injury, and they acted with deliberate indifference to his medical condition; and they denied, delayed or intentionally interfered with his medical care and they did so with deliberate indifference."  (ECF No. 13, ¶ 43.)

## III.   Procedural Background

On October 17, 2011, following screening of Plaintiff's first amended complaint, the Magistrate Judge issued Findings and Recommendations.  In relevant part, the Magistrate Judge found "Plaintiff's allegations that, between May and October 6, 2008, he informed Defendants Doe One, Doe Two, Araich, Chen, Shittu, Ashby, Lopez, and Spaeth that his pain medication was ineffective and they failed to act and that Defendant Doe Three removed his staples without pain medication [were] sufficient to state a cognizable claim."  (ECF No. 17, p. 6.)

On March 12, 2012, the District Judge adopted the Findings and Recommendations in full, and ordered that the action proceed on the first amended complaint against Defendants Araich, Chen, Shittu, Ashby, Lopez, Spaeth, Doe One, Doe Two, Doe Three and Schaefer for

1 deliberate indifference to medical needs.  (ECF No. 30.)

2       On April 2, 2012, the Court directed the United States Marshal to serve the first amended
3 complaint.  (ECF No. 33.)  Defendant Ashby waived service of summons on November 5, 2012.
4 (ECF No. 55.)  Thereafter, on November 8, 2012, Defendant Ashby filed the instant motion to
5 dismiss for failure to state a claim against him.

6 **IV.     Motion to Dismiss Legal Standard**

7       A motion to dismiss for failure to state a claim is properly granted where the complaint
8 lacks "a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory."
9 Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting Balistreri v.
10 Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988)).  While accepting factual allegations in
11 the complaint as true, the court is not required to accept legal conclusions as true, and the factual
12 allegations must state a plausible claim for relief.  Maya v. Centex Corp., 658 F.3d 1060, 1067-
13 68 (9th Cir. 2011).

14       In considering a motion to dismiss for failure to state a claim, the court generally
15 considers only the pleadings and must accept as true the allegations in the complaint.  Marder v.
16 Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Shaver v. Operating Engineers Local 428 Pension
17 Trust Fund, 332 F.3d 1198, 1201, 1203 (9th Cir. 2002).  A court may consider evidence that the
18 complaint relies on, where the complaint refers to a document that is central to the complaint and
19 no party questions the authenticity of the document.  Marder, 450 F.3d at 448; see United States
20 v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Additionally, the court is to "construe the pleading
21 in the light most favorable to the party opposing the motion, and resolve all doubts in the
22 pleader's favor.  Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  Pro se pleadings are held to
23 a less stringent standard than those drafted by attorneys.  Hebbe, 627 F.3d at 342.

24 **V.     Discussion**

25       A.     Deliberate Indifference

26       Defendant Ashby contends that the first amended complaint fails to allege sufficient facts
27 to demonstrate "deliberate indifference" to medical needs in violation of the Eighth Amendment.
28 "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

1  must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091,
2  1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for
3  deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by
4  demonstrating that failure to treat a prisoner's condition could result in further significant injury
5  or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need
6  was deliberately indifferent." Jett, 439 F.3d at 1096.

7  The second prong, deliberate indifference, is shown where the official is aware of a
8  serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609
9  F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Id. at 1019;
10 Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of
11 facts from which he could make an inference that "a substantial risk of serious harm exists" and
12 he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

13 As noted above, the Court previously found Plaintiff's allegation that Defendant Ashby
14 failed to provide him effective pain management following his surgery was sufficient to state a
15 cognizable claim for deliberate indifference.  Upon further consideration, the Court finds that
16 Plaintiff has not alleged sufficient facts under a cognizable legal theory to state a claim against
17 Defendant Ashby.  Plaintiff has alleged only that he informed Defendant Ashby "about his pain;
18 his need for a lower tier cell; effective pain meds[]; and orthopedic mattress; and a prone
19 exemption chrono/vest." (ECF No. 13, ¶ 38.)  Plaintiff then provides a conclusory allegation that
20 Defendant "Ashby deliberately failed to act."  (ECF No. 13, ¶ 38.) This conclusory allegation is
21 not sufficient to demonstrate that Defendant Ashby acted with deliberate indifference.  See Wood
22 v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); Ivey v. Bd. of Regents, 673 F.2d 266, 268
23 (9th Cir. 1982) ("vague and conclusory allegations" are insufficient to state a civil rights claim).

24 At best, Plaintiff has alleged that Defendant Ashby refused to provide Plaintiff with the
25 particular treatment and accommodations that *Plaintiff* deemed necessary.  However, Plaintiff
26 must show more than a mere disagreement with the treatment chosen by his primary care
27 physician and a desire for certain accommodations to state a claim for deliberate indifference.
28 Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).  Indeed, even a showing of medical

malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Toguchi, 391 F.3d at 1060.

### B. Leave to Amend

Defendant Ashby argues that Plaintiff should not be given leave to amend his first amended complaint. However, under Rule 15(a) of the Federal Rules of Civil Procedure, the Court should "freely give leave [to amend] when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). Based on Plaintiff's opposition to the motion to dismiss, it appears possible that Plaintiff can correct the defects in his deliberate indifference claim against Defendant Ashby. Accordingly, the Court will recommend that Plaintiff be given leave to amend this claim.

## VI. Conclusion and Recommendations

Based on the foregoing, it is HEREBY RECOMMENDED as follow:

1. Defendant Ashby's motion to dismiss Plaintiff's first amended complaint for failure to state a claim, filed on November 8, 2012, be GRANTED; and

2. Plaintiff be GRANTED leave to amend his claim for deliberate indifference in violation of the Eighth Amendment against Defendant Ashby.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 1, 2013**           /s/ **Barbara A. McAuliffe**
                                   UNITED STATES MAGISTRATE JUDGE