# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM, | 1:09-cv-01874-AWI-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | (ECF No. 59) |
| S. LOPEZ, et al., | |
| Defendants. | |

### I. Background

On October 26, 2009, Plaintiff Bilal Ahdom, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On March 12, 2012, the Court found that Plaintiff's first amended complaint stated a cognizable Eighth Amendment claim against Defendants Araich, Chen, Shittu, Ashby, Lopez, Spaeth and Schaefer for deliberate indifference to medical needs. (ECF No. 31.)

On April 4, 2013, the Court vacated the discovery and dispositive motion deadlines set forth in the July 23, 2012 scheduling order. (ECF No. 70.) On September 23, 2013, the Court granted Plaintiff's motion for leave to file a third amended complaint. (ECF No. 82.)

Prior to that time, on January 2, 2013, Plaintiff filed the instant motion to compel further responses from Defendants Araich, Chen, Shittu, Lopez and Spaeth to Plaintiff's request for production of documents. (ECF No. 59.) Defendants Araich, Chen, Shittu, Lopez and Spaeth filed an opposition to the motion on January 22, 2013. (ECF No. 64.)

## II. Discussion

On September 11, 2012, Plaintiff served Defendants Lopez, Chen, Schaeffer and Spaeth a request for production of documents pursuant to Federal Rule of Civil Procedure 34. (ECF No. 59, p. 10; Declaration of Plaintiff ("Plaintiff's Dec.") ¶ 2 and Ex. A.) Defendants submitted their response to the request for production of documents on October 26, 2012. (Ex. C to Plaintiff's Dec.) Plaintiff now moves for an order compelling supplemental responses to his request for production of documents.

### A. Relevant Standard

In responding to requests for production, Federal Rule of Civil Procedure 34 provides that "[f]or each item or category, the response must either state that inspection and related activities be permitted as requested or state an objection to the request, including the reason." Fed. R. Civ. P. 34(b)(2)(B).

Actual possession, custody or control of the requested documents is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal.1995); see also Allen v. Woodford, 2007 WL 309945, at *2 (E.D. Cal. Jan.30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").

1. Requests for Production ("RFP")

Plaintiff has lumped together all 40 of his requests for production of documents into 8 separate "items." Plaintiff's motion is procedurally defective as it fails to identify each specific discovery request and response at issue. However, as both parties have provided the requests for production and specific responses, the procedural defects do not warrant denial of Plaintiff's motion to compel. Further, Defendants have provided a substantive response to the merits of Plaintiff's motion to compel. Accordingly, the Court now turns to the requests and responses at issue.

///

**Item 1:**

Based on Plaintiff's moving papers, this item relates to all "documents that refer to . . . any investigation or review of the quality of medical care delivered by [defendants]." (ECF No. 59, p. 3.) This "item" appears to correlate to Plaintiff's RFP Nos. 11-17.

**Plaintiff's RFP Nos. 11-17**:

All DOCUMENTS that refer to, reflect, mention, discuss or evidence an investigation or review of the quality of medical care delivered by [Defendants Lopez, Chen, Schaefer, Spaeth, Araich, Shittu or Ashby] conducted by the CDCR, including but not limited to any such review conducted by the Office of Investigative Services, Internal Affairs Unit.

**Defendants' Responses to RFP Nos. 11-15:**

Responding Parties object to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; potentially calls for documents protected by the official information and deliberate process privileges, California Government Code section 6254, and California Evidence Code sections 1040, 1041, and 1043; requests documents that may contain confidential and private information about other inmates' medical conditions, custody classifications, and other sensitive information, the disclosure of which would create a hazard to the safety and security of the institution and violates the inmates' rights to privacy and confidentiality, and it calls for documents protected by California Code of Regulations, Title 15, section 3370, "Case Records File and Unit Health Records Material---Access and Release." Without waiving these objections, Responding Parties respond as follows: after a reasonable and diligent search, Responding Parties have no responsive documents in their possession, custody, or control.

**Ruling:**

Plaintiff's motion to compel is denied.

RFP Nos. 11-17 are overbroad. They are not limited in time to the events at issue in this action and they are not limited in scope to the medical care rendered to Plaintiff while at KVSP. Plaintiff's apparent requests for documents related to medical care rendered by defendants to other inmates also are not relevant to his claims or a defense in this matter and are not

1  discoverable.  Fed. R. Evid. 401; Fed. R. Civ. P. 26(b)(1) (parties may obtain discovery

2  regarding any nonprivileged matter that is relevant to any party's claim or defense).  Rather,

3  Plaintiff's requests appear designed to uncover character evidence, which is inadmissible.  Fed.

4  R. Evid. 404(a)(1) (evidence of a person's character or character trait is not admissible to prove

5  that on a particular occasion the person acted in accordance with the character or trait).

6      Insofar as Plaintiff seeks documents to establish a claim of supervisory liability against

7  Defendant Lopez, he may not do so.  Liability may not be imposed on supervisory personnel for

8  the actions or omissions of their subordinates under the theory of respondeat superior.  Ashcroft

9  v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-

10 21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v.

11 Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Supervisors may be held liable only if they

12 "participated in or directed the violations, or knew of the violations and failed to act to prevent

13 them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202,

14 1205-07(9th Cir. 2011) (when a supervisor is found liable based on deliberate indifference, the

15 supervisor is being held liable for his own culpable action or inaction, not held vicariously liable

16 for the action or inaction of his subordinates); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.

17 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.

18 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

19      **Item 2:**

20      Based on Plaintiff's moving papers, this "item" relates to all documents that "refer to,

21 reflect, mention, discuss or evidence complaints, formal or informal, against defendants Araich,

22 Chen, Shittu, Ashby, Lopez and Spaeth."  (ECF No. 59, pp. 3-4.)  This "item" appears to

23 correlate to Plaintiff's RFP No. 19.

24      **Plaintiff's RFP No. 19:**

25      All DOCUMENTS [that] refer to, reflect, mention, discuss or evidence complaints,

26 formal or informal, against LOPEZ, CHEN, SCHAEFER, SPAETH, ARAICH, SHITTU, and

27 AHSBY.

28 ///

**Defendants' Response to RFP No. 19:**

Responding Parties object to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; potentially calls for documents protected by the official information and deliberate process privileges, California Government Code section 6254, and California Evidence Code section 1040, 1041, and 1043; requests documents that may contain confidential and private information about other inmates' medical conditions, custody classifications, conviction offenses, disciplinary actions, gang status, and other sensitive information, the disclosure of which would create a hazard to the safety and security of the institution and violates the inmates' rights to privacy and confidentiality; and it calls for documents protected by California Code of Regulations, Title 15, section 3370, "Case Records File and Unit Health Records Material—Access and Release." Without waiving these objections, Responding Parties respond as follows: after a reasonable and diligent search, Responding Parties have no responsive documents in their possession, custody or control.

**Ruling:**

Plaintiff's motion to compel is denied.

RFP No. 19 is overbroad. It is not limited in time to Defendants' work at KVSP or the events at issue in this action. It also is not limited in scope to medical care rendered by defendants to Plaintiff or Plaintiff's complaints against them.

Plaintiff's request for documents related to complaints made by other inmates against defendants also is not relevant to his claims or a defense in this matter and such documents are not discoverable. Fed. R. Evid. 401; Fed. R. Civ. P. 26(b)(1) (parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense). Instead, Plaintiff's request appears designed to uncover character evidence, which is inadmissible. Fed. R. Evid. 404(a)(1) (evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait).

Insofar as Plaintiff seeks these documents to establish a claim of supervisory liability against Defendant Lopez, he may not do so. Liability may not be imposed on supervisory

1 personnel for the actions or omissions of their subordinates under the theory of respondeat
2 superior.  Iqbal, 556 U.S. at 676-77.

3 **Item 3**:

4 Based on Plaintiff's moving papers, this "item" relates to all documents that "refer to,
5 reflect, mention, discuss or evidence consideration or evaluation of any inmate grievance or
6 appeal form filed by AHDOM from February 2006 to the present."  (ECF No. 59, p. 4.)  This
7 "item" appears to correlate to Plaintiff's RFP No. 18.

8 **Plaintiff's RFP No. 18:**

9 All DOCUMENTS that refer to, reflect, mention, discuss or evidence consideration or
10 evaluation of any inmate grievance or appeal form filed by AHDOM from February 2006 to the
11 present.

12 **Defendants' Response to RFP No. 18:**

13 Responding Parties object to this request on the grounds that it is overly broad;
14 burdensome; compound; is not reasonably calculated to lead to the discovery of admissible; and
15 that it calls for information which is equally available to Ahdom.  Without waiving these
16 objections, and assuming Ahdom is requesting copies of the inmate grievances he filed and
17 corresponding Appeals Reviewers' responses to the grievances he filed, Responding Parties
18 respond as follows:  responsive documents are contained in Ahdom's central file which is
19 available for inspection and copying pursuant to institutional policies and procedures.

20 **Ruling:**

21 Plaintiff's motion to compel is denied.

22 RFP No. 18 seeks all documents that refer or relate to his inmate grievances or appeals.
23 Plaintiff's request is overbroad.  It is not limited in scope to Plaintiff's grievances and appeals
24 regarding the events at issue in this action or his claims against Defendants.

25 Further, Defendants have indicated that these documents are located in Plaintiff's central
26 file and are available for his inspection and copying pursuant to institutional policies and
27 procedures.  This response complies with Fed. R. Civ. P. 34, which requires that a responding

party either state that inspection and related activities will be permitted or state an objection to the request.

**Item 4:**

Based on Plaintiff's moving papers, this "item" relates to production of documents that "refer to or reflect, mention, constitute, or discuss the central file, INCLUDING DOCUMENTS LABELED 'CONFIDENTIAL'; medical record; medical care; reports from any third party hospitals, laboratories, doctors and/or any health care providers or ancillary services that participated in AHDOM'S treatment and/or diagnosis; CDCR medical and custodial POLICIES, relating to INMATES with physical and/or mental impairments or physiological disorders, conditions, or anatomical losses that substantially limit one or more of their MAJOR LIFE ACTIVITIES; KERN'S POLICIES regarding PAIN MANAGEMENT and medical treatment of INMATES; and CDCR POLICIES relating to INMATES with SPECIAL HOUSING NEEDS." (ECF No. 59, pp. 4-5.)  This "item" appears to correlate to Plaintiff's RFP Nos. 1-4, 5-6, and 8-10.

**Plaintiff's RFP No. 1:**

All DOCUMENTS that refer to, reflect, mention, constitute, or discuss any medical record for AHDOM, CDC#T-28813.

**Defendants' Response to RFP No. 1:**

Responding Parties object to this interrogatory on the basis that it is overbroad; compound; burdensome; not reasonably calculated to lead to the discovery of admissible evidence; and that it calls for information which is equally available to Ahdom.  Without waiving these objections, and assuming Ahdom is requesting copies of his medical records, Responding Parties respond as follows:  responsive documents are contained in Ahdom's medical file which is available for inspection and copying pursuant to institutional policies and procedures.

**Ruling:**

Plaintiff's motion to compel is denied.

RFP No. 1 essentially seeks all of Plaintiff's medical records.  As an initial matter, this request is overbroad.  It is not limited in time or scope to the events at issue in this action, nor is

it limited to the medical condition(s) or medical need(s) underlying Plaintiff's deliberate indifference claim. Further, Defendants have indicated that these documents are located in Plaintiff's medical file and are available for his inspection and copying pursuant to institutional policies and procedures. This response complies with Fed. R. Civ. P. 34, which requires that a responding party either state that inspection and related activities will be permitted or state an objection to the request.

**Plaintiff's RFP No. 2:**

All DOCUMENTS that refer to, reflect, mention, constitute, or discuss the central file for AHDOM, including documents labeled "confidential."

**Defendants' Response to RFP No. 2:**

Responding Parties object to this interrogatory on the basis that it is overbroad; burdensome; not reasonably calculated to lead to the discovery of admissible evidence; calls for documents protected by the official information and deliberate process privileges; California Government Code section 6254, and California Evidence Code section 1040; may contain confidential information that presents a serious risk of harm to the safety and security of the institution and other inmates; and that it calls for information which is equally available to Ahdom. Without waiving these objections, and assuming Ahdom is requesting documents contained in his central file, Responding Parties respond as follows: regarding non-confidential documents contained in Ahdom's central file, responsive documents are contained in Ahdom's central file which is available for inspection and copying pursuant to institutional policies and procedures. Regarding "confidential" documents contained in Ahdom's central file, after a reasonable and diligent search, Responding Parties have no responsive documents in their possession, custody or control.

**Ruling:**

Plaintiff's motion to compel is denied.

RFP No. 2 is overbroad. It is not limited in time or scope to the events at issue in this action. Instead, it is a request for an entire copy of Plaintiff's central file and, on its face, seeks documents that are not relevant to Plaintiff's claim of deliberate indifference to serious medical

1  needs.  Fed. R. Evid. 401; Fed. R. Civ. P. 26(b)(1) (parties may obtain discovery regarding any
2  nonprivileged matter that is relevant to any party's claim or defense).  Furthermore, Defendants
3  have indicated that non-confidential documents are located in Plaintiff's central file and are
4  available for his inspection and copying pursuant to institutional policies and procedures.  This
5  response complies with Fed. R. Civ. P. 34, which requires that a responding party either state
6  that inspection and related activities will be permitted or state an objection to the request.
7         To the extent that Plaintiff seeks the production of "confidential" documents in his
8  central file, Plaintiff has not demonstrated to the Court's satisfaction that this portion of his
9  central file contains documents relevant to his claim of deliberate indifference to serious medical
10 needs by defendants.
11        **Plaintiff's RFP No. 3:**
12        All DOCUMENTS that refer to, reflect, mention, constitute, or discuss AHDOM'S
13 medical care.
14        **Defendants' Response to RFP No. 3:**
15        Responding Parties object to this interrogatory on the basis that it is overbroad;
16 burdensome; cumulative, and harassing; not reasonably calculated to lead to the discovery of
17 admissible evidence; and that it calls for information that is equally available to Ahdom.
18 Without waiving these objections, and assuming Ahdom is requesting copies of his medical
19 records, Responding Parties respond as follows:  responsive documents are contained in
20 Ahdom's medical file which is available for inspection and copying pursuant to institutional
21 policies and procedures.
22        **Ruling:**
23        Plaintiff's motion to compel is denied.
24        RFP No. 3 essentially is duplicative of RFP No. 1.  As with that request, RFP No. 3 is
25 overbroad.  It is not limited in time or scope to the events at issue in this action and it is not
26 limited to the medical condition or medical needs underlying the deliberate indifference claim.
27 Further, Defendants have indicated that these documents are located in Plaintiff's medical file
28 and are available for his inspection and copying pursuant to institutional policies and procedures.

1 | This response complies with Fed. R. Civ. P. 34, which requires that a responding party either
2 | state that inspection and related activities will be permitted or state an objection to the request.

**Plaintiff's RFP No. 4:**

All DOCUMENTS that refer to, reflect, mention, constitute, or discuss AHDOM'S medical records and/or reports from any third party hospitals, laboratories, doctors, and /or any health care providers or ancillary services that participated in AHDOM'S treatment and/or diagnosis.

**Defendants' Response to RFP No. 4:**

Responding Parties object to this interrogatory on the basis that it is overbroad; burdensome; cumulative, and harassing; not reasonably calculated to lead to the discovery of admissible evidence; and that it calls for information which is equally available to Ahdom. Without waiving these objections, and assuming Ahdom is requesting copies of his medical records, Responding Parties respond as follows:  responsive documents are contained in Ahdom's medical file which is available for inspection and copying pursuant to institutional policies and procedures.

**Ruling:**

Plaintiff's motion to compel is denied.

RFP No. 4 essentially duplicates the requests for Plaintiff's medical records in RFP Nos. 1 and 3.  As with those requests, RFP No. 4 is overbroad.  Further, Defendants have indicated that these documents are located in Plaintiff's medical file and are available for his inspection and copying pursuant to institutional policies and procedures.  This response complies with Fed. R. Civ. P. 34, which requires that a responding party either state that inspection and related activities will be permitted or state an objection to the request.

**Plaintiff's RFP No. 5:**

All DOCUMENTS that refer to, reflect, mention, constitute, or discuss CDC medical and custodial POLICIES, relating to INMATES with physical and/or mental impairments or physiological disorder, conditions, or anatomical losses that substantially limit one or more of their MAJOR LIFE ACTIVITIES, including, but not limited to, the types of impairments of such

INMATES, the measures and modifications taken to accommodate the impairments and by whom, and in which CDCR facilities such INMATES are housed.

**Defendants' Response to RFP No. 5:**

Responding Parties object to this interrogatory on the basis that it is overbroad; burdensome; compound; unintelligible; not reasonably calculated to lead to the discovery of admissible evidence; potentially calls for documents protected by the official information and deliberate process privileges, California Government Code section 6254, and California Evidence Code section 1040; and that it calls for information which is equally available to Ahdom. Without waiving these objections, and assuming Ahdom is requesting CDCR policies relating to the medical treatment of inmates, Responding Parties respond as follows: CDCR policies relating to the medical treatment of inmates are discussed in the California Code of Regulations, title 15, section 3350 et seq., and the Department Operations Manual (DOM) Chapter 9, titled "Health Care Services," which are available to Plaintiff in the prison law library for inspection and copying pursuant to institutional policies and procedures.

**Ruling:**

Plaintiff's motion to compel is denied.

RFP No. 5 is overbroad. It is not limited in time and scope to the events and claim in the underlying action. Additionally, some requested information is more properly the subject of an interrogatory, not request for production of documents. The request also calls for information regarding other inmates that is not relevant to Plaintiff's claims or any defenses in this action. Fed. R. Civ. P. 26(b)(1).

Moreover, Defendants have identified the location of the relevant policies and indicated that they are equally available to Plaintiff for inspection and copying. This response complies with Fed. R. Civ. P. 34, which requires that a responding party either state that inspection and related activities will be permitted or state an objection to the request.

**Plaintiff's RFP No. 6:**

All DOCUMENTS that refer to, reflect, mention, constitute, or discuss KERN'S POLICIES, including, but not limited to, medical and custodial POLICIES, relating to

11

1  INMATES with physical and/or mental impairments or physiological disorders, conditions, or
2  anatomical losses that substantially limit one or more of their MAJOR LIFE ACTIVITIES,
3  including, but limited to, the types of impairments of such INMATES, the measures and
4  modifications taken to accommodate the impairments and by whom, and in which CDCR
5  facilities such INMATES are housed.

**Defendants' Response to RFP No. 6:**

Responding Parties object to this interrogatory on the basis that it is overbroad; burdensome; compound; unintelligible; cumulative; not reasonably calculated to lead to the discovery of admissible evidence; and that it calls for information which is equally available to Ahdom. Without waiving these objections, and assuming Ahdom is requesting institution-specific policies relating to the medical treatment of inmates, Responding Parties respond as follows: policies that govern the delivery of medical care received by patient-inmates at the institutional level are discussed in the Inmate Medical Services Policies and Procedures (IMSP&P) manual, Volume 4, titled "Medical Services," which is available to Plaintiff in the prison law library for inspection and copying pursuant to institutional policies and procedures.

**Ruling:**

Plaintiff's motion to compel is denied.

RFP No. 6 is overbroad. It is not limited in time and scope to the events and claim in the underlying action. Additionally, some requested information is more properly the subject of an interrogatory, not request for production of documents. The request also calls for information regarding other inmates that is not relevant to Plaintiff's claims or any defenses in this action. Fed. R. Civ. P. 26(b)(1).

Moreover, Defendants have identified the location of the relevant policies and indicated that they are equally available to Plaintiff for inspection and copying. This response complies with Fed. R. Civ. P. 34, which requires that a responding party either state that inspection and related activities will be permitted or state an objection to the request.

///

///

**Plaintiff's RFP No. 8:**

All DOCUMENTS that refer to, reflect, mention, constitute or discuss KERN'S POLICIES regarding PAIN MANAGEMENT and medical treatment of INMATES.

**Defendants' Response to RFP No. 8:**

Responding Parties object to this interrogatory on the basis that it is overbroad; burdensome; compound; cumulative; not reasonably calculated to lead to the discovery of admissible evidence; and that it calls for information which is equally available to Ahdom. Without waiving these objections, and assuming Ahdom is requesting institution-specific policies relating to the medical treatment of inmates, Responding Parties respond as follows: policies that govern the delivery of medical received by patient-inmates at the institutional level are discussed in the Inmate Medical Services Policies and Procedures (IMSP&P) manual, Volume 4, titled "Medical Services," which are available to Plaintiff in the prison law library for inspection and copying pursuant to institutional policies and procedures.

**Ruling:**

Plaintiff's motion to compel is denied.

RFP No. 8 is overbroad as it requests every single document that in some manner refers to KVSP's pain management and medical treatment policies. The request is not limited in time or scope to the events and claim underlying this action.

Further, Defendants have identified the location of the relevant policies and indicated that they are equally available to Plaintiff for inspection and copying. This response complies with Fed. R. Civ. P. 34, which requires that a responding party either state that inspection and related activities will be permitted or state an objection to the request.

**Plaintiff's RFP No. 9:**

All DOCUMENTS that refer to, reflect, mention, constitute, or discuss CDCR POLICIES relating to INMATES with SPECIAL HOUSING NEEDS, including, but not limited to, their identification, their locations, where they are provided, and how they are housed.

///

///

**Defendants' Response to RFP No. 9:**

Responding Parties object to this interrogatory on the basis that it is overbroad; vague and ambiguous as to "special housing needs," cumulative; not reasonably calculated to lead to the discovery of admissible evidence; and that it calls for information which is equally available to Ahdom. Without waiving these objections, Responding Parties respond as follows: CDCR classification policies are discussed in the California Code of Regulations, title 15, section 3269 et seq., and 337 et seq; treatment of inmates with special medical needs is discussed in the California Code of Regulations, title 15, section 3350 et seq., and 3360 et seq.; and policies related to the special housing units are discussed at section 3334 et seq. Policies relating to an inmate's assignment to a particular housing unit are discussed in the DOM at chapter 5, articles 46 (Inmate Housing Assignments), 47 (Integrated Housing), and 48 (Transitional Housing Unit); and the processing and transfer of inmates into CDCR institutions is discussed in the DOM at chapter 6, "Adult Classification." Copies of title 15 and the DOM are both available to Plaintiff in the prison law library for inspection and copying pursuant to institutional policies and procedures.

**Ruling:**

Plaintiff's motion to compel is denied.

Defendants have identified the location of the relevant policies and indicated that they are equally available to Plaintiff for inspection and copying. This response complies with Fed. R. Civ. P. 34, which requires that a responding party either state that inspection and related activities will be permitted or state an objection to the request.

**Plaintiff's RFP No. 10**:

All DOCUMENTS that refer to, reflect, mention, constitute, or discuss KERN'S POLICIES relating to INMATES with SPECIAL HOUSING NEEDS, including, but not limited to, their identification, their location, what housing they are provided, and how they are housed.

**Defendants' Response to RFP No. 10:**

Responding Parties object to this interrogatory on the basis that it is overbroad; vague and ambiguous as to "special housing needs:" cumulative; not reasonably calculated to lead to the

14

1  discovery of admissible evidence; and that it calls for information which is equally available to
2  Ahdom. Without waiving these objections, and assuming Ahdom is requesting institution-
3  specific policies relating to the process of inmate-housing classification based on medical needs,
4  Responding Parties respond as follows: health-based classification policies are discussed in
5  Volume 4 of the Inmate Medical Services Policies and Procedures (IMSP&P) manual, chapter 2
6  ("Health-Screening Reception Center"), and chapter 3 ("Health Transfer Process"), which are
7  available to Plaintiff in the prison law library for inspection and copying pursuant to institutional
8  policies and procedures.

**Ruling:**

Plaintiff's motion to compel is denied.

Defendants have identified the location of the relevant policies and indicated that they are equally available to Plaintiff for inspection and copying. This response complies with Fed. R. Civ. P. 34, which requires that a responding party either state that inspection and related activities will be permitted or state an objection to the request.

**Item 5:**

Based on Plaintiff's moving papers, this item relates to all "documents that refer to . . . LOPEZ, CHEN, SCHAEFER, SPAETH, ARAICH, AND SHITTU'S immigration, citizenship, disability or any record of treatment related to such mentioned evidence." (ECF No. 59, p. 5.) This "item" appears to correlate to Plaintiff's RFP Nos. 20, 29-30, and 32-34.

**Plaintiff's RFP Nos. 20, 29-30, 32-34:**

All DOCUMENTS that refer to, reflect, mention, discuss or evidence of [CHEN, ARAICH, SHITTU, SCHAEFER, LOPEZ, and SPAETH's] immigration, citizenship, disability or any record of treatment related to such mentioned evidence.

**Defendants' Response to RFP Nos. 20, 29-30, 32-34:**

Responding Parties object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidences; is harassing; lacks foundation; potentially calls for documents protected by the official information and deliberate process privileges, California Government Code section 6254, and California Evidence Code section

1040 and 1043; and request documents that may contain confidential and private information about medical staff, the disclosure of which would create a hazard to the safety and security of the institution and violates the medical staff member's rights to privacy and confidentiality. Based upon these objections, Responding Parties cannot respond to this request.

**Ruling**:

Plaintiff's motion to compel is denied.

RFP Nos. 20, 29, 30, 32, 33 and 34 seek personal information that is not relevant to Plaintiff's claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment. Fed. R. Civ. P. 26(b)(1). These RFPs also seek personal information regarding the Defendants that may compromise not only the institution's safety and security, but that of Defendants.

**Item 6:**

Based on Plaintiff's moving papers, this item relates to all documents "that refer to . . . LOPEZ, CHEN, SCHAEFER, SPAETH, ARAICH, AND SHITTU'S legal and professional qualifications, including licensing records, renewals or continuing education." (ECF No. 59, p. 6.) This "item" appears to correlate to Plaintiff's RFP Nos. 21, 24, 25, and 38-40.

**Plaintiff's RFP Nos. 21, 24, 25, 38-40:**

All DOCUMENTS that refer to, reflect, mention, discuss or evidence [CHEN, ARAICH, SHITTU, LOPEZ, SCHAEFER AND SPAETH'S] legal and professional qualifications, including licensing records, renewals or continuing education.

**Defendants' Response to RFP Nos. 21, 24, 25, 38-40:**

Responding Parties object to this request on the grounds that it is compound and vague as to "legal qualifications." Without waiving these objections, Responding Parties respond as follows: after a reasonable and diligent search, attached as [Exhibits A, B, C, D, E and F] are all responsive documents in Responding Parties' possession, custody, and control.

**Ruling:**

Plaintiff's motion to compel is denied.

Plaintiff has failed to identify any deficiencies in the documents provided by Defendants in response to these RFPs. Plaintiff also has failed to demonstrate that other documents exist that Defendants have failed to produce or that Defendants have not produced all responsive documents in their possession, custody and control.

**Item 7:**

Based on Plaintiff's moving papers, this item relates to all documents that "refer to . . . disciplinary actions against LOPEZ, CHEN, SCHAEFER, SPAETH, ARAICH, AND SHITTU'S by any regulatory, licensing or other agency regarding medical care provided by them." (ECF No. 59, p. 6.) This "item" appears to correlate to Plaintiff's RFP Nos. 22-23, 26, and 35-37.

**Plaintiff's RFP Nos. 22-23, 26, 35-37:**

All DOCUMENTS that refer to, reflect, mention, discuss or evidence disciplinary action against [CHEN, ARAICH, SHITTU, LOPEZ, SCHAEFER AND SPAETH] by any regulatory, licensing or other agency regarding medical care provided by [CHEN, ARAICH, SHITTU, LOPEZ, SCHAEFER AND SPAETH].

**Defendants' Response to RFP Nos. 22-23, 26, 35-37:**

Responding Parties object to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; and potentially—to the extent it calls for documents contained in [Defendants'] personnel file or any peer review or quality assurance committees' records—calls for documents protected by the official information and deliberate process privileges, California Government Code section 6254, and California Evidence Code sections 1040, 1041, 1043, and 1157 et seq. Without waiving these objections, Responding Parties respond as follows: after a reasonable and diligent search, attached as Exhibits [A, B, C, D, E and F] are all responsive documents in Responding Parties' possession, custody, and control.

**Ruling:**

Plaintiff's motion to compel is denied.

RFP Nos. 22-23, 26, 35-37 are overbroad. They are not limited in time or in scope to the events underlying this action, and request production of information that is not relevant to the claim of deliberate indifference to Plaintiff's serious medical needs. Fed. R. Civ. P. 26(b)(1).

Further, Plaintiff has failed to identify any deficiencies in the documents provided by Defendants in response to these RFPs. Plaintiff also has failed to demonstrate that other documents exist that Defendants have failed to produce or that Defendants have not produced all responsive documents in their possession, custody and control.

**Item 8:**

Based on Plaintiff's moving papers, this "item" relates to "the last known address, phone number and email addresses in set one to plaintiff's interrogatories." (ECF No. 59, p. 6.) This "item" does not correlate to any of Plaintiff's RFPs. Instead, it appears to correlate to Plaintiff's Interrogatory No. 1 directed to Defendant Lopez, which is attached as Exhibit B to his moving papers. (ECF No. 59, pp. 25-27.)

In responding to interrogatories, Defendants must answer each interrogatory separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). The grounds for objecting to an interrogatory must be stated with specificity. Fed. R. Civ. P. 33(b)(4).

**Plaintiff's Int. No. 1:**

Please provide the last known address, phone number, and email address, for the following individuals: [approximately 65 individuals that appear to be employees of the California Department of Corrections and Rehabilitation, including Defendants].

**Defendants' Response to Int. No. 1:**[1]

Responding Party objects to this interrogatory on the basis that it is overly broad; burdensome; compound' seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; lacks foundation; requests confidential information, the disclosure of which would create a hazard to the safety and security of the institution and seeks

---

[1] Defendants treated the interrogatory as one with multiple subparts for each individual. The Court does not find it an appropriate use of judicial resources to reiterate each identical response. However, the Court notes that after the first twenty-five requests, Defendants refused to answer on the grounds that Plaintiff had exceeded the number of written interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1).

to invade CDCR staff's privacy; and calls for information protected by the official information and deliberative process privileges, California Government Code section 6254, and California Evidence Code sections 1040 and 1043.  Based upon these objections, Responding Party cannot respond to this request.

**Ruling:**

Plaintiff's motion to compel is denied.

RFP No. 1 seeks information that is not relevant to Plaintiff's claim in this action or a defense.  Fed. R. Civ. P. 26(b)(1) (scope of discovery).  Further, disclosure of the address, phone number and email address for each CDCR employee named (and each defendant) compromises the safety and security not only of the institution, but also the institution's employees and their families.

**III.    Conclusion and Order**

For the reasons stated, Plaintiff's motion to compel, filed on January 2, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **September 25, 2013**            /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE