# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM, | ) 1:09-cv-01874-AWI-BAM (PC) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF |
| v. | ) |
| S. LOPEZ, et al., | ) (ECF No. 48) |
| Defendants. | ) |

**I.  Background**

Plaintiff Bilal Ahdom ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's first amended complaint, filed on September 14, 2010, and found that it stated a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Araich, Chen Shittu, Ashby, S. Lopez, Spaeth, and Schaefer arising from events at Kern Valley State Prison ("KVSP"). (ECF No. 13, 31.) Defendants Lopez, Chen, Schaefer and Spaeth answered the first amended complaint on July 19, 2012. (ECF No. 37.)

On September 17, 2012, Plaintiff filed a motion for a temporary injunction requesting an order directing medical staff at Corcoran Substance Abuse Treatment Facility to provide him with effective pain medications and proper housing. (ECF No. 48.)

On November 8, 2012, Defendant Ashby filed a motion to dismiss the first amended complaint allegations against him. (ECF No. 53.)

1       On November 13, 2012, Defendants Shittu and Araich answered the first amended complaint.  (ECF No. 54.)

On June 26, 2013, the Court granted Defendant Ashby's motion to dismiss.  The Court dismissed Plaintiff's first amended complaint and granted him leave to amend his Eighth Amendment claim against Defendant Ashby.  (ECF No. 74.)  On August 29, 2013, Plaintiff filed a second amended complaint that named only Defendant Ashby.  (ECF No. 77.)

As it was unclear whether Plaintiff intended to proceed solely against Defendant Ashby or whether he failed to understand that he could continue to pursue his claims against all defendants, the Court directed Plaintiff to inform the Court if he intended to proceed only against Defendant Ashby or if he intended to proceed against all defendants, including Defendant Ashby, and he required additional time to file an amended complaint.  (ECF No. 78.)

On September 20, 2013, Plaintiff clarified his intent to file a third amended complaint against all defendants and sought leave to amend.  On September 23, 2013, the Court granted Plaintiff leave to file a third amended complaint within thirty (30) days.  (ECF No. 82.)  The time for Plaintiff to file an amended complaint has not passed.

**II.     Discussion**

As noted above, Plaintiff filed the instant motion for temporary restraining order on September 17, 2012.  By the motion, Plaintiff seeks an order to show cause directed at Corcoran Substance Abuse Treatment Facility ("CSATF") regarding discontinuance of his pain medication and denial of appropriate housing.  Plaintiff appears to seek reinstatement of certain pain medication and a change in his housing assignment.  Plaintiff's request is a form of injunctive relief.

As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief.  Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).  Plaintiff "must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a

favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493, 129 S. Ct. at 1149 (citation omitted); Mayfield, 599 F.3d at 969.

Plaintiff currently does not have an operative complaint. However, the underlying medical care claims at issue in this matter arise from events which occurred at KVSP. Plaintiff is no longer housed at KVSP. Accordingly, Plaintiff's request for injunctive relief directed at remedying his current conditions of confinement at CSATF is beyond the scope of this action. As a general rule, this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110-12, 89 S.Ct. 1562, 1569-70 (1969).

### III. Conclusion and Order

For the reasons identified above, Plaintiff's motion for a preliminary injunction is HEREBY DENIED.

IT IS SO ORDERED.

Dated: September 27, 2013

SENIOR DISTRICT JUDGE