UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>        Plaintiff,<br><br>    v.<br><br>S. LOPEZ, et al.,<br><br>        Defendants. | Case No.: 1:09-cv-01874-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER AND REQUESTS FOR JUDICIAL NOTICE<br>(ECF Nos. 106, 107, 108, 109, 110, 111, 116)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Bilal Ahdom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Araich, Chen, Shittu, Ashby, S. Lopez, Spaeth and Schaefer for deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment. The events alleged in Plaintiff's complaint occurred at Kern Valley State Prison.

On April 3, 2014, Plaintiff filed a motion for temporary restraining order and preliminary injunction, along with multiple requests for judicial notice. (ECF Nos. 106, 107, 108, 109, 110.) Plaintiff filed a fourth request for judicial notice on April 9, 2014. (ECF No. 111.) On April 10, 2014, the Court directed defendants to file a response to Plaintiff's motion for temporary restraining order. (ECF No. 112.) On April 21, 2014, Defendant S. Lopez filed his opposition. (ECF No. 113.) On April 22, 2014, Defendant S. Schaefer joined in Defendant Lopez's opposition. (ECF No. 114.) On April 23, 2014,

Defendants Araich, Chen, Shittu and Spaeth filed their opposition. (ECF No. 115.) On the same date, Plaintiff filed an additional motion requesting judicial notice. (ECF No. 116.) On April 24, 2014, Defendant Ashby filed his opposition to the motion for a temporary restraining order. (ECF No. 117.) The time for a reply has passed and the motions are deemed submitted. Local Rule 230(l).

## II.     Discussion

### A. Requests for Judicial Notice

Plaintiff has filed five separate requests for judicial notice. (ECF Nos. 108, 109, 110, 111 and 116.) "The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In this instance, Plaintiff is seeking judicial notice of his statements and allegations of fact in support of his motion for temporary restraining order. However, Plaintiff's statements and allegations are not facts that would be subject to judicial notice. Although the Court will consider Plaintiff's allegations contained in his requests, it is recommended that the requests for judicial notice be denied.

### B. Motion for Temporary Restraining Order

In his moving papers, Plaintiff seeks a temporary restraining order against S. Sherman, Capt. Pallares, V. Hampson, Correctional Officer Quiones and other doe officers. (ECF Nos. 106, 107.) Plaintiff complains that he has "no physical law library access or otherwise due to the action of the officials . . . at SATF. Specifically, the actions of correctional officers Quiones and Hernandez . . . ." (ECF No. 108, p. 1.) Plaintiff also complains that based on statements made by Correctional Officer Jimenez, Plaintiff will never get access to the library, his personal legal documents, legal materials and the courts. He also asserts denial of ADA resources. (ECF No. 108, p. 2.) Plaintiff further alleges that Correctional Officer Ortiz told another inmate that "when the time is right, they'll get [Plaintiff] off the yard." (ECF No. 108, p. 2.) Plaintiff names additional correctional officers at SATF and claims that they have prevented him from accessing the library on various occasions. (ECF No. 110.) He also complains of being moved from his yard, having his legal papers confiscated, overhearing threats that persons were "going to get rid of him," being placed in Ad Seg, and being housed in unsanitary conditions. (ECF Nos. 111, 116.)

Plaintiff requests an order restraining individuals from harassment and from obstructing his access to the courts, the law library, ADA resources and his legal materials.

A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 55 U.S. 7, 20, 129 S.Ct. 365, 374 (2008) (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1983); see Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

Plaintiff's action concerns allegations against defendants at Kern Valley State Prison for deliberate indifference to serious medical needs. However, the request for injunctive relief relates to actions taken by persons at the California Substance Abuse Treatment Facility where he currently is housed, not the named defendants in this action. The Court thus lacks jurisdiction in this action to issue an order directed at personnel and staff at the California Substance Abuse Treatment Facility. To the extent Plaintiff requires additional time to access the law library and his legal materials or to meet Court deadlines in this action, he may request appropriate extensions of time.

### III.   Conclusion and Recommendation

Based on the above, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's requests for judicial notice be DENIED; and

2. Plaintiff's motions for temporary restraining order be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 14, 2014**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE