# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM, | 1:09-cv-01874-AWI-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE |
| v. | (ECF No. 134) |
| S. LOPEZ, et al., | |
| Defendants. | ORDER DIRECTING PLAINTIFF TO FILE HIS RESPONSES TO THE PENDING MOTIONS TO DISMISS WITHIN THIRTY DAYS |

### I. Procedural Background

Plaintiff Bilal Ahdom ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Araich, Chen, Shittu, Ashby, S. Lopez, Spaeth and Schaefer for deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment to the United States Constitution.

On December 2, 2013, Defendants filed three separate motions to dismiss. On December 26, 2013, Plaintiff requested an extension of time to file his oppositions to the motions to dismiss. The Court granted his request and Plaintiff's oppositions to the motions to dismiss were due on or before February 13, 2014. (ECF No. 99.) On February 13, 2014, Plaintiff requested a second extension of time to file his oppositions to the motions to dismiss. The Court granted his

request and Plaintiff's oppositions to the motions to dismiss were due on or before March 17, 2014. (ECF No. 104.)

On April 3, 2014, Plaintiff filed a motion for temporary restraining order. Following denial of his motion, Plaintiff submitted an interlocutory appeal to the Ninth Circuit Court of Appeals. On October 1, 2014, the Ninth Circuit granted Plaintiff's request for voluntary dismissal of his interlocutory appeal and issued its mandate. (ECF No. 130.)

On October 6, 2014, the Court ordered Plaintiff to file an opposition or statement of non-opposition to Defendants' motions to dismiss within twenty-one (21) days. (ECF No. 131.)

In lieu of an opposition, Plaintiff filed a motion requesting a thirty-day extension of time to prepare and file a motion for the appointment of counsel. Plaintiff asserted that he was not capable of prosecuting this action because of his physical and cognitive functioning. Plaintiff reportedly had a stroke, is confined to a wheelchair, experiences severe lumbar pain for which he is taking high doses of morphine and needs assistance with day-to-day activities. (ECF No. 132.)

On November 3, 2014, the Court granted Plaintiff a thirty-day extension of time to file a motion for appointment of counsel supported by current medical records or prison chronos detailing his current mental and physical functioning. The Court granted Plaintiff a corresponding extension of time to file his oppositions to the pending motions to dismiss. (ECF No. 133.)

On November 21, 2014, Plaintiff filed the instant motion for the appointment of counsel. (ECF No. 134.) Defendants did not respond and the motion is deemed submitted. Local Rule 230(l).

**II.     Discussion**

As Plaintiff previously has been informed, he does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, Plaintiff contends that he is incapable of functioning at a normal cognitive level because he takes a high-dose of Morphine twice daily to manage the chronic pain of his spinal injury. Plaintiff believes that he cannot research, prepare or comprehend the issues before this Court. He has had to obtain assistance from untrained inmates to litigate this case. Plaintiff also contends that he has limited physical capacity, including limited use of his right upper extremity due to stroke. Plaintiff also requires assistance with meal access and moving within the institution. Plaintiff requires a wheelchair, wheelchair accessible tables, a back brace, an extra mattress, and a trapeze bar to get in and out of the wheelchair.

According to exhibits attached to Plaintiff's moving papers, as of September 9, 2014, he has a back brace, wheelchair and trapeze bar and requires assistance with meal access and other movement inside the prison. (ECF No. 134, p. 10, Ex. B.) He may work if he sits, but has limited use of his right upper extremity. (Id.) A medication record, which expired November 2014, indicated that Plaintiff was taking 15 mg of Morphine every evening and 30 mg of Morphine every morning. (ECF No. 134, p. 8, Ex. A.) Plaintiff reports that he continues to take this medication.

The Court has considered Plaintiff's moving papers and supporting documents. Despite Plaintiff's apparent limitations, the pleadings and motions on file at this juncture indicate that Plaintiff can adequately articulate his claims with the assistance of other prisoners, including his current prisoner-paralegal assistant. (ECF No. 134, p. 5; ECF No. 132, p. 2.) Further, at this stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Rand, 113 F.3d at 1525.

///

///

**III.     Conclusion and Order**

For the reasons stated, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.  Plaintiff is not precluded from renewing his motion for the appointment of counsel in the future.

It is FURTHER ORDERED that Plaintiff's oppositions, if any, to the pending motions to dismiss, shall be served and filed within thirty (30) days following service of this order.  If Plaintiff fails to comply with this order, this action may be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **February 12, 2015**                  /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE