# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. LOPEZ, et al.,<br><br>　　　　Defendants. | 1:09-cv-01874-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITIONS TO DEFENDANTS' MOTIONS TO DISMISS AND FOR CERTIFICATE OF APPEALABILITY<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS THIRD AMENDED COMPLAINT<br><br>(ECF Nos. 94, 95, 96, 149) |

**I.      Introduction**

Plaintiff Bilal Ahdom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 31, 2012, the Court screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A, and found that it stated an Eighth Amendment claim against Defendants M. Araich, C. Chen, Shittu, Ashby, S. Lopez, M. Spaeth, and S. Schaefer for deliberate indifference to his medical needs. (ECF No. 31.) On June 26, 2013, the Court granted Defendant Ashby's motion to dismiss and granted Plaintiff leave to amend his claim for deliberate indifference in violation of the Eighth Amendment against Defendant Ashby. (ECF No. 74.)

Shortly thereafter, on August 29, 2013, Plaintiff filed his second amended complaint, which named Defendant Ashby as the sole defendant. (ECF No. 77.) In a September 3, 2013

order, the Court explained to Plaintiff that his second amended complaint superseded his first amended complaint, and based on the fact that he only named Defendant Ashby in his second amended complaint, it was not clear whether he understood that he could continue to pursue his claims against all defendants or if he intended to proceed solely against Defendant Ashby. (ECF No. 78.) Consequently, the Court granted Plaintiff an opportunity to either inform the Court that he only intended to proceed against Defendant Ashby, or to file a third amended complaint against all defendants. (Id.) On November 18, 2013, Plaintiff filed his third amended complaint against Defendants M. Araich, C. Chen, Shittu, Ashby, S. Lopez, M. Spaeth, and S. Schaefer for deliberate indifference to his medical needs in violation of the Eighth Amendment. (ECF No. 90.)

Currently before the Court are (1) Defendant S. Schaefer's December 2, 2013 motion to dismiss Plaintiff's third amended complaint; (2) Defendants M. Araich, C. Chen, S. Lopez, Shittu, and M. Spaeth's December 2, 2013 combined motion to dismiss Plaintiff's third amended complaint; (3) Defendant Ashby's December 2, 2013 motion to dismiss Plaintiff's third amended complaint; and (4) Plaintiff's September 25, 2015 motion for an extension of time to file oppositions to the Defendants' motions to dismiss and requesting a certificate of appealability. As explained below, the Court denies Plaintiff's motion for an extension of time and his request for a certificate of appealability, and grants in part and denies in part Defendants' motions to dismiss.

## II. Plaintiff's Motion for Extension of Time

As noted above, Defendants filed three separate motions to dismiss on December 2, 2013. Plaintiff has been granted numerous extensions of time to file his oppositions to the motions to dismiss, and as a result his oppositions were due on September 24, 2015. (ECF No. 148.) On September 25, 2015, in lieu of his oppositions, Plaintiff filed another extension of time to file his oppositions to the motions to dismiss. (ECF No. 149.)

The Court denies Plaintiff's motion for an extension of time to file his oppositions. Plaintiff has been granted ample opportunity to file his oppositions, and yet has failed to do so within the time allotted. More importantly, the Court does not find it necessary to consider any

opposition by Plaintiff to Defendants' motions, because it would not change the outcome of its ruling. "Under § 1915A, a district court must, if possible, review 'before docketing' a prisoner's complaint against 'a governmental entity or officer or employee of a governmental entity,' and the court must dismiss the complaint if it is 'frivolous, malicious, or fails to state a claim upon which relief may be granted,' or 'seeks monetary relief from a defendant who is immune from such relief.'" O'Neal v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008) (quoting 28 U.S.C. § 1915A). Absent Defendants' motions, this Court would have screened Plaintiff's third amended complaint sua sponte pursuant to section 1915A, without considering any opposition by him, and come to the same rulings regarding his claims as is set forth below. Consequently, the Court need not wait for Plaintiff's oppositions to any of Defendants' motions to dismiss to rule on them.

**III.    Certificate of Appealability**

Plaintiff's motion for an extension of time also contains a request for a certificate of appealability to challenge the denial of that motion. Plaintiff is advised that while certificates of appealability are required in habeas corpus actions, they are not applicable in a civil rights action such as this one. Consequently, his request is denied.

**IV.    Defendants' Motions to Dismiss**

Each of the Defendants bring a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), cert. denied, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555,

1   127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); <u>Conservation Force</u>, 646 F.3d at
2   1242; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept
3   the factual allegations as true and draw all reasonable inferences in favor of the non-moving
4   party, <u>Daniels-Hall</u>, 629 F.3d at 998; <u>Sanders</u>, 504 F.3d at 910; <u>Morales v. City of Los Angeles</u>,
5   214 F.3d 1151, 1153 (9th Cir. 2000), and pro se litigants are entitled to have their pleadings
6   liberally construed and to have any doubt resolved in their favor, <u>Wilhelm v. Rotman</u>, 680 F.3d
7   1113, 1121 (9th Cir. 2012); <u>Watison v. Carter</u>, 668 F.3d 1108, 1112 (9th Cir. 2012); <u>Silva v. Di
8   Vittorio</u>, 658 F.3d 1090, 1101 (9th Cir. 2011); <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir.
9   2010).

### A.   Defendant Schaefer's Motion to Dismiss

The Court will consider each motion to dismiss in turn, beginning with the motion brought by Defendant S. Schaefer, M.D. On March 12, 2012, this Court adopted the finding of the Magistrate Judge that Plaintiff's stated an Eighth Amendment deliberate indifference claim against Defendant Schaefer when he alleged that after his leg was placed in a cast and he was given crutches to ambulate, the doctor denied him a lower tier chrono, and he subsequently fell down some stairs, injuring his back. (ECF No. 17, pp. 8, 12.) The Court also adopted the Magistrate Judge's finding that Plaintiff stated no other claim against Defendant Schaefer, based on Plaintiff's own allegations that the doctor repeatedly provided him medication and other medical care in response to his complaints, based on her medical judgment. (ECF No. 17, pp. 7, 9-10.)

As Defendant Schaefer explains, Plaintiff then filed an amended complaint that removed the allegations about the treatment and care Defendant Schaefer provided, which the Court struck as a bad faith attempt to avoid its rulings. (ECF No. 26.) Subsequently, on July 9, 2012, Defendant Schaefer (and other defendants) answered the first amended complaint as modified by the Court's screening order. (ECF No. 37.) After this, Plaintiff filed his second amended complaint naming only Defendant Ashby, (ECF No. 77), followed by his current, third amended complaint adding additional defendants, filed November 18, 2013, (ECF No. 90).

On December 2, 2013, Defendant Schaefer individually submitted the instant Rule 12(b)(6) motion to dismiss, arguing Plaintiff fails to state a claim against her. (ECF No. 94.) Defendant Schaefer argues in the alternative that she is entitled to qualified immunity from Plaintiff's suit for damages, and that this action should be terminated regardless as a sanction based on perjury committed in the third amended complaint. (Id.)

Plaintiff attempts to assert claims of deliberate indifference to medical needs in violation of the Eighth Amendment against Defendant Schaefer in the third amended complaint. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994). "The indifference to a prisoner's medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this claim. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1081–82 (9th Cir. 2013) (internal citations omitted).

Defendant Schaefer first notes that Plaintiff's third amended complaint omits admissions that the doctor provided him medication and care, as he attempted to do with the amended complaint the Court previously struck. (ECF No. 94-1, pp. 2-3.) The doctor further argues that

1 these admissions, and other admissions in the third amended complaint, show Plaintiff has not
2 stated a claim against her because he has not shown she disregarded his complaints. Instead, she
3 provided care that was different than that which he requested, but his allegations of disagreement
4 with her medical decisions do not state an Eighth Amendment claim. (Id. at 6.)

5       The Court agrees that Plaintiff has not stated a claim for deliberate indifference based on
6 the denial of medication, the denial of treatments, and the denial of all but one request for
7 accommodations, since he admits she prescribed pain medications, sent him to the emergency
8 room for treatment, and made certain determinations about his care based on her medical
9 analysis. (Third Am. Compl., ECF No. 90, ¶¶ 101-03, 107-09,111-13, 117, 119 ; First Am.
10 Compl., ECF No. 13, ¶¶ 50, 58, 64.) However, the Court finds that Plaintiff has pleaded a
11 cognizable Eighth Amendment claim against Defendant Schaefer based on his allegations that he
12 was put in a cast, required ambulation with crutches, and repeatedly requested an
13 accommodation from the doctor for a lower tier cell or an ADA cell, but the doctor denied his
14 requests and he subsequently fell down the stairs and injured his back. (Third Am. Compl ¶¶ 91,
15 107-110.) Defendant Schaefer has not shown any statements in any of Plaintiff's complaints that
16 undermine his allegations that she ignored this specific request for an accommodation.
17 Therefore, the Court grants in part Defendant Schaefer's motion to dismiss the non-cognizable
18 claims against her, but finds Plaintiff's allegation that the doctor denied his requests for a lower
19 tier cell or an ADA cell is sufficient to state an Eighth Amendment deliberate indifference claim.

20       The Court further denies without prejudice Defendant Schaefer's motion to dismiss based
21 on qualified immunity grounds. Defendant Schaefer makes a short, conclusory argument that
22 "reasonable doctors do not expect to violate the Constitution when they provide care in
23 accordance with their professional conclusions." (ECF No. 94-1, p. 7.) However, Defendant
24 Schaefer has not shown that this applies to Plaintiff's claim that he ignored her request for a
25 lower tier cell or an ADA cell.

26       Finally, Defendant Schaefer argues that Plaintiff's action against her should be dismissed
27 as a sanction, because he deliberately omitted from the third amended complaint treatments he
28 received that are described in the first amended complaint. (ECF No. 94-1, pp. 4-5.) Dismissal of

1  a suit "is a particularly severe sanction" and although a court has inherent powers to sanction bad

2  faith conduct, that power "must be exercised with restraint and discretion." Chambers v.

3  NASCO, Inc., 501 U.S. 32, 45, 111 S. Ct. 2123, 2133 (1991) (citing Roadway Express Inc. v.

4  Piper, 447 U.S. 752, 764-65, 100 S. Ct. 2455, 2463 (1980)).

5      The Court does not agree with Defendant Schaefer that the dismissal of Plaintiff's action

6  is an appropriate sanction in these circumstances. It is true that the Court warned Plaintiff, when

7  it struck his previous amended complaint for deleting certain allegations in a bad faith attempt to

8  avoid certain findings against him, that any future similar conduct would result in sanctions.

9  (ECF No. 26, p. 3.) By engaging in similar bad faith conduct again, Plaintiff has abused the

10  pleading amendment process, and should not be granted any further leave to amend his

11  complaint as a result. However, at this time the Court does not find it appropriate to dismiss

12  Plaintiff's entire action based on his omission of certain allegations which are unrelated to his

13  cognizable claim against Defendant Schaefer.

14      **B.**    **Defendants Araich, Chen, Lopez, Shittu, and Spaeth's Motion to Dismiss**

15      On December 2, 2013, Defendants M. Araich, C. Chen, S. Lopez, Shittu, and M. Spaeth

16  filed a combined motion to dismiss Plaintiff's third amended complaint against them pursuant to

17  Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 95.) The Court

18  addresses their arguments in turn.

19      **1.**    **Defendant Araich**

20      Plaintiff claims that Defendant Araich was deliberate indifferent when denying his

21  requests for medication. He alleges that Defendant Araich examined him on May 9, May 27,

22  August 5, and September 23, 2008, at which times he complained of and described severe pain

23  and its suspected causes, as well as stated his current medication was not effective at controlling

24  his pain, but Defendant Araich did nothing to address these issues. (Third Am. Compl. ¶¶ 16-18,

25  22-23, 28-29, 31, 88-90.) Defendant Araich argues Plaintiff fails to state a claim since he alleges

26  nothing more than a "difference of opinion with his treating physician." (ECF No. 95-1, at p. 8

27  (citing Toguchi, 391 F.3d at 1058)). The Court disagrees; Plaintiff does not allege a

28  disagreement with a treatment course ordered by Defendant Araich. Rather, he alleges that he

repeatedly complained of significant medical issues and severe pain but was ignored. This includes, for example, specific allegations that he repeatedly complained of problems with his surgical staples which Defendant Araich did not attempt to treat for some time, and complaints by Plaintiff of ineffective medication treatment which also were ignored. These allegations are sufficient to state a claim for deliberate indifference to serious medical needs.

Defendant Araich further argues that Plaintiff is impermissibly changing the nature of his suit in his third amended complaint by adding new allegations, including that Araich witnessed and was involved in the removal of his staples without anesthesia. (ECF No. 95-1, at 8.) The Court agrees that Plaintiff cannot use the amendment process as an opportunity to expand or add new claims against Defendant Araich beyond those that were found cognizable in the Court's order screening the first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). As a result, the Court grants Defendant Araich's motion to dismiss Plaintiff's new claim related to the failure to provide anesthesia for his staple removal.

### 2.   Defendant Chen

Like Defendant Araich, Defendant Chen argues that Plaintiff's claims against him for deliberate indifference for denial of medication are non-cognizable because they merely amount to a disagreement with Chen's medical opinion. (ECF 95-1, p. 9.) The Court disagrees. Plaintiff specifically alleges that on August 11, 2008, he complained of severe pain, including at his surgical site, and Chen did nothing beyond taking his temperature and blood pressure, and specifically failed to examine the surgical site despite his complaints. (Third Am. Compl. ¶¶ 39-45.) Likewise, Plaintiff complains that Defendant Chen ignored both his complaints of severe pain and ineffective pain management through medication, and the recommendations of other health care providers, at his September 11, 2008 interview, providing no treatment. (Id. at ¶¶ 81-84.) These allegations are sufficient to state a claim for deliberate indifference.

### 3.   Defendant Shittu

Defendant Shittu argues that Plaintiff's allegations of a failure to change his medication when, on August 28, 2008, he complained it was ineffectively treating his pain, sounds in nothing more than medical negligence and cannot support an Eighth Amendment deliberate

indifference claim. (ECF No. 95-1, p. 9.) However, Plaintiff does not allege a medical determination by Defendant Shittu to forego changing his medication, but rather claims that his complaints of severe pain and attempts to relay possible causes, as well as problems with side-effects from his medications, were ignored and untreated. (Third Am. Compl. ¶¶ 46-51.) This is sufficient to state a claim for deliberate indifference against Defendant Shittu.

Defendant Shittu also argues that Plaintiff fails to state a claim against him for deliberate indifference due to his failure to provide a lower tier chrono. (ECF No. 95-1, pp. 10-11.) Specifically, Shittu argues that Plaintiff has neither shown it was objectively foreseeable that he would fall down the stairs while his leg was in a cast and he ambulated on crutches, nor shown that Shittu reasonably believed such a threat existed. (Id.) The Court disagrees. Construing all reasonable inferences from Plaintiff's allegations in his favor, he has alleged repeated discussions with Defendant Shittu that he had difficulty trying to climb a flight of stairs with his cast and crutches, and that he was in need of a permanent bed and toilet rails, suggesting navigation issues. (Third Am. Compl. ¶¶ 9-100, 110.) It is reasonable to infer from these allegations that Defendant Shittu was aware of the risk of injury to Plaintiff, and it is objectively reasonable to infer that a person could fall when having to navigate a flight of stairs while using crutches and with a knee-high cast, especially when he consistently complained of difficulties doing so. See Frost v. Agnos, 152 F.3d 1124, 1129 (finding a failure to accommodate claim where inmate who repeatedly requested handicapped-accessible accommodations due to ambulating on crutches fell when ambulating on a slippery surface).

### 4. Defendants Lopez and Spaeth

Defendants Lopez and Spaeth argue that, other than the claims that this Court has already barred, Plaintiff has only conclusory alleged that he complained to them of a lack of effective pain management and that they "failed to do anything to assist" him. (Third Am. Compl. ¶¶ 85-87.) The Court agrees that these conclusory allegations are not sufficient to state a claim for deliberate indifference. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) ("vague and conclusory allegations" are insufficient to state a civil rights claim). As a result, the Court grants Defendants' Lopez and

Spaeth's motion to dismiss for failure to state a claim. As discussed above, based on Plaintiff's prior bad faith conduct in amending his pleadings, the Court does not find it appropriate to allow him to attempt to cure these claims by further amendment.

### C. Defendant Ashby's Motion to Dismiss

Finally, Defendant Ashby brings a Rule 12(b)(6) motion to dismiss for failure to state a claim, and argues that Plaintiff should not be allowed any further opportunity to attempt to cure his complaint by amendment. (ECF No. 96.) Plaintiff's claim against Defendant Ashby arises out of a September 10, 2008 examination regarding his post-surgery spinal condition and complaints. (Third Am. Compl. ¶ 52.) He arrived in severe pain and unable to walk on his own, and complained that "the surgical area in his spine felt like knives were stabbing him." (Id. at ¶ 53-54.)

Defendant Ashby allegedly reviewed Plaintiff's file, interviewed him, and examined him, including the "surgical area where the pain existed." (Id. at ¶¶ 55-59.) They discussed the causes of Plaintiff's pain, and Defendant Ashby advised Plaintiff to avoid the exacerbating causes of his pain, but did not provide a medical chrono for an ADA cell, vest for prone exemption, or orthopedic mattress so that Plaintiff could do so. (Id. at ¶¶ 60-70.) They also discussed Plaintiff's complaints of pain and requests for pain management. (Id. at ¶ 73.) Defendant Ashby then sent Plaintiff back to his housing unit. (Id. at ¶ 71.) Defendant Ashby also sent Plaintiff to be evaluated by another yard doctor the following day, and prescribed Tylenol 3 for his pain. (Second Am. Compl., ECF No. 77, ¶¶ 21, 23.)

The Court agrees with Defendant Ashby that Plaintiff has not stated any claim for deliberate indifference due to failure to provide medication, where he admits Ashby prescribed Tylenol 3 in an attempt to treat Plaintiff's pain. As Defendant argues, although Plaintiff did not prefer Tylenol 3, his disagreement with the treatment recommendation does not establish deliberate indifference, Toguchi, 391 F.3d at 1058, and he is not entitled to the treatment of his choice, Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). The Court also agrees that allowing Plaintiff any opportunity to amend as to that claim would be both futile and inappropriate based on his prior bad-faith conduct in amending his pleadings.

The Court finds, however, that at this stage in the proceedings and drawing all reasonable inferences in Plaintiff's favor, he has adequately alleged that Defendant Ashby was deliberately indifferent in refusing to issue him any medical chrono when it was the doctor's own medical opinion was that it was medically necessary. See, e.g., Randolph v. Nix, No. 1:12–cv–00392 LJO MJS (PC), 2013 WL 4676580 (E.D. Cal. Aug. 20, 2013) (plaintiff's allegations that defendants refused to investigate, renew, or terminate a lower bunk chrono without medical justification stated a cognizable claim for deliberate indifference).

## V.     Conclusion and Order

For the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's September 25, 2015 motion for an extension of time to file oppositions to Defendants' motions to dismiss (ECF No. 149) is DENIED;

2. Plaintiff's request for a certificate of appealability regarding the denial of his motion for an extension of time (ECF No. 149) is DENIED;

3. Defendants' December 2, 2013 motions to dismiss (ECF Nos. 94, 95, 96) are GRANTED IN PART and DENIED IN PART as follows:

    a. Plaintiff's Eighth Amendment deliberate indifference claims against Defendant Schaefer based on the denial of medication, the denial of treatments, and the denial of all but one request for accommodations; claim against Defendant Araich for deliberate indifference based on the failure to provide anesthesia for his stable removal; and claim against Defendant Ashby for deliberate indifference due to failure to provide medication, are DISMISSED WITHOUT LEAVE TO AMEND;

    b. This action shall proceed on Plaintiff's claim against Defendant Schaefer for Eighth Amendment deliberate indifference based on denial of a request for an accommodation for a lower tier cell or an ADA cell; against Defendant Araich for deliberate indifference in denying medication; against Defendant Chen for deliberate indifference; against Defendant Shittu for deliberate indifference; and against Defendant Ashby for deliberate indifference in refusing to issue any medical chrono;

    c. Defendants Lopez and Spaeth are DISMISSED from this action; and

1          4.      This action is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  October 9, 2015                          _____
                                                 SENIOR  DISTRICT  JUDGE