# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM, | 1:09-cv-01874-AWI-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| v. | |
| S. LOPEZ, et al., | (ECF No. 158) |
| Defendants. | |

Plaintiff Bilal Ahdom ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on Plaintiff's claims against Defendants Schaefer, Araich, Chen, Shittu, and Ashby for Eighth Amendment deliberate indifference. On October 30, 2015, Plaintiff filed the instant motion for appointment of counsel. (ECF No. 158.)

As Plaintiff previously has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, as before, Plaintiff contends that he is incapable of functioning at a normal cognitive level because he takes a high-dose of Morphine twice daily to manage the chronic pain of his spinal injury, and he has limited use of his right upper extremity due to stroke. (ECF No. 158, p. 2.) He references prior documentation he provided the Court and states his condition has not changed. (Id.) Furthermore, he contends that he can neither effectively manage his own discovery nor appropriately respond to Defendants' discovery because of his physical and cognitive limitations and minimal understanding of the law. (Id. at 3).

The Court has considered Plaintiff's moving papers and supporting documents. Despite Plaintiff's alleged limitations, the pleadings and motions on file at this juncture indicate that he can adequately articulate his claims with the assistance of other prisoners, including his current prisoner-paralegal assistant. (ECF No. 132, p. 2; ECF No. 134, p. 5; ECF No. 158, pp. 4-5.) Further, at this stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Rand, 113 F.3d at 1525. Plaintiff notes that this Court has found he stated cognizable claims against the Defendants, (ECF No. 158, p. 5), but the fact that he has passed this low bar has not yet shown the Court that he is likely to succeed on the merits.

For the reasons stated, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **November 30, 2015**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE