# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>        Plaintiff,<br><br>   v.<br><br>S. LOPEZ, et al.,<br><br>        Defendants. | 1:09-cv-01874-AWI-BAM (PC)<br><br>ORDER GRANTING DEFENDANT ASHBY'S MOTION TO TAKE DEPOSITION OF PLAINTIFF BILAL ADHOM, A PRISONER<br><br>(ECF No. 159) |

**I.    Introduction**

Plaintiff Bilal Ahdom ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on Plaintiff's claims against Defendants Schaefer, Araich, Chen, Shittu, and Ashby for Eighth Amendment deliberate indifference.

Currently before the Court is Defendant Ashby's motion to take the deposition of Plaintiff, filed on November 6, 2015 with a supporting memorandum of points and authorities. (ECF No. 159.) Plaintiff's response to this motion was due on or before November 30, 2015. As of the date of this order, no response was filed, and the motion is now deemed submitted. Local Rule 230(l).

**II.   Discussion**

Defendant Ashby moves for leave to depose Plaintiff pursuant to Federal Rule of Civil

1

Procedure 30(a)(2)(A)(ii) and (a)(2)(B). Defendant Ashby explains that he requires leave of court to depose Plaintiff because Plaintiff is a prisoner who has already been deposed in this matter. However, at the time of Plaintiff's prior deposition, Defendant Ashby was not yet represented and had not yet appeared in this case. Therefore, Defendant Ashby argues that good cause exists to allow him to depose Plaintiff.

### A.     Standard

In order to take a deposition of a deponent who has already been deposed, leave of court is required, and "the court must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2)(A)(ii). "Repeat depositions are not favored, except in certain circumstances, some of which include a long passage of time with new evidence, or where an amended complaint has added new theories." Kress v. Price Waterhouse Coopers, No. CIV S-08-0965 LKK, 2011 WL 5241852, at *1 (E.D. Cal. Nov. 1, 2011) (citing Graebner v. James River Corporation, 130 F.R.D. 440, 441 (N.D. Cal. 1990)). Thus, good cause for a repeated deposition "exists where new claims or defenses have been added, new parties have been added, and new documents have been produced." Id. (internal citations omitted). "Courts may limit the scope of the second deposition to matters not covered in the first deposition." Id.

### B.     Analysis

Defendant Ashby has shown good cause for taking Plaintiff's deposition in this case, despite the fact that Plaintiff was previously deposed. The parties litigated the case for over three months before Defendant Ashby appeared through counsel. Defendant Ashby immediately filed a motion to dismiss, and did not take discovery during the pendency of that motion, as the claims and parties were not yet finalized. (ECF No. 66.) Now that all of the Defendants' motions to dismiss in this case have been decided, Defendant Ashby seeks to depose Plaintiff on the finalized complaint. Since Defendant Ashby seeks to depose Plaintiff on matters specifically pertaining to him that were not addressed in the previous deposition, this second deposition will neither be cumulative nor overly burdensome. Moreover, Defendant Ashby would be prejudiced if he is not able to depose Plaintiff on the matters related to the claims and allegations specifically being made against him.

### III. Conclusion and Order

Accordingly it is HEREBY ORDERED that Defendant Ashby's motion for leave of court to depose Plaintiff is GRANTED. Defendant Ashby may notice Plaintiff for a second deposition, which shall be limited to areas related to claims against Defendant Ashby.

IT IS SO ORDERED.

Dated: **December 7, 2015**          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE