# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>        Plaintiff,<br><br>    v.<br><br>S. LOPEZ, et al.,<br><br>        Defendants. | 1:09-cv-01874-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION FOR PRELIMINARY INJUNCTION, MOTIONS TO TAKE JUDICIAL NOTICE OF DOCUMENTS, AND MOTION FOR TRO/SUPPLEMENT TO MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF Nos. 165, 169, 174, 180, 182)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATION**

**I.      Background**

Plaintiff Bilal Ahdom ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendants Schaefer, Araich, Chen, Shittu, and Ashby for deliberate indifference to serious medical needs in violation of the Eighth Amendment. Plaintiff's claims arise out of events that allegedly occurred while he was housed at Kern Valley State Prison ("KVSP") in 2008. (ECF No. 90.)

On December 15, 2015, Plaintiff filed a motion for a preliminary injunction against Defendant Ashby, and an affidavit in support. (ECF No. 165.) Defendant Ashby filed an

opposition on December 30, 2015, (ECF No. 167.) Plaintiff filed a reply in support of his motion, (ECF No. 168), and a motion to take judicial notice of documents in support of his motion, (ECF No. 169), on January 15, 2016. On February 29, 2016, Plaintiff filed another request to take judicial notice of a declaration and documents in support of his motion. (ECF No. 174.)

On June 3, 2016, Plaintiff filed another motion, calling it a request for a temporary restraining order and supplement to his pending request for a preliminary injunction. (ECF No. 180). On August 8, 2016, Plaintiff filed another request to take judicial notice of documents in support of his request for a temporary restraining order/motion for a preliminary injunction. (ECF No. 182.) The Court has carefully examined all of these filings, and finds Plaintiff's motions are deemed submitted and ready for ruling upon. Local Rule 230(l).

## II.     Plaintiff's Motions Requesting the Court Take Judicial Notice

The Court will first address Plaintiff's motions requesting that it take judicial notice of several declarations with attached exhibits, including medical documentation, chronos, inmate appeals and responses to appeals. (ECF Nos. 169, 174, 182.) The Court may take judicial notice of any fact that is "not subject to reasonable dispute because it… can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Proper subjects of judicial notice include "court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

In this instance, Plaintiff's allegations and the facts contained in the documents he submits in support of his motions are not the type of facts that would be subject to judicial notice. See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc., 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012) (finding a declaration was not subject to judicial notice). Although the Court will consider Plaintiff's allegations contained in his requests, it is recommended that the requests for judicial notice be denied.

///

///

///

**III.   Plaintiff's Motions for a Temporary Restraining Order/Preliminary Injunction**

    **A.   Standards**

The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quotations and citations omitted) (emphasis in original).

The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

    **B.   Discussion**

As noted above, Plaintiff's claims arise out of events in 2008, while Plaintiff was housed at KVSP. (Third Am. Compl. ¶ 52.) Plaintiff was subsequently transferred out of KVSP, and is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. (ECF Nos. 41, 42.)

///

1    Sometime after the alleged 2008 events, Defendant Ashby was also transferred to
2 CSATF, and he provided care to Plaintiff in August and September 2014, and in September and
3 October 2015. (ECF No. 167-1, ¶ 3.) Defendant Ashby declares that at the time of providing that
4 medical care, he did not realize he was providing care to Plaintiff, someone with whom he was
5 (and still is) involved in active litigation. (Id. at ¶¶ 3, 6.)

6    Plaintiff contends that he was also not fully aware of these facts at that time. Plaintiff
7 declares that he did not realize Defendant Ashby, then his primary care provider, was the same
8 doctor he had sued over the 2008 events until November 2015, when he was reviewing a pack of
9 cold meds and saw that his doctor and Defendant Ashby have the same name. (ECF No. 165, p.
10 12, ¶ 7.) Plaintiff declares that he fears Defendant Ashby will injure or kill him to prevent his
11 success in this action, and he refused medical care as a result. (Id. at ¶¶ 9, 13.) Plaintiff does not
12 specify exactly what injunctive relief he seeks, but based on his allegations, it appears he seeks
13 an order preventing Defendant Ashby from providing further medical care to him.

14    Defendant Ashby argues that Plaintiff has not satisfied the standard for showing any
15 injunctive relief is necessary in this case, and regardless, the matter is moot because Defendant
16 Ashby has been transferred away from CSATF. Specifically, Defendant Ashby declares that
17 shortly after his October 7, 2015 treatment of Plaintiff, he stopped working at CSATF, and has
18 been working at Chuckawalla Valley State Prison in Blythe since November 2, 2015. (ECF No.
19 167, ¶ 7.) Defendant Ashby further declares that he no longer provides medical care to Plaintiff,
20 and he does not anticipate providing any additional care in the future. (Id.)

21    The Court agrees with Defendant Ashby that injunctive relief is not appropriate here.
22 Plaintiff's allegations that Defendant Ashby will or has harmed him or his case are supported by
23 nothing more than his own suspicions. His repeated assertions that he has shown a likely threat
24 of immediate harm because Defendant Ashby has hired counsel to defend and defeat the claims
25 against him does not support these contentions. Further, the injunctive relief Plaintiff seeks is
26 unnecessary, since Defendant Ashby is no longer providing care to Plaintiff and there is no
27 showing that he will likely do so in the future. Claims for injunctive relief related to prison
28 officials are moot when the prisoner has been moved and "he has demonstrated no reasonable

expectation of returning to [the prison.]" See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (quoting Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991)). See also Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin). The fact that the prison staff person Plaintiff seeks injunctive relief against has been transferred to a different institution, rather than Plaintiff himself, makes the claim for injunctive relief equally as moot as if Plaintiff had been transferred.

Plaintiff's arguments in response to Defendant Ashby's opposition are also meritless. Plaintiff's contends that Defendant Ashby may have compromised the discovery in this case while he was Plaintiff's primary care provider, and that he may have also "influenced agents" who still work at CSATF. These assertions are based on nothing more than his beliefs, and are therefore purely speculative. Plaintiff declares that on February 17, 2016, just before he was deposed by Defendant Ashby, he was instructed to go to medical before attending that deposition. (ECF No. 174.) He requested a medical refusal form, and a licensed vocational nurse ("LVN") would not allow him to document his own reasons for refusal, stating that policy required staff to fill-out the form. Plaintiff asserts, without any support, that he believes the LVN was an agent of Defendant Ashby. These alleged facts do not support granting Plaintiff any injunctive relief against Defendant Ashby; they are irrelevant to Plaintiff's medical care, do not show any threat of immediate, irreparable harm, and are based in speculation.

Plaintiff also asserts that at the October 7, 2015 treatment, Defendant Ashby wrongfully failed to renew certain accommodation chronos. To the extent Plaintiff seeks a preliminary injunction requiring that his chronos be renewed, such relief cannot be obtained against Defendant Ashby, whom Plaintiff agrees no longer works at CSATF, and who is no longer Plaintiff's primary care physician. The pendency of this action does not provide the Court general jurisdiction over the medical staff at CSATF merely because Plaintiff is housed there. Summers, 555 U.S. at 491–93 (court's jurisdiction is limited to the parties in the action and to the viable legal claims involved in the action); Mayfield, 599 F.3d at 969 (same).

///

Plaintiff also asserts that Defendant Ashby provided him medical care in November and December 2015, contrary to Defendant Ashby's declaration that he was no longer working at CSATF at that time. Plaintiff claims that Defendant Ashby's declaration therefore contains perjury, for which he should be sanctioned.

Plaintiff's declaration and documentation do not support his contentions. Plaintiff declares that on December 28, 2015, a correctional officer delivered to him medical forms that had been prepared by Defendant Ashby, which shows that he was still receiving some kind of medical care from Defendant Ashby at that time. However, the forms state that they were approved electronically by Defendant Ashby on October 17, 2015. (ECF No. 169, pp. 7, 10.) The fact that, for whatever reason, Plaintiff may have received the forms in December does not show that Defendant Ashby was still providing any care to Plaintiff at that time.

Plaintiff also declares that Defendant Ashby prescribed him medications in November and December 2015, but his documentation provided in support merely indicates that medication which was previously prescribed by Defendant Ashby was automatically refilled in November and December. (Id. at pp. 4-5, 11-12.) Again, this does not show that Defendant Ashby was providing care after October 2015, or that Defendant Ashby's declaration that he ceased providing care in October 2015, is false. Contrary to Plaintiff's assertions, no hearing is necessary to resolve any meritorious factual dispute here. The Court further finds that there are no grounds to sanction Defendant Ashby.

Finally, Plaintiff's motion for a temporary restraining order and/or supplement to his pending motion for a preliminary injunction should also be denied. Plaintiff contends in that filing that on May 26, 2016, he received a Notice of Data Breach ("Notice") from the California Corrections Health Care Services ("CCHCS"), informing him that they identified a potential breach of his personal identifiable information and protected health information, which occurred on February 25, 2016. (ECF No. 180.) Plaintiff attaches a copy of the Notice, which states that an unencrypted, but password-protected, laptop was stolen from a CCHCS's workforce member's personal vehicle, and that the laptop may have contained information related to Plaintiff's custody and medical care between 1996 and 2014. (Id. at p. 13.)

Plaintiff admits that he is unable to identify the persons responsible for any data breach which may have compromised his personal and/or medical information, but he nevertheless asserts that he believes it was the agents of Defendants, and that he should be granted "protections of his person and civil action and medical records." (Id. at p. 2.) He further asserts that he could be harmed in this action by having to produce potentially-compromised personal and medical records and information.

Plaintiff's claim for a temporary restraining order and/or injunctive relief here is vague, as it is unclear what "protections" he seeks. To the extent he seeks some kind of heightened security protections against CCHCS and/or its employees for his personal and medical information, neither CCHCS nor its employees are parties to this action, and the Court has no jurisdiction to grant any such relief against either of them.

To the extent Plaintiff seeks some form of injunctive relief against Defendants Ashby and the other Defendants, he has not shown that he meets the standards for such relief. Plaintiff's assertions that this laptop theft involved any of the Defendants or their "agents" is completely unsupported, and the Notice only suggests that Plaintiff's information may have been compromised by being released to unauthorized people. This does not show that Plaintiff is likely to suffer any irreparable harm as related to the claims in this action, nor that there is any injunctive relief against Defendant Ashby or the other Defendants that would prevent such harm.

In sum, Plaintiff has not shown that he meets any of the other requirements for any temporary restraining order or preliminary injunction here.

### III. Conclusion and Recommendation

For these reasons, the Court HEREBY RECOMMENDS that:

1.   Plaintiff's motions and requests to take judicial notice of documents (ECF Nos. 169, 174, 182), be DENIED;

2.   Plaintiff's motion for a preliminary injunction (ECF No. 165), be DENIED; and

3.   Plaintiff's motion for temporary restraining order and/or supplement to the pending motion for preliminary injunction (ECF No. 180), be DENIED.

///

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 14, 2016**   /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE