# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>S. LOPEZ, et al.,<br><br>　　　　　Defendants. | 1:09-cv-01874-AWI-BAM (PC)<br><br>ORDER REGARDING DEFENDANT SHITTU'S MOTION TO DETERMINE SUFFICIENCY OF ANSWERS OR OBJECTIONS<br><br>(ECF No. 172)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Bilal Ahdom ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendants Schaefer, Araich, Chen, Shittu, and Ashby for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Currently before the Court is Defendant Shittu's motion to determine the sufficiency of Plaintiff's responses to Defendant's request for admission, set one, and to have the matters ordered admitted.[1] (ECF No. 172.) Plaintiff did not respond to the motion. Therefore, on April

---

[1] Although there is a pending interlocutory appeal, the Court is not divested of jurisdiction to address this motion. See Britton v. Co-op Banking Grp., 916 F.2d 1405, 1412 (9th Cir. 1990) ("an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal"); Alice L. v. Dusek, 492 F.3d 563, 564–65 (5th Cir. 2007) (an interlocutory appeal "only

20, 2016, the Court ordered Plaintiff to file an opposition or statement of non-opposition to Defendant's motion (and other pending discovery motions). (ECF No. 175.)

On June 3, 2016, Plaintiff responded, and explained that on or about May 19, 2016, he mistakenly mailed to the Court his responses to Defendant's discovery requests in lieu of an opposition or statement of non-opposition. The discovery responses were returned to him on or around May 27, 2016, at which point he realized he misinterpreted the Court's order. Plaintiff requested another opportunity to respond to the pending discovery motions. (ECF No. 179.) The Court granted Plaintiff's request, and expressed its hope that Plaintiff had sent Defendants some discovery responses that may have eliminated some or all of the parties' discovery disputes. (ECF No. 184.)

On October 17, 2016, Plaintiff filed a statement asserting that he posed "no opposition to the [defendant's] motion to compel discovery." (ECF No. 190.)

On July 24, 2017, in response to an order from the Court, counsel for Defendant Shittu reported that Plaintiff had not sent any new responses to the discovery requests that are the subject of the pending motion. (ECF No. 196.)

Defendant Shittu's motion to determine sufficiency of answers or objections (ECF No. 172) is deemed submitted. Local Rule 230(l).

I. **Background**

During the original discovery period on the claims in Plaintiff's first amended complaint, Defendant Shittu served eighteen requests for admissions and Defendant Lopez served twenty-five requests for admissions.[2] (ECF No. 172-2, Declaration of Lucas L. Hennes ("Hennes Decl.") at Exs. A and B.) On February 25, 2013, Plaintiff served a combined response to the request for admissions served by Defendants Shittu and Lopez, which contained no specific admissions or denials. (Id. at Ex. C.)

---

divests the district court of jurisdiction over those aspects of the case on appeal."). The interlocutory appeal relates solely to Plaintiff's requests for preliminary injunctive relief and a temporary restraining order, not to matters of discovery.

[2] Defendant Lopez has been dismissed from this action. (ECF No. 152.)

On March 25, 2013, Defendants Shittu and Lopez requested that the Court determine the sufficiency of Plaintiff's responses and order the admitted the facts stated. (ECF No. 68.) Thereafter, on June 26, 2013, the Court granted Defendant Ashby's motion to dismiss Plaintiff's first amended complaint with leave to amend. (ECF No. 74.)

Plaintiff filed a second amended complaint on August 29, 2013, which only named Defendant Ashby as a defendant. (ECF No. 77.) At the Court's request, Plaintiff informed the Court that the omission of the other defendants was unintentional, and he filed a third amended complaint on November 18, 2013. (ECF No. 90.)

As a result of the unsettled nature of the operative complaint and the absence of a scheduling order, on February 27, 2014, the Court denied Defendant's pending discovery motion without prejudice to re-filing after a new discovery and scheduling order was issued. (ECF No. 105.) On November 30, 2015, the Court issued an Amended Discovery and Scheduling Order. (ECF No. 163.)

On February 25, 2016, defense counsel spoke to Plaintiff by telephone regarding his responses to Defendant's discovery. Plaintiff refused to answer, indicating that he would not respond to any questions unless ordered to do so by the Court. Plaintiff also invoked his Fifth Amendment right against self-incrimination in response to any further questions regarding discovery. (ECF No. 172-2, Hennes Decl. at ¶ 5.) Based on Plaintiff's response, Defendant Shittu filed the instant motion renewing his request for the Court to determine the sufficiency of Plaintiff's answers or objections. (ECF No. 172.) In particular, Defendant Shittu asks the Court to determine that Plaintiff's responses to his Requests for Admissions Numbers 1-9 and 12-18 are insufficient, and deem the facts in those requests admitted. (ECF No. 172-1 at p. 5.)

**II.     Motion to Determine Sufficiency of Answers or Objections**

    **A. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 26, "[a] party may serve on any other party a written request to admit for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or pinions about either; and (B) the genuiness of any described documents." Fed. R. Civ. P. 36(a)(1). "The

purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir.1981) (citations omitted). If a matter is not admitted, "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id. The answering party may not assert lack of knowledge or information as the basis for failing to admit or deny a request unless "the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient . . . ." Id.

A requesting party may move to determine the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Id.

**B. Discussion**

In Defendant Shittu's request for admissions, set one, Defendant requested that, under Federal Rule of Civil Procedure 36, Plaintiff admit the truth of the facts concerning Plaintiff's injuries, medical appointments, referrals and treatments he received on various dates between May 1, 2008 and November 22, 2008, the times relevant to Plaintiff's deliberate indifference claims. (ECF No. 172-2, Hennes Decl. at Ex. A.)

Plaintiff provided the following response to each of Defendant Shittu's requests, Numbers 1-9 and 12-18: "Plaintiff has made a reasonable inquiry, and due to the non-completion of requested discovery from Shittu, he does not have sufficient information to admit or deny the request." (ECF No. 172-2, Hennes Decl. at Ex. C.)

The Court finds that Plaintiff's responses are insufficient and he shall be ordered to serve an amended answer to these requests, which pertain to his injuries and medical treatment during the relevant time period. Fed. R. Civ. P. 36(a)(6). Plaintiff cannot simply defer responding to matters encompassed in his own medical records by citing outstanding discovery requests.

### III. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Defendant Shittu's motion to determine sufficiency of answers or objections (ECF No. 172) is GRANTED, and Plaintiff's answers are deemed insufficient;
2. Within **thirty (30) days** from service of this order, Plaintiff shall serve amended answers to Defendant Shittu's Requests for Admissions, Set One, Numbers 1-9 and 12-18; and
3. If Plaintiff fails to comply with this order, Defendant Shittu may renew the request to have the matters ordered admitted pursuant to Federal Rule of Civil Procedure 36(a)(6).

IT IS SO ORDERED.

Dated: **August 16, 2017** /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE