# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM, | ) 1:09-cv-01874-AWI-BAM (PC) |
| Plaintiff, | ) ORDER GRANTING DEFENDANT |
| v. | ) SHITTU'S MOTION TO COMPEL |
| | ) RESPONSES TO INTERROGATORIES |
| S. LOPEZ, et al., | ) AND DENYING REQUEST FOR |
| | ) SANCTIONS WITHOUT PREJUDICE |
| Defendants. | ) (ECF No. 171) |
| | ) |
| | ) **THIRTY-DAY DEADLINE** |

Plaintiff Bilal Ahdom ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendants Schaefer, Araich, Chen, Shittu, and Ashby for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Currently before the Court is a motion to compel Plaintiff's responses to Defendant Shittu's second set of interrogatories and requests for admissions.[1] (ECF No. 171.) Plaintiff did

---

[1] Although there is a pending interlocutory appeal, the Court is not divested of jurisdiction to address this motion. See Britton v. Co-op Banking Grp., 916 F.2d 1405, 1412 (9th Cir. 1990) ("an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal"); Alice L. v. Dusek, 492 F.3d 563, 564–65 (5th Cir. 2007) (an interlocutory appeal "only divests the district court of jurisdiction over those aspects of the case on appeal."). The interlocutory appeal relates

not respond to the motion. Therefore, on April 20, 2016, the Court ordered Plaintiff to file an opposition or statement of non-opposition to Defendant Shittu's motion (and other pending discovery motions). (ECF No. 175.)

On June 3, 2016, Plaintiff responded, and explained that on or about May 19, 2016, he mistakenly mailed to the Court his responses to Defendant's discovery requests in lieu of an opposition or statement of non-opposition. The discovery responses were returned to him on or around May 27, 2016, at which point he realized he misinterpreted the Court's order. Plaintiff requested another opportunity to respond to the pending discovery motions. (ECF No. 179.) The Court granted Plaintiff's request, and expressed its hope that Plaintiff had sent Defendants some discovery responses that may have eliminated some or all of the parties' discovery disputes. (ECF No. 184.)

On October 17, 2016, Plaintiff filed a statement asserting that he posed "no opposition to the [defendant's] motion to compel discovery." (ECF No. 190.)

On July 24, 2017, in response to an order from the Court, Defendant Shittu submitted a declaration from counsel indicating that Plaintiff had not submitted any new responses to the discovery requests that are the subject of Defendant Shittu's pending discovery motion. (ECF No. 196.)

Defendant Shittu's motion to compel (ECF No. 171) is deemed submitted. Local Rule 230(l).

**I.　Motion to Compel**

On January 13, 2016, Defendant Shittu propounded a second set of interrogatories and requests for admissions on Plaintiff. (ECF No. 171-2, Declaration of Lucas L. Hennes ("Hennes Decl.") at ¶ 2 and Ex. A.) On February 17, 2016, defense counsel for Defendant Shittu was present at Plaintiff's deposition, which was conducted by counsel for Defendant Ashby. Despite indicating that there was no reason he could not provide testimony, Plaintiff refused to respond to any questions posed by counsel, citing his Fifth Amendment right against self-incrimination.

---

solely to Plaintiff's requests for preliminary injunctive relief and a temporary restraining order, not to matters of discovery.

This included questions regarding his receipt of discovery propounded by Defendant Shittu. (ECF No. 171-2, Hennes Decl. at ¶ 3.) As a result of Plaintiff's failure to cooperate, defense counsel scheduled a telephone call with Plaintiff on February 25, 2016, to discuss Defendant Shittu's discovery requests. When asked about Defendant Shittu's discovery requests, Plaintiff refused to answer, stating that he would not respond to any questions unless ordered to do so by the Court. Plaintiff also invoked his Fifth Amendment right as to any questions counsel posed about whether Plaintiff intended to respond to Defendant Shittu's discovery requests. (Id. at ¶ 4 and Ex. B.) To date, Plaintiff has not responded to Defendant Shittu's discovery requests.

The Court has reviewed both the interrogatories and the request for admissions propounded by Defendant Shittu, and finds them to be relevant and appropriate. Given Plaintiff's failure to provide any explanation or justification for his failure to respond—aside from a possible misunderstanding regarding the manner in which discovery is conducted— Defendant Shittu's motion to compel shall be granted.

**II.     Request for Sanctions**

In addition to compelling responses to discovery, Defendant Shittu requests that this Court issue sanctions—either evidentiary or terminating—based on Plaintiff's failure to comply with the rules of discovery. Under Federal Rule of Civil Procedure 37(a)(5)(A), if the Court grants the motion to compel, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not order this payment if, among other things, the opposing party's nondisclosure, response, or objection was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). Here, the Court finds that Plaintiff's pro se and in forma pauperis status make an award of expenses unjust. Although not entirely clear, Plaintiff may have believed that he did not need to respond to Defendant Shittu's discovery requests until ordered to do so by the Court. For these reasons, Defendant Shittu's request for sanctions shall be denied. However, if Plaintiff fails to comply with the Court's order compelling responses, Defendant Shittu is not precluded from seeking sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2).

### III. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Defendant Shittu's motion to compel (ECF No. 171) is GRANTED;
2. Within **thirty (30) days** from the date of this order, Plaintiff shall serve responses, without objections, to Defendant Shittu's Request for Admissions, Set Two, and Interrogatories, Set Two.
3. Defendant Shittu's request for sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) is DENIED;
4. If Plaintiff fails to comply with this order, Defendant Shittu is not precluded from seeking appropriate sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2); and
5. <u>Plaintiff is cautioned that his failure to timely comply with this order and respond to written discovery may result in monetary sanctions, evidentiary sanctions or dismissal of this action</u>.

IT IS SO ORDERED.

Dated: **August 16, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE