# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM, | ) 1:09-cv-01874-AWI-BAM (PC) |
| Plaintiff, | )<br>) ORDER GRANTING IN PART AND |
| v. | ) DENYING IN PART DEFENDANTS'<br>) MOTION TO COMPEL RESPONSES TO<br>) INTERROGATORIES AND REQUESTS |
| S. LOPEZ, et al., | ) FOR PRODUCTION OF DOCUMENTS |
| Defendants. | )<br>) (ECF No. 173) |
| | )<br>) **THIRTY-DAY DEADLINE** |
| | )<br>)<br>) |

Plaintiff Bilal Ahdom ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendants Schaefer, Araich, Chen, Shittu, and Ashby for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Currently before the Court is a motion to compel responses to interrogatories and requests for production of documents filed by Defendants Shittu, Chen and Araich on February 29, 2016.[1]  (ECF No. 173.)  Plaintiff did not respond to the motion.  Therefore, on April 20,

---

[1]     Although there is a pending interlocutory appeal, the Court is not divested of jurisdiction to address this motion.  See Britton v. Co-op Banking Grp., 916 F.2d 1405, 1412 (9th Cir. 1990) ("an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal"); Alice L. v. Dusek, 492 F.3d 563, 564–65 (5th Cir. 2007) (an interlocutory appeal "only

1

2016, the Court ordered Plaintiff to file an opposition or statement of non-opposition to Defendants' motion (and other pending discovery motions). (ECF No. 175.)

On June 3, 2016, Plaintiff responded, and explained that on or about May 19, 2016, he mistakenly mailed to the Court his responses to Defendant's discovery requests in lieu of an opposition or statement of non-opposition. The discovery responses were returned to him on or around May 27, 2016, at which point he realized he misinterpreted the Court's order. Plaintiff requested another opportunity to respond to the pending discovery motions. (ECF No. 179.) The Court granted Plaintiff's request, and expressed its hope that Plaintiff had sent Defendants some discovery responses that may have eliminated some or all of the parties' discovery disputes. (ECF No. 184.)

On October 17, 2016, Plaintiff filed a statement asserting that he posed "no opposition to the [defendants'] motion to compel discovery." (ECF No. 190.)

On July 24, 2017, in response to an order from the Court, counsel for Defendant Shittu, Chen and Araich reported that Plaintiff had not sent any new responses to the discovery requests that are the subject of their pending discovery motion. Defendants therefore request that this Court order further responses to their discovery requests and order appropriate sanctions for Plaintiff's refusal to participate in discovery. (ECF No. 196.)

Defendants' motion to compel (ECF No. 173) is deemed submitted. Local Rule 230(l).

I.      **Background**

During the original discovery period on the claims in Plaintiff's first amended complaint, Defendant Shittu served eighteen interrogatories on Plaintiff; Defendants Chen, Araich, Schaefer and Spaeth served twelve interrogatories; and all Defendants served twenty-one requests for production of documents.[2] (ECF No. 173-2, Declaration of Lucas L. Hennes ("Hennes Decl.") at Exs. A, B and C.) On February 25, 2013, Plaintiff served his responses to Defendants' discovery requests. (Id. at Exs. D, E.)

---

divests the district court of jurisdiction over those aspects of the case on appeal."). The interlocutory appeal relates solely to Plaintiff's requests for preliminary injunctive relief and a temporary restraining order, not to matters of discovery.

[2]      Defendants Spaeth and Lopez have been dismissed from this action. (ECF No. 152.) Defendant Schaefer is now represented by other counsel. (ECF No. 89.)

On March 25, 2013, Defendants initially moved this Court for an order to compel Plaintiff to provide further responses to their interrogatories and requests for production of documents. (ECF No. 67.) Thereafter, on June 26, 2013, the Court granted Defendant Ashby's motion to dismiss Plaintiff's first amended complaint with leave to amend. (ECF No. 74.)

Plaintiff filed a second amended complaint on August 29, 2013, which only named Defendant Ashby as a defendant. (ECF No. 77.) At the Court's request, Plaintiff informed the Court that the omission of the other defendants was unintentional, and he filed a third amended complaint on November 18, 2013. (ECF No. 90.)

As a result of the unsettled nature of the operative complaint and the absence of a scheduling order, on February 27, 2014, the Court denied Defendants' discovery motions without prejudice to re-filing after a new discovery and scheduling order was issued. (ECF No. 105.) On November 30, 2015, the Court issued an Amended Discovery and Scheduling Order. (ECF No. 163.)

On February 25, 2016, defense counsel spoke to Plaintiff by telephone regarding his responses to Defendants' discovery. Plaintiff refused to answer, indicating that he would not respond to any questions unless ordered to do so by the Court. Plaintiff also invoked his Fifth Amendment right against self-incrimination in response to any further questions regarding discovery. (ECF No. 173-2, Hennes Decl. at ¶ 6.) Based on Plaintiff's response, Defendants filed the instant motion renewing their request for a court order compelling Plaintiff to serve further responses to their interrogatories and requests for production of documents. (ECF No. 173.)

By their motion, Defendants seek further responses to all of Defendants Chen, Araich, Schaefer, and Spaeth's Interrogatories No. 1-12, and Defendant Shittu's Interrogatories No. 1-9, and 12-18. Defendants also seek further responses to their request for production of documents Nos. 1-21. Additionally, Defendants ask the Court to issue sanctions based on Plaintiff's failure to meet his obligations under the rules of discovery.

///

///

## II. Motion to Compel Responses to Interrogatories

### A. Standard

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

### B. Discussion

As indicated, Defendants seek further responses to Defendants Chen, Araich, Schaefer, and Spaeth's Interrogatories No. 1-12, and Defendant Shittu's Interrogatories No. 1-9, and 12-18.

**Defendants Chen, Araich, Schaefer, and Spaeth's Interrogatories No. 1-12**

**Interrogatory No. 1**:

If you contend that, between May 24, 2008 and September 11, 2008, you complained to Defendant Lopez that your pain medications were ineffective, and that Lopez failed to act, state all facts in support of your contention.

**Response**:

Responding Party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; it is overly broad; burdensome; compound; and based upon these objections, Responding Party cannot respond to this request.

///

4

**Interrogatory No. 2**:

If you contend that, between May 24, 2008 and September 11, 2008, you complained to Defendant Spaeth that your pain medications were ineffective, and that Spaeth failed to act, state all facts in support of your contention.

**Response**:

Responding Party objects to this interrogatory on the basis that it seeks irrelevant information; it is overly broad; burdensome; compound; is not reasonably calculated to lead to the discovery of admissible evidence; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 3**:

If you contend that, between May 24, 2008 and September 23, 2008, you complained to Defendant Shittu that your pain medications were ineffective, and that Shittu failed to act, state all facts in support of your contention.

**Response**:

Responding Party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; it's overly broad; burdensome; compound; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 4**:

If you contend that, between May 11, 2008 and September 11, 2008, you complained to Defendant Araich that your pain medications were ineffective, and that Araich failed to act, state all facts in support of your contention.

**Response**:

Responding Party objects to this interrogatory on the basis that it seek irrelevant information; it's overly broad; burdensome; compound; lacks foundation; and based upon the objections and that fact that it's not reasonably calculated to lead to the discovery of admissible evidence, Responding Party cannot respond to this request.

///

**Interrogatory No. 5**:

If you contend that, between May 24, 2008 and September 11, 2008, you complained to Defendant Chen that your pain medications were ineffective, and that Chen failed to act, state all facts in support of your contention.

**Response**:

Responding Party objects to this interrogatory on the basis that it seek irrelevant information; it is overly broad; burdensome; compound; is not reasonably calculated to lead to the discovery of admissible evidence; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 6**:

If you contend that, between October 5, 2008 and November 22, 2008, you complained to Defendant Shittu that you needed a lower tier chrono because of your knee-high cast and crutches, and that Shittu failed to act, state all facts in support of your contention.

**Response**:

Responding Party objects to this interrogatory on the basis that it seeks irrelevant information; it is overly broad; burdensome; compound; is not reasonably calculated to lead to the discovery of admissible evidence; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 7**:

If you contend that, between October 5, 2008 and November 22, 2008, you complained to Defendant Schaefer that you needed a lower tier chrono because of you knee-high cast and crutches, and that Schaefer failed to act, state all facts in support of your contention.

**Response**:

Responding Party objects to this interrogatory on the basis that it seeks irrelevant information; it is overly broad; burdensome; compound; is not reasonably calculated to lead to the discovery of admissible evidence; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

///

**Interrogatory No. 8**:

State all facts surrounding your allegation that you fell down the housing unit stairs on November 22, 2008, as a result of Defendant Shittu's or Schaefer's actions between October 5, 2008 and November 22, 2008. Include in your response details of how you fell down the stairs, who responded to assist you after you fell down the stairs, and what medical attention, if any, you received as a result of falling down the stairs.

**Response**:

Responding Party objects to this interrogatory on the basis that it seeks irrelevant information; it is overly broad; burdensome; compound; is not reasonably calculated to lead to the discovery of admissible evidence; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 9**:

If you contend that you sustained any injuries as a result of Defendants Araich, Chen, Shittu, Lopez, or Spaeth's actions or conduct between May 1, 2008 and October 06, 2008, identify each injury you sustained. Include in your response the date each alleged injury was sustained.

**Response**:

Responding Party objects to this interrogatory on the basis that it seeks irrelevant information; it is overly broad; burdensome; compound; is not reasonably calculated to lead to the discovery of admissible evidence; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 10**:

If you contend that you sustained a permanent injury as a result of Defendants Araich, Chen, Shittu, Lopez, or Spaeth's actions or conduct between May 1, 2008 and October 06, 2008, identify each permanent injury you sustained. Include in your response the date each alleged injury was sustained.

///

///

**Response**:

Responding Party objects to this interrogatory on the basis that it seeks irrelevant information; it is overly broad; burdensome; compound; is not reasonably calculated to lead to the discovery of admissible evidence; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 11**:

If you contend that you sustained any injuries as a result of Defendants Shittu or Schaefer's conduct between October 5, 2008 and November 22, 2008, identify each injury you sustained. Include in your response the date each alleged injury was sustained.

**Response**:

Responding Party objects to this interrogatory on the basis that it seeks irrelevant information; it is overly broad; burdensome; compound; is not reasonably calculated to lead to the discovery of admissible evidence; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 12**:

If you contend that you sustained a permanent injury as a result of Defendants Shittu or Schaefer's conduct between October 5, 2008 and November 22, 2008, identify each permanent injury you sustained. Include in your response the date each alleged injury was sustained.

**Response**:

Responding Party objects to this interrogatory on the basis that it seeks irrelevant information; it is overly broad; burdensome; compound; is not reasonably calculated to lead to the discovery of admissible evidence; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**<u>Ruling</u>:**

Defendants Chen and Araich's motion to compel further responses to their interrogatories is granted in part and denied in part. Defendants Spaeth and Lopez are no longer defendants in this action. Therefore, Plaintiff will not be compelled to provide further responses to interrogatories that relate only to Defendants Spaeth and Lopez, which the Court has identified

as Interrogatories Nos. 1 and 2.  However, Plaintiff will be required to provide further responses to the remaining interrogatories to the extent that they relate to allegations concerning Defendants Shittu, Chen, Araich and Schaefer.

Plaintiff's boilerplate objections lack the specificity required by Federal Rule of Civil Procedure 33(b)(4).  Further, the Court finds that Defendants' interrogatories relate not only to Plaintiff's contentions in his third amended complaint that Defendants Shittu, Chen, Araich and Schaefer were deliberately indifferent to Plaintiff's medical needs, but also to Plaintiff's related request for damages.  Thus, the requests are relevant to Plaintiff's claims.  Further, the requests merely require Plaintiff to provide the facts supporting his allegations and are neither overbroad nor burdensome. Accordingly, Plaintiff will be compelled to provide further responses to Interrogatories No. 3-12 insofar as they relate to Defendants Shittu, Chen, Araich and Schaefer.

**Defendant Shittu's Interrogatories No. 1-9, and 12-18**[3]

**Interrogatory No. 1**:

If you response to Shittu's Request for Admission 1, Set One, is anything other than an unequivocal admissions, state all facts upon which your response is based.

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 2**:

If your response to Shittu's Request for Admission 2, Set One, is anything other than an unequivocal admission, state all facts upon which your response is based.

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; it is overly broad; burdensome; compound; is not reasonably calculated to lead to

---

[3]     Defendant Shittu's interrogatories relate a corresponding Request for Admissions, Set One.  Defendant Shittu's Request for Admissions is the subject of a separate motion seeking a determination of the sufficiency of Plaintiff's responses to those requests.  See ECF No. 172.

the discovery of admissible evidence; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 3**:

If you response to Shittu's Request for Admission 3, Set One, is anything other than an unequivocal admission, state all facts upon which your response if based.

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; it is overly broad; burdensome; compound; is not reasonably calculated to lead to the discovery of admissible evidence; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 4**:

If your response to Shittu's Request for Admission 4, Set One, is anything other than an unequivocal admission, state all facts upon which your response is based.

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; it is overly broad; burdensome; compound; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 5**:

If your response to Shittu's Request for Admission 5, Set One, is anything other than an unequivocal admission, state all facts upon which your response is based.

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; it is overly broad; burdensome; compound; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

///

///

**Interrogatory No. 6**:

If your response to Shittu's Request for Admission 6, Set One, is anything other than an unequivocal admission, state all facts upon which your response is based.

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; it is overly broad; burdensome; compound; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 7**:

If your response to Shittu's Request for Admission 7, Set One, is anything other than an unequivocal admission, state all facts upon which your response is based.

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; it is overly broad; burdensome; compound; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 8**:

If your response to Shittu's Request for Admission 8, Set One, is anything other than an unequivocal admission, state all facts upon which your response is based.

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; it is overly broad; burdensome; compound; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 9**:

If your response to Shittu's Request for Admission 9, Set One, is anything other than an unequivocal admission, state all facts upon which your response is based.

///

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; it is overly broad; burdensome; compound; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 12**:

If your response to Shittu's Request for Admission 12, Set One, is anything other than an unequivocal admission, state all facts upon which your response is based.

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; it is overly broad; burdensome; compound; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 13**:

If your response to Shittu's Request for Admission 13, Set One, is anything other than an unequivocal admission, state all facts upon which your response is based.

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; it is overly broad; burdensome; compound; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 14**:

If your response to Shittu's Request for Admission 14, Set One, is anything other than an unequivocal admission, state all facts upon which your response is based.

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; it is

overly broad; burdensome; compound; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 15**:

If your response to Shittu's Request for Admission 15, Set One, is anything other than an unequivocal admission, state all facts upon which your response is based.

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; it is overly broad; burdensome; compound; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 16**:

If your response to Shittu's Request for Admission 16, Set One, is anything other than an unequivocal admission, state all facts upon which your response is based.

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; it is overly broad; burdensome; compound; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Interrogatory No. 17**:

If your response to Shittu's Request for Admission 17, Set One, is anything other than an unequivocal admission, state all facts upon which your response is based.

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; it is overly broad; burdensome; compound; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

///

///

**Interrogatory No. 18**:

If your response to Shittu's Request for Admission 18, Set One, is anything other than an unequivocal admission, state all facts upon which your response is based.

**Response**:

Responding party objects to this interrogatory on the basis that it seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; it is overly broad; burdensome; compound; lacks foundation; and based upon these objections, Responding Party cannot respond to this request.

**Ruling**:

Defendant Shittu's motion to compel further responses to interrogatories Nos. 1-9, 12-18 is granted. Plaintiff provides only boilerplate objections without the specificity required by Federal Rule of Civil Procedure 33(b)(4). Defendant Shittu's interrogatories are tied to the Request for Admissions, the majority of which Plaintiff reported that he could neither admit nor deny. (See ECF No. 172-2, Ex. C to Declaration of Lucas L. Hennes.) A review of the corresponding request for admissions indicates that Defendants seek relevant information regarding Plaintiff's medical treatment during the relevant time period. Plaintiff's remaining objections are unavailing, as the interrogatories are not overbroad, burdensome, compound or lacking foundation.

### III. Motion to Compel Responses to Requests for Production of Documents

#### A. Standard

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1).

#### B. Discussion

On January 25, 2013, Defendants served Plaintiff with a Request for Production of Documents, Set One ("POD"). (ECF No. 173-2, Ex. D.) On February 25, 2013, Plaintiff served

a response to Defendants' Request for Production, Set One. (Id. at Ex. E.) Defendants now seek further responses to all PODs.

**POD 1**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention that, between May 24, 2008 and September 11, 2008, you complained to Defendant Lopez that your pain medications were ineffective, and that Lopez failed to act, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows: after a reasonable and diligent search, Responding Party has yet to complete discovery requested from Lopez and has no responsive documents in his possession.

**POD 2**:

 All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention that, between May 24, 2008 and September 11, 2008, you complained to Defendant Spaeth that your pain medications were ineffective, and that Spaeth failed to act, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows: after a reasonable and diligent search, Responding Party has yet to complete discovery requested from Spaeth and has no responsive documents in his possession.

**POD 3**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention that, between May 24, 2008 and September 23, 2008, you complained to

Defendant Shittu that your pain medications were ineffective, and that Shittu failed to act, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows:  after a reasonable and diligent search, Responding Party has yet to complete discovery requested from Shittu and has no responsive documents in his possession.

**POD 4**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention that, between May 24, 2008 and September 11, 2008, you complained to Defendant Araich that your pain medications were ineffective, and that Araich failed to act, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows:  after a reasonable and diligent search, Responding Party has yet to complete discovery requested from Araich and has no responsive documents in his possession.

**POD 5**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention that, between May 24, 2008 and September 11, 2008, you complained to Defendant Chen that your pain medications were ineffective, and that Chen failed to act, as alleged in your second amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows:  after a reasonable and diligent

search, Responding Party has yet to complete discovery requested from Chen and has no responsive documents in his possession.

**POD 6**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention that, between October 5, 2008 and November 22, 2008, you complained to Defendant Shittu that you needed a lower tier chrono because of your knee-high cast and crutches, and that Shittu failed to act, as alleged in your second amended complaint.

**Response**:

Responding Party objects to this request on the basis that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows: after a reasonable and diligent search, Responding Party has yet to complete discovery requested from Shittu, and has no responsive documents in his possession.

**POD 7**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention that, between October 5, 2008 and November 22, 2008, you complained to Defendant Schaefer that you needed a lower tier chrono because of you knee-high cast and crutches, and that Schaefer failed to act, as alleged in your second amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows: after a reasonable and diligent search, Responding Party has yet to complete discovery requested from Schaefer, and has no responsive documents in his possession.

**POD 8:**

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention the injuries you contend you sustained as a result of Defendant Araich's

actions or conduct between May 1, 2008 and October 06, 20087, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows: after a reasonable and diligent search, Responding Party has yet to complete discovery requested from Araich, and has no responsive documents in his possession.

**POD 9:**

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention the injuries you contend you sustained as a result of Defendant Chen's actions or conduct between May 1, 2008 and October 06, 2008, as alleged in your first amended complaint.

**Response:**

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows: after a reasonable and diligent search, Responding Party has yet to complete discovery requested from Chen, and has no responsive documents in his possession.

**POD 10**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention the injuries you contend you sustained as a result of Defendant Shittu's actions or conduct between May 1, 2008 and October 06, 2008, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows: after a reasonable and diligent

search, Responding Party has yet to complete discovery requested from Shittu, and has no responsive documents in his possession.

**POD 11**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention the injuries you contend you sustained as a result of Defendant Lopez's actions or conduct between May 1, 2008 and October 06, 2008, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows:  after reasonably and diligently searching, Responding Party has yet to complete discovery requested from Lopez, and has no responsive documents in his possession.

**POD 12**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention the injuries you contend you sustained as a result of Defendant Spaeth' actions or conduct between May 1, 2008 and October 06, 2008, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows:  after reasonably and diligently searching, Responding Party has yet to complete discovery requested from Spaeth, and has no responsive documents in his possession.

**POD 13**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention that the incision site on your back, relating to your back surgery on May 1, 2008, became infected, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows:  after reasonable and diligent search, Responding Party has yet to complete discovery requested from defendants, and has no responsive documents in his possession.

**POD 14**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention that, between May 11, 2008 and September 23, 2008, you required pain management treatment that was different from the treatment Defendants provided you at that time, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows:  after reasonable and diligent search, Responding Party has yet to complete discovery requested from defendants, and has no responsive documents in his possession.

**POD 15**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention that, between October 5, 2008 and November 22, 2008, you required a lower tier assignment for medical reasons, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows:  after reasonable and diligent search, Responding Party has yet to complete discovery requested from defendants, and has no responsive documents in his possession.

///

**POD 16**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention the injuries you contend you sustained as a result of Defendant Shittu's actions or conduct between October 5, 2007 and November 22, 2008, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows: after reasonable and diligent search, Responding Party has yet to complete discovery requested from Shittu, and has no responsive documents in his possession.

**POD 17**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show evidence, or mention the injuries you contend you sustained as a result of Defendant Schaefer's actions or conduct between October 5, 2008 and November 22, 2008, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows: after reasonable and diligent search, Responding Party has yet to complete discovery requested from Schaefer, and has no responsive documents in his possession.

**POD 18**:

Any statements, declarations, affidavits, or letters you have obtained from anyone which mention or reference Defendants Araich, Chen, Shittu, Lopez, or Spaeth's conduct between May 1, 2008 and October 06, 2008, as alleged in your first amended complaint.

///

///

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows: after reasonable and diligent search, Responding Party has yet to complete discovery requested from defendants and has no responsive documents in his possession.

**POD 19**:

Any statements, declarations, affidavits, or letters you have obtained from anyone which mention or reference Defendants Shittu or Schaefer's conduct between October 5, 2008 and November 22, 2008, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows: after reasonable and diligent search, Responding Party has yet to complete discovery requested from Shittu and Schaefer, and has no responsive documents in his possession.

**POD 20**:

Any statements, declarations, affidavits, or letters you have obtained from anyone which mention or reference the injuries you contend you sustained as a result of Defendants Araich, Chen, Shittu, Lopez, or Spaeth's actions or conduct between May 1, 2008 and October 06, 2008, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows: after reasonable and diligent search, Responding Party has yet to complete discovery requested from defendants and has no responsive documents in his possession.

///

**POD 21**:

Any statements, declarations, affidavits, or letters you have obtained from anyone which mention or reference the injuries you contend you sustained as a result of Defendants Shittu or Schaefer's actions or conduct between October 5, 2008 and November 22, 2008, as alleged in your first amended complaint.

**Response**:

Responding Party objects to this request on the grounds that it is overly broad; compound; is not reasonably calculated to lead to the discovery of admissible evidence; without waiving the objections, Responding Party responds as follows:  after reasonable and diligent search, Responding Party has yet to complete discovery requested from Shittu or Schaefer, and has no responsive documents in his possession.

**Ruling**:

Defendants' motion to compel further responses to PODs 1-21 is granted in part and denied in part.  Defendants Lopez and Spaeth have been dismissed from this action.  Therefore, Plaintiff will not be compelled to provide further responses to PODs relating to these former defendants, which the Court has identified as PODs 1, 2, 11 and 12.  However, Plaintiff will be compelled to provide further responses to the remaining PODs 3-10 and 13-21 insofar as they relate to allegations concerning Defendants Shittu, Chen Araich and Schaefer.  Although the majority of these discovery requests relate to allegations in Plaintiff's first and second amended complaints, the underlying allegations are relevant to Plaintiff's claim of deliberate indifference to medical needs during the time period at issue.  Plaintiff will be directed to supplement his responses PODs 3-10 and 13-21 with any responsive documents and he may not simply defer production of responsive documents until after he has received discovery from defendants.  To the extent Plaintiff does not have documents responsive to PODs 3-10 and 13-21, Plaintiff should so clearly state in his supplemental response.

## III.    Defendants' Request for Sanctions

In addition to compelling responses to discovery, Defendants request that this Court issue sanctions—either evidentiary or terminating—based on Plaintiff's failure to comply with the

rules of discovery. Under Federal Rule of Civil Procedure 37(a)(5)(A), if the Court grants the motion to compel or if the requested discovery is provided after the motion was filed, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not order this payment if, among other things, the opposing party's nondisclosure, response, or objection was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). Here, the Court finds that Plaintiff's pro se and in forma pauperis status make an award of expenses or terminating sanctions unjust, and Defendants' request for sanctions shall be denied. However, if Plaintiff fails to comply with the Court's order compelling further responses, Defendants are not precluded from seeking sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2).

## IV. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to compel is granted in part and denied in part;

2. Within **thirty (30) days** following service of this order, Plaintiff shall serve supplemental responses to (a) Defendants Chen, Araich, and Schaefer's Interrogatories Nos. 3-12; (b) Defendant Shittu's Interrogatories Nos. 1-9, and 12-18; and (c) Defendants' Request for Production of Documents 3-10 and 13-21;

3. Defendants' request for sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) is denied; and

4. If Plaintiff fails to comply with this order, Defendants are not precluded from seeking appropriate sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2).

IT IS SO ORDERED.

Dated: __**August 16, 2017**__ _____/s/ _Barbara A. McAuliffe_____

UNITED STATES MAGISTRATE JUDGE