# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>Plaintiff,<br><br>v.<br><br>S. LOPEZ, et al.,<br><br>Defendants. | 1:09-cv-01874-AWI-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ASHBY'S MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE<br><br>(ECF No. 170)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Bilal Ahdom ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendants Schaefer, Araich, Chen, Shittu, and Ashby for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Currently before the Court is Defendant Ashby's motion to compel Plaintiff's responses to Special Interrogatories and Requests for Production of Documents, Set One, based on Plaintiff's failure to provide timely responses to any of the discovery requests.[1] (ECF No. 170.)

---
[1] Although there is a pending interlocutory appeal, the Court is not divested of jurisdiction to address this motion. See Britton v. Co-op Banking Grp., 916 F.2d 1405, 1412 (9th Cir. 1990) ("an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal"); Alice L. v. Dusek, 492 F.3d 563, 564–65 (5th Cir. 2007) (an interlocutory appeal "only

Plaintiff did not respond to the motion. Therefore, on April 20, 2016, the Court ordered Plaintiff to file an opposition or statement of non-opposition to Defendant's motion (and other pending discovery motions). (ECF No. 175.)

On June 3, 2016, Plaintiff responded, and explained that on or about May 19, 2016, he mistakenly mailed to the Court his responses to Defendant's discovery requests in lieu of an opposition or statement of non-opposition. The discovery responses were returned to him on or around May 27, 2016, at which point he realized he misinterpreted the Court's order. Plaintiff requested another opportunity to respond to the pending discovery motions. (ECF No. 179.) The Court granted Plaintiff's request, and expressed its hope that Plaintiff had sent Defendants some discovery responses that may have eliminated some or all of the parties' discovery disputes. (ECF No. 184.)

On October 17, 2016, Plaintiff filed a statement asserting that he posed "no opposition to the [defendant's] motion to compel discovery." (ECF No. 190.)

On August 3, 2017, in response to an order from the Court, Defendant Ashby reported that Plaintiff's discovery responses, submitted in May 2016, have not resolved the majority of the pending discovery disputes, and that Court intervention remains necessary. Defendant Ashby therefore requests that the Court order further responses to the interrogatories and requests for production. Defendant Ashby also requests that the Court issue appropriate sanctions for Plaintiff's refusal to participate in discovery. (ECF No. 197.) On August 7, 2017, Defendant Ashby filed an amended declaration in support of the August 3, 2017 response. (ECF No. 198.)

Defendant Ashby's motion to compel (ECF No. 170) is deemed submitted. Local Rule 230(l).

**I.     Motion to Compel Responses to Interrogatories**

    **A.     Standard**

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P.

---

divests the district court of jurisdiction over those aspects of the case on appeal."). The interlocutory appeal relates solely to Plaintiff's requests for preliminary injunctive relief and a temporary restraining order, not to matters of discovery.

33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

### B. Discussion

On November 5, 2015, Defendant Ashby served Plaintiff with Special Interrogatories, Set One. Plaintiff responded on May 19, 2016. (ECF No. 198, Ex. 2.) Defendant Ashby now seeks to compel further responses to all special interrogatories in Set One.

**Special Interrogatory No. 1**:

State all facts that support YOUR contention that Dr. Ashby's "action evidence a deliberate indifference" as set forth in paragraph 2 of YOUR COMPLAINT.

**Response:**

Responding Party objects to this interrogatory on the basis that it is overlybroad [sic]; burdensome; compound; seeks irrelevant information; lacks foundation; and is not reasonably calculated to lead to the discovery of admissible evidence. Based upon these objections, Responding Party cannot respond to this request.

**Ruling:**

Defendant Ashby's motion to compel a response to this interrogatory is granted. Contrary to the stated objections, Defendant's request for all facts supporting Plaintiff's deliberate indifference claim against Defendant Ashby is not overbroad, compound, or lacking foundation. More importantly, the interrogatory seeks discovery of facts relevant to Plaintiff's claim of deliberate indifference against Defendant Ashby. At the time discovery was propounded in November 2015, relevant information needed only appear reasonably calculated

to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1) (November 2015). However, prior to Plaintiff's response, the scope of discovery was amended to permit parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (effective December 1, 2015). Under either standard, the Court finds that Defendant Ashby is entitled to a response.[2] The interrogatory seeks discovery that is relevant, reasonably calculated to lead to the discovery of admissible evidence and proportional to the needs of the case. As noted, the interrogatory is directed at the sole claim against Defendant Ashby and the factual basis underlying that claim. This information can only be obtained from Plaintiff, is paramount to resolving the issues in this action and the burden of any response from Plaintiff is greatly outweighed by the benefit derived from the factual underpinnings of this action.

**Special Interrogatory No. 2**:

State all facts that support YOUR contention that Dr. Ashby should have provided YOU with a medical chrono for an ADA cell as set forth in paragraph 69 of YOUR COMPLAINT.

**Response**:

After several complaints to Ashby that the forced proning, the sleeping of a state regulation mattress, and the daily climbing up and down his housing unit's stairs caused knife stabbing felt pain in his spine, Ashby advised respondent to discontinue the forced activities, suggesting not following the orders of CDCR officials to prone in order to avoid the knife stabbing pain; whereas instead Ashby could have easily provided respondent with a lower tier chrono to abate the risk of experiencing the pain from climbing up and dwon [sic] his housing unit's stairs.

---

[2] For all remaining interrogatories, the Court will apply the current standard, also applicable at the time of Plaintiff's discovery responses, and consider whether the discovery requests at issue are relevant to any party's claim or defense and proportional to the needs of the case.

**Ruling**:

Defendant Ashby's motion to compel a further response to this interrogatory is granted. Plaintiff's statement relates to a lower tier cell and is not responsive to Defendant Ashby's interrogatory seeking facts supporting Plaintiff's contention that he should have been provided an ADA cell, which is described in Plaintiff's complaint as a cell with "permanent bed and toilet rails." (ECF No. 90 at ¶ 69.)

**Special Interrogatory No. 3**:

State all facts that support YOUR contention that Dr. Ashby should have provided YOU with a vest for prone exemption chrono as set forth in paragraph 69 of YOUR COMPLAINT.

**Response**:

After verbal complaints to Ashby that the forced proning caused knife stabbing pain in his spine, Ashby advised respondent to discontinue the forced activity, when he (Ashby) could <u>have easily</u> provided respondent with a prone exemption vest chrono to abate the risk of respondent suffering the knife stabbing pain whenever he was ordered by CDCR officials to prone out.

**Ruling**:

Defendant Ashby's motion to compel a further response to this interrogatory is denied. Plaintiff's response relates to the reason(s) supporting his contention that Defendant Ashby should have provided a prone exemption vest chrono.

**Special Interrogatory No. 4**:

State all facts that support YOUR contention that Dr. Ashby should have provided YOU with an orthopedic mattress chrono as set forth in paragraph 69 of YOUR COMPLAINT.

**Response**:

After informing Ashby of the pain and sleep deprivation he experienced from being forced to sleep on a state regulation mattress, Ashby should have provided respondent with an orthopedic mattress chrono given the facts that he was aware that respondent

under went [sic] spinal surgery and complained to him about other forced activities that caused knife stabbing pain that could also have been abated by the issuance of chromos.

**Ruling**:

Defendant Ashby's motion to compel a further response to this interrogatory is denied. Plaintiff's response relates to the reason(s) supporting his contention that Defendant Ashby should have provided an orthopedic mattress chrono.

**Special Interrogatory No. 5**:

Identify the two inmates that assisted you to Dr. Ashby's office on September 10, 2007 as set forth in paragraph 53 of YOUR COMPLAINT.

**Response**:

Responding Party objects to this interrogatory on the basis that it is burdensome; [ ] seeks information unknown to respondent; overolybroad [sic]; and is not reasonably calculated to lead to the discovery of admissible evidence. Based upon these objections, responding party cannot respond to this request.

**Ruling**:

Defendant Ashby's motion to compel a further response to this interrogatory is granted. Contrary to Plaintiff's assertions, the request is neither burdensome nor overly broad. Further, the request seeks relevant information regarding percipient witnesses and is proportional to the needs of this case. This information is known only to Plaintiff, relates to Plaintiff's medical needs during the relevant time period, and may accelerate resolution of the issues. Although Plaintiff claims that the request seeks information that is unknown to him, Plaintiff must make a reasonable effort to respond. Even if Plaintiff does not know the names of the inmates, he should provide any available identifying information, which may include physical descriptions and housing/cell assignments. The burden of such a response is greatly outweighed by the benefit of a percipient witness.

**Special Interrogatory No. 6**:

Identify the dates of any grievances YOU filed as set forth in paragraph 72 of YOUR COMPLAINT.

**Response**:

Responding Party objects to this interrogatory on the basis that it is burdensome; overlybroad [sic]; compound; seeks irrelevant information; lacks foundation; and is not reasonably calculated to lead to the discovery of admissible evidence. Based upon these objections, responding party cannot respond to this request.

**Ruling**:

Defendant Ashby's motion to compel a further response to this interrogatory is granted. Contrary to Plaintiff's objections, this interrogatory is not burdensome, overly broad, compound, or lacking in foundation. Further, this interrogatory is relevant to Plaintiff's allegation in his complaint that between May and September 2008, he filed grievances regarding his medical care and proportional to the needs of this case. (ECF No. 90 at ¶ 72.) The interrogatory relates to an affirmative defense in this action regarding exhaustion of administrative remedies, Plaintiff has greater access to grievances that he may have submitted in this action, and any burden is outweighed by the likely benefit of potential early resolution of this action on exhaustion grounds.

**Special Interrogatory No. 7**:

Identify all pain medication YOU were taking in or around September of 2008.

**Response**:

Responding Party objects to this interrogatory on the basis that it is burdensome[sic]; overly broad; comppound [sic]; seek irrelevant information; lacks foundation; and is not reasonably calculated to lead to the disconery [sic] of admissible evidence. Based upon these objections, responding party cannot respond to this request.

**Ruling**:

Defendant Ashby's motion to compel a further response to this interrogatory is granted. Contrary to Plaintiff's objections, this interrogatory is not burdensome, overly broad, compound, or lacking foundation. The interrogatory seeks information that is relevant and proportional to the needs of the case. In particular, this interrogatory is relevant to Plaintiff's medical treatment and his associated compliance with any treatment. Further, information regarding medications

taken by Plaintiff is solely within his knowledge and the burden of any response is outweighed by its benefit.

**Special Interrogatory No. 8**:

State why YOU were moved to a lower tier cell on December 17, 2008 as set forth in paragraph 114 of YOUR COMPLAINT.

**Response**:

Responding Party objects to this interrogatory on the basis that it is vague; overlybroad [sic]; compound; seeks professional medical reasons; lacks foundation; and is not reasonably calculated to lead to the discovery of admissible evidence. Based upon these objections, responding party cannot respond to this request.

**Ruling**:

Defendant Ashby's motion to compel a further response to this interrogatory is granted. Contrary to Plaintiff's objections, this interrogatory is not vague, overly broad, compound, or lacking foundation. Instead, it is relevant to Plaintiff's allegation that he was moved to a lower tier cell and proportional needs of this case. The interrogatory relates to Plaintiff's claims regarding a lower tier cell, is important in resolving the issue of such an assignment, and the burden of any response is outweighed by its benefit.

**Special Interrogatory No. 9**:

Please identify any and all medical professionals that have advised YOU that YOU may need a second spinal surgery as set forth in paragraph 126 of YOUR COMPLAINT.

**Response**:

Neurosurgeon Liker of Bakersfield.

**Ruling**:

Defendant Ashby's motion to compel a further response to this interrogatory is denied. Plaintiff has responded to the interrogatory.

**Special Interrogatory No. 10**:

Please identify any and all current complaints YOU have relating to YOUR back.

**Response**:

Responding Party objects to this interrogatory on the basis that it is overlybroad [sic]; burdensome; compound; seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; and lacks foundation. Based upon these [ ] objections, responding party cannot respond [ ] to this request.

**Ruling**:

Defendant Ashby's motion to compel a further response to this interrogatory is granted. Contrary to Plaintiff's objections, this interrogatory is not overly broad, burdensome, compound, or lacking foundation. This interrogatory is relevant to Plaintiff's back issues and any claimed damages and is proportional to the needs of this case. Defendant Ashby is entitled to discover information regarding Plaintiff's medical condition and any claimed damages, the information is only known by Plaintiff and not accessible by Defendant Ashby, may resolve issues concerning Plaintiff's medical needs and/or alleged damages, and the burden of a response is greatly outweighed by its likely benefit.

**Special Interrogatory No. 11**:

Please identify all damages YOU have incurred due to the alleged actions of Dr. Ashby in this matter.

**Response**:

Responding Party objects to this interrogatory on the basis that it is overlybroad [sic]; burdensome; vague; compound; seeks professional medical opinion; is not reasonably calculated [ ] to lead to the discovery of admissible evidence; and lacks foundation. Based upon these objections, Responding Party cannot respond to this request.

**Ruling**:

Defendant Ashby's motion to compel a further response to this interrogatory is granted. Contrary to Plaintiff's objections, this interrogatory is not overly broad, burdensome, vague, compound, or lacking foundation. This interrogatory is relevant to Plaintiff's claimed damages and proportional to the needs of this case. The information is known to Plaintiff, not Defendant Ashby, it relates directly to the amount in controversy, is of importance to resolving the issues in this action and any burden of a response is outweighed by its likely benefit. Plaintiff need not be

a medical professional to provide information regarding his condition based on his own perception, including any alleged pain.

**Special Interrogatory No. 12**:

Please identify any orthopedic specialists YOU saw in 2008 and the dates of those visits.

**Response**:

Responding Party objects to this interrogatory on the basis that it is overlybroad [sic]; burdensome; vague; compound; seeks information that's irrelevant; is not reasonably calculated to lead to the discovery of admissible evidence; and lacks foundation. Based upon these objections, Responding Party cannot respond to this request.

**Ruling**:

Defendant Ashby's motion to compel a further response to this interrogatory is granted. Contrary to Plaintiff's objections, this interrogatory is not overly broad, burdensome, vague, compound or lacking foundation. It is relevant to Plaintiff's medical condition, treatment and medical diagnoses, if any, and proportional to the needs of this case.

**Special Interrogatory No. 13**:

Please identify any and all physical therapy YOU completed in 2008.

**Response**:

Responding Party objects to this interrogatory on the basis that it is overlybroad [sic]; burdensome; compound [sic]; seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; and lacks foundation. Based

**Ruling**:

Defendant Ashby's motion to compel a further response to this interrogatory is granted. Plaintiff's response is incomplete. Further, this interrogatory is not overly broad, burdensome, compound or lacking foundation. This interrogatory is relevant to Plaintiff's medical treatment and is proportional to the needs of this case.

**Special Interrogatory No. 14**:

Please identify the dates of any "lay-in" you were put on during 2008 by a doctor's order.

///

**Response**:

Responding Party objects to this interrogatory on the basis that it is overlybroad [sic]; burdensome; compound; seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; and lacks foundation. Based upon these objections, responding party cannot respond to this request.

**Ruling**:

Defendant Ashby's motion to compel a further response to this interrogatory is granted. Contrary to Plaintiff's objections, this interrogatory is not overly broad, burdensome, compound or lacking foundation. Instead, it is relevant to Plaintiff's medical care and treatment and proportional to the needs of this case. It relates directly to the deliberate indifference claim at issue, including the necessity of a lower tier chrono or other treatment recommendations, is important to resolution of the issues in this case and the burden of any response is greatly outweighed by its likely benefit.

**Special Interrogatory No. 15**:

Please identify any and all medication you were prescribed in 2008.

**Response**:

Responding Party objects to this interrogatory on the basis that it is overly broad; burdensome; compound; seeks irrelevant information; is not reasonably calculated to lead to the discovery of admissible evidence; and lacks foundation. Based upon these objections, responding party cannot respond to this request.

**Ruling**:

Defendant Ashby's motion to compel a further response to this interrogatory is granted. Contrary to Plaintiff's objections, this interrogatory is not overly broad, burdensome, compound or lacking foundation. Instead, this interrogatory seeks relevant information regarding Plaintiff's medical care and treatment in 2008 and is proportional to the needs of this case. It relates to the medical treatment issues at stake in the action, is important to resolving those issues, and any burden of a response is outweighed by its likely benefit.

## II. Motion to Compel Responses to Requests for Production of Documents

### A. Standard

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1).

### B. Discussion

On November 5, 2015, Defendant Ashby served Plaintiff with a Request for Production of Documents, Set One ("POD"). (ECF No. 198, Ex. 3.) On May 19, 2016, Plaintiff served a response to Defendant Ashby's Request for Production, Set One. (Id. at Ex. 4.) Defendant Ashby now seeks further responses to all PODs.

**POD 1**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)), which show evidence, or mention that on or around September 10, 2008 you complained to Defendant Ashby that you needed a lower tier chrono because of your current complaints.

**Response**:

Responding Party objects to [this] interrogatory on the basis overlybroad [sic]; compound; burdensome; not reasonably calculated to lead to the discovery of admissible evidence; and that it calls for information which is equally available to Ashby. Without waiving these objections, and assuming Ashby is requesting copies of medical records authored by him, medical professionals or respondent, responding party responds as follows; responsive documents are contained in Ashby's progression notes/medical file for respondent which is available to Ashby for inspection and copying pursuant to institutional policies, procedures and Ashby's subpoena, submitted on 10/20/15 for production of all of respondent's medical and documents he is now requesting respondent to produce again.

**Ruling**:

Defendant Ashby's motion to compel POD 1 is granted in part and denied in part. To the extent documents responsive to this request are found in Plaintiff's medical records and are

equally available to Defendant Ashby via subpoena or other means, the Court will not compel a further response. However, to the extent Plaintiff has documents in his possession, custody and control that were not subject to a subpoena or are not contained in Plaintiff's medical file, Plaintiff's objections are overruled, and he must supplement his response. If Plaintiff does not have additional documents responsive to POD 1, Plaintiff should so clearly state in his supplemental response.

**POD 2**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)), which show evidence, or mention that the on or around September 10, 2008 you complained to Defendant Ashby that you needed an orthopedic mattress chrono because of your current complaints.

**Response**:

Responding Party objects to this interrogatory on the basis that it is overlybroad [sic]; compound; burdensome; not reasonably calculate[d] to lead to the discovery of admissible evidence; and that it call for information which is equally available to Ashby. Without waiving these objections, and assuming Ashby is requesting copies of medical records/documents authored by him, medical professionals or respondent, responding party responds as follows; responsive documents are contained in Ashby's progression/medical file for respondent, which is available to Ashby for inspection and copying pursuant to institutional policies, procedures and Ashby's subpoena for production of all respondent's medical documents and documents he is now requesting respondent to produce against in this motion for production.

**Ruling**:

Defendant Ashby's motion to compel POD 2 is granted in part and denied in part. To the extent documents responsive to this request are found in Plaintiff's medical records and are equally available to Defendant Ashby via subpoena or other means, the Court will not compel a further response. However, to the extent Plaintiff has documents in his possession, custody and control that were not subject to a subpoena or are not contained in Plaintiff's medical file, Plaintiff's objections are overruled, and he must supplement his response with relevant

1 documents. If Plaintiff does not have additional documents responsive to POD 2, Plaintiff should so clearly state in his supplemental response.

**POD 3**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)), which show evidence, or mention that the on or around September 10, 2008 you complained to Defendant Ashby that you needed a prone exemption chrono because of your current complaints.

**Response**:

Responding Party objects to this interrogatory on the basis that it is overlybroad; compound; burdensome; not reasonably calculated to lead to the discovery of admissible evidence; and that it calls for information which is equally available to Ashby. Without waiving these objections, and assuming Ashby is requesting copies of medical records/documents authored by him, medical professionals or respondent, responding party responds as follows; responsive documents are contained in Ashby's progression/medical file for respondent, which is available to Ashby for inspection and copying pursuant to institutional policies, procedures and Ashby's subpoena for production of all respondent's medical documents and documents he is now requesting respondent to produce again in this motion for production.

**Ruling**:

Defendant Ashby's motion to compel POD 3 is granted in part and denied in part. To the extent documents responsive to this request are found in Plaintiff's medical records and are equally available to Defendant Ashby via subpoena or other means, the Court will not compel a further response. However, to the extent Plaintiff has documents in his possession, custody and control that were not subject to a subpoena or are not contained in Plaintiff's medical file, Plaintiff's objections are overruled, and he must supplement his response. If Plaintiff does not have additional documents responsive to POD 3, Plaintiff should so clearly state in his supplemental response.

///

///

///

**POD 4**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)), which show evidence, or mention that the on or around September 10, 2008 you complained to Defendant Ashby that you needed an ADA cell chrono because of your current complaints.

**Response**:

Responding Party objects to this interrogatory on the basis that it is overlybroad [sic]; compound; burdensome; not reasonably calculated to lead to the discovery of admissible evidence; and that it calls for information which is equally available to Ashby. Without waiving these objections, and assuming Ashby is requesting copies of medical records/documents authored by him, medical professionals or respondent, responding party responds as follows: responsive documents are contained in Ashby's progression notes/medical file for respondent, which is available to Ashby for inspection and copying pursuant to institutional policies, procedures and ashby's [sic] subpoena for production of all of respondent's medical documents and documents he is now requesting respondent to produce again in this motion for production.

**Ruling**;

Defendant Ashby's motion to compel POD 4 is granted in part and denied in part. To the extent documents responsive to this request are found in Plaintiff's medical records and are equally available to Defendant Ashby via subpoena or other means, the Court will not compel a further response. However, to the extent Plaintiff has documents in his possession, custody and control that were not subject to a subpoena or are not contained in Plaintiff's medical file, Plaintiff's objections are overruled, and he must supplement his response. If Plaintiff does not have additional documents responsive to POD 4, Plaintiff should so clearly state in his supplemental response.

**POD 5**:

All documents which show, evidence or mention the injuries you contend you sustained as a result of Defendant Ashby's actions or conduct on September 10, 2008.

///

///

**Response**:

Responding Party objects to this interrogatory on the basis that it is overlybroad [sic]' compound; burdensome; not reasonably calculated to lead to the discovery of admissible evidence; and that it calls for information which is equally available to Ashby. Without waiving these objections, and assuming Ashby is requesting copies of medical records/documents authored by him, medical professionals or respondent, responding party responds as follows; responsive documents are contained in Ashby's progression notes/medical file for respondent, which is available to Ashby for inspection and copying pursuant to institutional policies, procedures and Ashby's subpoena for production of all of respondent's medical documents and documents his [sic] now requesting respondent to produce again in this motion for production.

**Ruling**:

Defendant Ashby's motion to compel POD 5 is granted in part and denied in part. To the extent documents responsive to this request are found in Plaintiff's medical records and are equally available to Defendant Ashby via subpoena or other means, the Court will not compel a further response. However, to the extent Plaintiff has documents in his possession, custody and control that were not subject to a subpoena or are not contained in Plaintiff's medical file, Plaintiff's objections are overruled, and he must supplement his response. If Plaintiff does not have additional documents responsive to POD 5, Plaintiff should so clearly state in his supplemental response.

**POD 6**:

All documents which show, evidence or mention that on or after September 10, 2008 you required pain management treatment that was different from the treatment Dr. Ashby provided you at the time of his visit.

**Response**:

Rssponding [sic] Party objects to this interrogatory on the basis that it is overlybroad [sic]; compound; burdensom[e]; not reasonable [sic] calculated to lead to the discovery of admissible evidence; and that it calls for information which [sic] is equally available to Ashby. Wihou [sic] waiving these objeections [sic], and assuming Ashby is requesting copies of medical

records/documents authored by him, medical professionals or respondent, responding party responds as follows; responsive documents are contained in Ashby's progression notes/medical file for respondent, which is available to Ashby for inspection and copying pursuant to

**Ruling**:

Defendant Ashby's motion to compel POD 6 is granted. Plaintiff's response is incomplete. To the extent Plaintiff has documents in his possession, custody and control responsive to this request, Plaintiff's objections are overruled, and he must supplement his response. If Plaintiff does not have documents responsive to POD 6, Plaintiff should so clearly state in his supplemental response.

**POD 7**:

All documents which show, evidence or mention that you required a lower tier assignment for medical reasons as alleged in your Third Amended Complaint.

**Response**:

Responding Party objects to this interrogatory on the basis that it is overlybroad [sic]; compound; burdensome; not reasonably calculated to lead to the discovery of admissible evidence; and that it calls for information which is equally available to Ashby. Without waiving these objections, and assuming Ashby is requesting copies of medical records/documents authored by him, medical professionals or respondent, responding party responds as follows; responsive documents are contained in Ashby's progression notes/medical file for respondent, which is available to Ashby for inspection and copying pursuant to institutional policies, procedures and Ashby's subpoena for production of all of respondent's medical documents and documents he is now requesting respondent to produce again in this motion for production.

**Ruling**:

Defendant Ashby's motion to compel POD 7 is granted in part and denied in part. To the extent documents responsive to this request are found in Plaintiff's medical records and are equally available to Defendant Ashby via subpoena or other means, the Court will not compel a further response. However, to the extent Plaintiff has documents in his possession, custody and control that were not subject to a subpoena or are not contained in Plaintiff's medical file,

Plaintiff's objections are overruled, and he must supplement his response.  If Plaintiff does not have additional documents responsive to POD 7, Plaintiff should so clearly state in his supplemental response.

**POD 8**:

Any and all medical records relating to YOUR injuries from 2006 to the present.

**Response**:

Responding Party objects to this interrogatory on the basis that it is overlybroad [sic]; compound; burdensome; not reasonably calculated to lead to the discovery of admissible evidence; and that it calls for information which is equally available to Ashby.  Without waiving these objections, and assuming Ashby is requesting copies of medical records/documents authored by him, medical professionals or respondent, responding party responds as follows; responsive documents are contained in Ashby's progression notes/medical file for respondent, which is available to Ashby for inspection and copying pursuant to institutional policies and procedures and Ashby's subpoena for production of all of respondent's medical documents and documents he is now requesting respondent to produce again in this motion for production.

**Ruling**:

Defendant Ashby's motion to compel POD 8 is denied.  To the extent documents responsive to this request are found in Plaintiff's medical records and are equally available to Defendant Ashby via subpoena or other means, the Court will not compel a further response.

**POD 9**:

Any and all DOCUMENTS evidencing any injuries YOU have sustained from September 2008 to the present.

**Response**:

Responding Party objects to this interrogatory on the basis it is overly broad; compound; burdensome; not reasonably calculated to lead to the discovery of admissible evidence; and that is calls for information which is equally available to Ashby.  Without waiving these objections, and assuming Ashby is requesting copies of medical records/documents, responding party responds as follows; Responsive documents are contained in the subpoened [sic] medical

file/documents of respondent, on October 20th, 2016,³ by Ashby, which is also available to Ashby for inspection and copying pursuant to institutional policies, and procedures.

**Ruling**:

Defendant Ashby's motion to compel POD 9 is granted in part and denied in part. To the extent documents responsive to this request are found in Plaintiff's medical records and are equally available to Defendant Ashby via subpoena or other means, the Court will not compel a further response. However, to the extent Plaintiff has documents in his possession, custody and control that were not subject to a subpoena or are not contained in Plaintiff's medical file, Plaintiff's objections are overruled, and he must supplement his response. If Plaintiff does not have additional documents responsive to POD 9, Plaintiff should so clearly state in his supplemental response.

**III.  Defendant Ashby's Request for Sanctions**

In addition to compelling responses to discovery, Defendant Ashby requests that this Court issue sanctions—either evidentiary or terminating—based on Plaintiff's failure to comply with the rules of discovery. Under Federal Rule of Civil Procedure 37(a)(5)(A), if the Court grants the motion to compel or if the requested discovery is provided after the motion was filed, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not order this payment if, among other things, the opposing party's nondisclosure, response, or objection was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). Here, the Court finds that Plaintiff's pro se and in forma pauperis status make an award of expenses unjust, and Defendant Ashby's request for sanctions shall be denied. However, if Plaintiff fails to comply with the Court's order compelling further responses, Defendant Ashby is not precluded from seeking sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2).

///

///

---

³  Based on Plaintiff's response to POD 1, the year ("2016") appears to be a typographical error.

**IV. Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Defendant Ashby's Motion to Compel Responses to Interrogatories, Set One is GRANTED IN PART and DENIED IN PART as detailed above;
2. Within **thirty (30) days** following service of this order, Plaintiff shall serve Defendant Ashby with supplemental responses to Interrogatories 1, 2, 5-8, and 10-15 without objections;
3. Defendant Ashby's Motion to Compel Responses to Requests for Production, Set One is GRANTED IN PART and DENIED IN PART as detailed above;
4. Within **thirty (30) days** following service of this order, Plaintiff shall serve Defendant Ashby with supplemental responses to Requests for Production of Documents 1-7 and 9;
5. Defendant Ashby's request for sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) is denied; and
6. If Plaintiff fails to comply with this order, Defendant Ashby is not precluded from seeking appropriate sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2).

IT IS SO ORDERED.

Dated: __**August 21, 2017**__    ____/s/ *Barbara A. McAuliffe*____
UNITED STATES MAGISTRATE JUDGE