# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>                Plaintiff,<br><br>      v.<br><br>LOPEZ, et al.,<br><br>                Defendants. | Case No. 1:09-cv-01874-AWI-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S THIRD MOTION FOR EXTENSION OF TIME TO FILE DISCOVERY RESPONSES NUNC PRO TUNC AND DENYING MOTION FOR COUNSEL WITHOUT PREJUDICE<br>(ECF No. 216)<br><br>ORDER GRANTING IN PART PLAINTIFF'S FOURTH MOTION FOR EXTENSION OF TIME TO FILE DISCOVERY RESPONSES<br>(ECF No. 217)<br><br>**THIRTY (30) DAY DEADLINE**<br><br>ORDER SETTING TELEPHONIC STATUS CONFERENCE<br><br>Date: Tuesday, December 14, 2017<br>Time: 10:30 a.m. |

Plaintiff Bilal Ahdom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendants Schaefer, Araich, Chen, Shittu, and Ashby for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

///

///

1

## I. Background

On August 17, 2017, the Court issued three orders resolving various pending discovery motions. (ECF Nos. 199, 200, 201.) Within thirty (30) days from service of those orders, Plaintiff was ordered to: (1) serve amended answers to Defendant Shittu's Requests for Admissions, Set One, Numbers 1–9 and 12–18; (2) serve responses, without objections, to Defendant Shittu's Request for Admissions, Set Two, and Interrogatories, Set Two; (3) serve supplemental responses to Defendants Chen, Araich, and Schaefer's Interrogatories Nos. 3–12; (4) serve supplemental responses to Defendant Shittu's Interrogatories Nos. 1–9, and 12–18; and (5) serve supplemental responses to Defendants' Request for Production of Documents 3–10 and 13–21. (Id.)

On August 22, 2017, the Court issued an order requiring Plaintiff, within thirty (30) days from service of that order, to serve Defendant Ashby with supplemental responses to Interrogatories 1, 2, 5–8, and 10–15, without objections, and supplemental responses to Requests for Production of Documents 1–7 and 9. (ECF No. 202.)

Following two extensions of time, Plaintiff's responses to Defendants Shittu, Chen, and Araich were due on or before November 20, 2017, and Plaintiff's responses to Defendant Ashby were due on or before November 27, 2017. (ECF Nos. 209, 211.)

Currently before the Court are the parties' responses to the Court's order requiring the parties to notify the Court whether a settlement conference would be beneficial. (ECF Nos. 213–216.) In his response, Plaintiff also seeks a third extension of time to file his discovery responses to Defendants Shittu, Schaefer, Araich, and Chen, as well as appointment of counsel to represent him during settlement negotiations. (ECF No. 216.) On December 4, 2017, Plaintiff filed a motion for a fourth extension of time to file his discovery responses to Defendants Shittu, Schaefer, Araich, and Chen. (ECF No. 217.) Defendants have not had an opportunity to file responses to Plaintiff's motions, but the Court finds responses unnecessary. The motions are deemed submitted.

///

///

## II.     Motions for Extension of Time

In his motions for extension of time, Plaintiff states that he is unable to timely file his discovery responses for Defendants Shittu, Schaefer, Araich, and Chen due to inadequate resources in the prison law library, inadequate time provided to Plaintiff on the ADA resource equipment, Plaintiff's inability to access his legal papers from the ADA equipment without CDCR staff authorization, law library closures, and Plaintiff's status as a layman trying to provide proper and sufficient responses to Defendants' discovery requests.  (ECF Nos. 216, 217.) Plaintiff initially sought a fourteen (14) day extension of time, and in anticipation that the Court would grant that extension, now seeks an additional forty-five (45) day extension of time.  (Id.)

Having considered Plaintiff's moving papers, and in light of the parties' desire to proceed with a settlement conference, as discussed below, the Court finds good cause and Plaintiff's third request for extension of time to file discovery responses for Defendants Shittu, Schaefer, Araich, and Chen, (ECF No. 216) is granted.  Plaintiff's fourth request for extension of time is granted in part.[1]

## III.    Motion for Appointment of Counsel

As Plaintiff previously has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

---

[1] Plaintiff has not requested an extension of time with respect to the discovery responses to Defendant Ashby, which were due on or before November 27, 2017.  Therefore, the extension of time granted here does not extend the deadline for Plaintiff's responses to Defendant Ashby.

3

complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, Plaintiff argues that appointment of counsel is appropriate to assist him in negotiating a settlement agreement because he is not qualified in many areas of the settlement process, or authorized to make certain decisions in legal settlements. Plaintiff states that he is a layman and does not know the requirements of the PLRA, nor does he know how to legally or properly prepare required settlement briefs. (ECF No. 216.)

The Court has considered Plaintiff's moving papers and supporting documents. Despite Plaintiff's alleged limitations, the pleadings and motions on file at this juncture indicate that he can adequately articulate his claims and negotiate a settlement on his own behalf. Further, at this stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Rand, 113 F.3d at 1525. Plaintiff notes that his Court has found he stated cognizable claims against the Defendants, (ECF No. 158, p. 5), but the fact that he has passed this low bar has not yet shown the Court that he is likely to succeed on the merits.

**IV.     Telephonic Status Conference**

In light of Plaintiff's outstanding discovery responses to Defendants Shittu, Schaefer, Chen, and Araich, the Court finds it appropriate to set a telephonic status conference in this case. Plaintiff shall be prepared to address the efforts that have been made to timely complete discovery responses, and Defendants shall be prepared to address which discovery responses are necessary for their meaningful preparation for a settlement conference.

**V.     Conclusion and Order**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1.  Plaintiff's third motion for extension of time to file discovery responses, (ECF No. 216) is GRANTED NUNC PRO TUNC;

2.  Plaintiff's motion for appointment of counsel, (ECF No. 216) is DENIED without prejudice;

3.  Plaintiff's fourth motion for extension of time to file discovery responses, (ECF No. 217) is GRANTED IN PART;

///

4. Plaintiff's discovery responses to Defendants Shittu, Schaefer, Chen, and Araich are due within **thirty (30) days** from the date of service of this order; and

5. This matter is set for a telephonic status conference on **Thursday, December 14, 2017, at 10:30 a.m.** before the undersigned. The parties shall appear telephonically by using the following dial-in number and passcode at the time set for the hearing: dial-in number 1-877-411-9748; passcode 3190866. Counsel for Defendants is required to arrange for Plaintiff's participation by contacting the litigation coordinator at the institution where Plaintiff is housed.

IT IS SO ORDERED.

Dated: **December 6, 2017**           /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE