# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>        Plaintiff,<br><br>    v.<br><br>LOPEZ, et al.,<br><br>        Defendants. | Case No. 1:09-cv-01874-AWI-BAM (PC)<br><br>ORDER VACATING TELEPHONIC STATUS CONFERENCE<br><br>ORDER SETTING TELEPHONIC HEARING ON DEFENDANTS' MOTION FOR SANCTIONS (ECF No. 224)<br><br>Date: Tuesday, March 6, 2018<br>Time: 10:30 a.m. |

Plaintiff Bilal Ahdom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendants Schaefer, Araich, Chen, Shittu, and Ashby for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On August 17, 2017, the Court issued three orders resolving various pending discovery motions. (ECF Nos. 199, 200, 201.) Within thirty (30) days from service of those orders, Plaintiff was ordered to: (1) serve amended answers to Defendant Shittu's Requests for Admissions, Set One, Numbers 1–9 and 12–18; (2) serve responses, without objections, to Defendant Shittu's Request for Admissions, Set Two, and Interrogatories, Set Two; (3) serve supplemental responses to Defendants Chen, Araich, and Schaefer's Interrogatories Nos. 3–12; (4) serve supplemental responses to Defendant Shittu's Interrogatories Nos. 1–9, and 12–18; and

1

(5) serve supplemental responses to Defendants' Request for Production of Documents 3–10 and 13–21.  (Id.)

On August 22, 2017, the Court issued an order requiring Plaintiff, within thirty (30) days from service of that order, to serve Defendant Ashby with supplemental responses to Interrogatories 1, 2, 5–8, and 10–15, without objections, and supplemental responses to Requests for Production of Documents 1–7 and 9.  (ECF No. 202.)

Following two extensions of time, Plaintiff's responses to Defendant Ashby were due on or before November 27, 2017.  (ECF No. 211.)  Following three extensions of time, Plaintiff's responses to Defendants Shittu, Chen, and Araich were due on or before January 8, 2018.  (ECF No. 218.)

In response to the Court's order requiring the parties to notify the Court whether a settlement conference would be beneficial, all parties expressed an interest in settlement discussions.  (ECF Nos. 213–216.)  However, Defendants sought full discovery responses from Plaintiff prior to any settlement conference.  In light of Plaintiff's outstanding responses, the Court held a telephonic status conference on December 14, 2017.  (ECF No. 218.)

At the telephonic status conference, the Court heard from the parties regarding the status of Plaintiff's discovery responses.  Counsel for Defendant Ashby indicated that partial responses had been received, and Plaintiff represented that the remaining responses would be mailed to counsel shortly.  With respect to the discovery responses outstanding for Defendants Schaefer, Shittu, Araich, and Chen, Plaintiff indicated that he did not anticipate requiring any future extensions of time beyond the current January 8, 2018 deadline.  As discussed on the record, the Court cautioned Plaintiff that no further extensions of time to respond to Defendants' discovery requests would be granted.

Following the status conference, the Court set a further telephonic status conference for February 8, 2018, at 11:00 a.m. to discuss whether Plaintiff's discovery responses were received, reviewed, and adequate, as well as whether the parties still believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.

On January 8, 2018, Plaintiff filed with the Court and served on Defendants his responses to the pending discovery requests. (ECF No. 222.) On January 16, 2018, Defendants Araich, Chen, and Shittu filed a motion for sanctions. (ECF No. 224.) The motion was joined by Defendant Schaefer. (ECF No. 225.)

Defendants have indicated by their motion that while they have received Plaintiff's discovery responses, they do not find them to be adequate. In addition, Plaintiff's opposition to the pending motion for sanctions is not due until February 9, 2018. The Court will therefore vacate the February 8, 2018 status conference. In lieu of rescheduling the status conference, the Court finds it appropriate to set a telephonic hearing in order to hear oral argument on the pending motion for sanctions.

Accordingly, the Court HEREBY ORDERS as follows:

1. The telephonic status conference set for February 8, 2018, is VACATED; and
2. This matter is SET for a hearing on Defendants' motion for sanctions on **Tuesday, March 6, 2018, at 10:30 a.m.** before the undersigned. The parties shall appear telephonically by using the following dial-in number and passcode at the time set for the hearing: dial-in number 1-877-411-9748; passcode 3190866. Counsel for Defendants is required to arrange for Plaintiff's participation by contacting the litigation coordinator at the institution where Plaintiff is housed.

IT IS SO ORDERED.

Dated: **January 30, 2018**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE