# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>        Plaintiff,<br><br>    v.<br><br>LOPEZ, et al.,<br><br>        Defendants. | Case No. 1:09-cv-01874-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR TERMINATING SANCTIONS AND DENY PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF Nos. 224, 230)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**Findings and Recommendations**

**I.    Background**

Plaintiff Bilal Ahdom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on October 26, 2009, and proceeds on Plaintiff's claims against Defendants Schaefer, Araich, Chen, Shittu, and Ashby (collectively, "Defendants") for deliberate indifference to serious medical needs in violation of the Eighth Amendment. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    **A.    Summary of Allegations**

This action arises out of events occurring in 2008 for deliberate indifference to serious medical needs by Defendants. Plaintiff alleges deliberate indifference by Defendant Schaefer, from October 5, 2008 through November 2008, for denial of a request for an accommodation for

1

a lower tier cell or an ADA cell. Plaintiff alleges Defendant Araich denied Plaintiff medication during the period of May 2008 to September 2008. Plaintiff alleges Defendant Chen also denied medication and failed to provide treatment during this same time period of May 2008 to September 2008. Plaintiff alleges that Defendant Shittu denied pain medication, failed to provide treatment, and failed to provide a lower tier chrono during May 2008 through November 2008. Plaintiff alleges that Defendant Ashby refused to issue any medical chrono when it was Defendant Ashby's own medical opinion that it was medically necessary.

### B. Overview of the Discovery

Following several screenings of the complaint and a round of motions to dismiss, Defendants began discovery in January 2013. (ECF No. 67, Motion to Compel.) Defendants propounded requests for production of documents, interrogatories and requests for admissions seeking documents, facts and witnesses which support Plaintiff's claims. Plaintiff responded, and finding Plaintiff's responses inadequate, Defendants moved to compel on March 25, 2013 on the grounds that Plaintiff provided incomplete and evasive responses, unmeritorious objections, and in some instances, failed to provide any response at all. (Id.) Defendants also moved for sanctions. About the same time as the Motion to Compel was pending, Defendants filed a Motion to Dismiss. The Motion to Dismiss resulted in a Second Amended Complaint on August 29, 2013, (ECF No. 77), and another round of Motions to Dismiss followed challenging the Second Amended Complaint. (ECF No. 79.) While those motions were pending, Plaintiff sought, and was granted, leave to file a Third Amended Complaint, which was filed on November 18, 2013. (ECF No. 90.)

By the time of the Third Amended Complaint was filed, the discovery requests and the motions to compel had been pending for eight months. At no time during this eight month period, did Plaintiff attempt to supplement, revise or modify his discovery requests which were the subject of the pending Motion to Compel.

The Third Amended Complaint also resulted in a round of Motions to Dismiss. (ECF Nos. 94–96.) While those motions were pending, the Court denied without prejudice the Motion to Compel on February 27, 2014 on the grounds that based on the unsettled nature of the

2

operative complaint and the absence of a scheduling order, the Court found it appropriate to deny the pending discovery motion without prejudice. (ECF No. 105.) While the latest Motions to Dismiss were pending, from December 2013 to October 2015, Plaintiff did not attempt to supplement, revise or modify his discovery requests which had been the subject of the pending Motion to Compel.

Once the pleadings were settled in October 2015, (ECF No. 152), and Defendants answered the Third Amended Complaint in October 2015, (ECF Nos. 154–156), the Court issued a new scheduling order. Defendants then re-propounded the discovery: the interrogatories, the requests for documents, and requests for admissions on Plaintiff in or around January 2016. (ECF No. 170-1.) On February 17, 2016, counsel for Defendant Ashby took Plaintiff's deposition, but at his deposition, Plaintiff refused to answer any question on the grounds of the Fifth Amendment right against self-incrimination.

On February 25, 2016, defense counsel spoke to Plaintiff by telephone regarding his responses to Defendants' discovery.[1] Plaintiff refused to answer, indicating that he would not respond to any questions unless ordered to do so by the Court. Plaintiff also invoked his Fifth Amendment right against self-incrimination in response to any further questions regarding discovery. (ECF No. 172-2, Hennes Decl. at ¶ 5.) Based on Plaintiff's response, Defendants filed various motions to compel and a renewed motion to determine the sufficiency of Plaintiff's answers or objections in February 2016. (ECF Nos. 170–173.) The Court ordered Plaintiff to respond to the motions to compel, and following some delay, on October 17, 2016, Plaintiff filed a statement asserting that he posed "no opposition to the [defendants'] motion to compel discovery." (ECF No. 190.)

On August 17, 2017, the Court issued three orders resolving three of the pending discovery motions. (ECF Nos. 199, 200, 201.) Within thirty (30) days from service of those

---

[1] For instance, to each and every interrogatory, Plaintiff's written response states, "Responding Party objects to this interrogatory on the basis that it seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence; it is overly broad; burdensome; compound; lacks foundation; and based upon these objections, Responding Party cannot respond to this request." (ECF No. 173-2, p. 24–45.) For each and every Request for Production of Documents, Plaintiff responded with the same litany of objections and stated he has no responsive documents in his possession. (ECF No. 173-2, p. 60–67.)

3

orders, Plaintiff was ordered to: (1) serve amended answers to Defendant Shittu's Requests for Admissions, Set One, Numbers 1–9 and 12–18; (2) serve responses, without objections, to Defendant Shittu's Request for Admissions, Set Two, and Interrogatories, Set Two; (3) serve supplemental responses to Defendants Chen, Araich, and Schaefer's Interrogatories Nos. 3–12; (4) serve supplemental responses to Defendant Shittu's Interrogatories Nos. 1–9, and 12–18; and (5) serve supplemental responses to Defendants' Request for Production of Documents 3–10 and 13–21. (Id.)

On August 22, 2017, the Court issued an order regarding the final pending discovery motion, requiring Plaintiff, within thirty (30) days from service of that order, to serve Defendant Ashby with supplemental responses to Interrogatories 1, 2, 5–8, and 10–15, without objections, and supplemental responses to Requests for Production of Documents 1–7 and 9. (ECF No. 202.)

Following two extensions of time, Plaintiff's responses to Defendant Ashby were due on or before November 27, 2017. (ECF No. 211.) Following three extensions of time, Plaintiff's responses to Defendants Shittu, Chen, and Araich were due on or before January 8, 2018. (ECF No. 218.)

In response to the Court's order requiring the parties to notify the Court whether a settlement conference would be beneficial, all parties expressed an interest in settlement discussions. (ECF Nos. 213–216.) However, Defendants sought full discovery responses from Plaintiff prior to any settlement conference. In light of Plaintiff's outstanding responses, the Court held a telephonic status conference on December 14, 2017. (ECF No. 218.)

At the telephonic status conference, the Court heard from the parties regarding the status of Plaintiff's discovery responses. Counsel for Defendant Ashby indicated that partial responses had been received, and Plaintiff represented that the remaining responses would be mailed to counsel shortly. With respect to the discovery responses outstanding for Defendants Schaefer, Shittu, Araich, and Chen, Plaintiff indicated that he did not anticipate requiring any future extensions of time beyond the current January 8, 2018 deadline. As discussed on the record, the Court cautioned Plaintiff that no further extensions of time to respond to Defendants' discovery requests would be granted and explained what he must do. A further telephonic status conference

was set for February 8, 2018.

On January 8, 2018, Plaintiff filed with the Court and served on Defendants his responses to the pending discovery requests. (ECF No. 222.) On January 16, 2018, Defendants Araich, Chen, and Shittu filed a motion for sanctions. (ECF No. 224.) The motion was joined by Defendant Schaefer. (ECF No. 225.) In lieu of rescheduling the status conference, the Court set a telephonic hearing in order to hear oral argument on the motion for sanctions.

Plaintiff filed his opposition on February 12, 2018, (ECF No. 227), and Defendants filed their replies on February 14, 2018, (ECF Nos. 228, 229). On February 26, 2018, Plaintiff filed a motion to compel, seeking a Court order commanding the Defendants or their agents to provide Plaintiff with access to his medical records, or to provide Plaintiff with legal representation. (ECF No. 230.)

The above summarizes merely part of the proceedings in this case. The docket currently stands at 231 entries. While this case has been pending, Plaintiff has filed two interlocutory appeals, three requests for preliminary injunction or temporary restraining orders, and for each event which imposed a deadline on him, multiple motions and multiple requests for extension of time. (ECF Nos. 11, 18, 34, 41, 44, 57, 71, 75, 81, 85, 86, 97, 98, 103, 132, 142, 145, 147, 149, 203, 206, 208, 210, 216, 217.) Since the time this case was filed in 2009, through multiple rounds of motions to dismiss, two interlocutory appeals, multiple requests for injunctions and 25 requests for extension of time, Plaintiff has yet to "produce a single document." It is against a backdrop, of delay, evasiveness and prejudice to the Defendants, as described below, that the Court issues these findings and recommendations.

**II.     Discussion**

**A.     Motion for Sanctions**

Defendants move for terminating sanctions on the grounds that Plaintiff has evaded properly responding to Defendants' discovery requests for over four years. In support of this contention, Defendants cite to the numerous discovery requests propounded on Plaintiff since 2013, including interrogatories, requests for production of documents, and requests for admission. (See ECF Nos. 171-2 and 173-2.) At no time has Plaintiff served compliant discovery responses.

Plaintiff has repeatedly sought extensions of time to provide those responses. Defendants argue that upon finally serving his discovery responses, after the Court's orders on August 17, 2017, Plaintiff has continued to provide non-responsive or meandering answers to many of Defendants' requests for admission and interrogatories, and has failed to produce or identify a single document in response to Defendants' requests for production. (<u>See</u> ECF No. 224-1.)

In opposition, Plaintiff argues that while he admits that he mistakenly aligned some of his responses to the wrong set of interrogatories or requests for admission, these mistakes can be corrected, if he is given the opportunity.[2] In addition, Plaintiff argues that he has responded to all of Defendants' requests for production of documents honestly and to the best of his abilities. Plaintiff explains that, due to several prison transfers within the past 11 months, unanswered requests to review his medical documents, limitations on the amount of property inmates can possess, and property confiscations, he is unable to find and produce documents responsive to the requests. Instead, he answered Defendants' discovery requests by providing lengthy, detailed narratives describing the events that transpired on the dates in question. In addition, Plaintiff states that his repeated requests for extensions of time demonstrate his intention to act in good faith, as he identified factors out of his control that would prevent him from meeting the Court's deadlines. (ECF No. 227.)

In reply, Defendants reiterate that Plaintiff's responses are blatantly insufficient, and he has made no efforts to correct any of the identified mistakes in his opposition. In addition, Defendants argue that Plaintiff has made no indication that he has attempted to obtain any of the documents, from his own medical file, necessary to support his claims, and apparently lacks any personal knowledge regarding the factual basis for his lawsuit. (ECF Nos. 228, 229.)

A telephonic hearing was held on March 6, 2018. Plaintiff and counsel for all Defendants appeared and argument was heard on the record.

///

///

---

[2] The Court notes that Plaintiff appears to have misaligned his answers with the questions in some of his discovery responses. The Court does not consider this mistake as a ground for issuing sanctions.

**B.     Legal Standard**

Broad sanctions may be imposed against a person or party for failure to obey a prior court order compelling discovery. Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the Court may issue further just orders, which may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A). The Court also may dismiss the action or proceeding in whole or in part. Id. Dismissal and default are such drastic remedies, they may be ordered only in extreme circumstances—i.e., willful disobedience or bad faith. In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996). Even a single willful violation may suffice depending on the circumstances. Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1056 (9th Cir. 1998) (dishonest concealment of critical evidence justified dismissal).[3]

Additionally, Local Rule 110 provides that "[f]ailure . . . of a party to comply . . . with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). Terminating sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007).

**C.     The Court Finds that Plaintiff has Acted in Bad Faith**

       **1.     Plaintiff Withheld Key Information in Long-Outstanding Discovery**

This action has been pending since October 2009, and Plaintiff shows little interest in expeditiously complying with this Court's discovery orders or fulfilling his discovery obligations.[4] The original discovery period in this action opened in 2012. (ECF No. 39.) In

---

[3] The dismissal sanction is not limited to claims against the defendant who propounded the discovery. The court has discretion to order dismissal against all defendants prejudiced by plaintiffs' discovery violations (e.g., where one was relying on discovery efforts undertaken by the other). Payne v. Exxon Corp., 121 F. 3d 503, 510 (9th Cir. 1997).

[4] A party has an obligation to respond to discovery regardless of whether a court has compelled responses. A party

7

2013, the Defendants propounded discovery and then re-propounded substantially the same (if not identical) questions in 2016. For instance, Request for Production of Doc. No. 5 in the set propounded in 2013, (ECF No. 67-3, p. 61), is the same as Request for Production of Doc No. 5 propounded in 2016, (ECF No. 173-2, p. 50), ("All documents . . . which show, evidence, or mention that, between May 24, 2008 and September 11, 2008, you complained to Defendant Chen that your pain medication were ineffective, and that Chen failed to act . . .") and Request for Production of Doc. No. 13 in the set propounded in 2013, (ECF No. 67-3, p. 64), is the same as Request for Production of Doc. No. 13 (ECF No. 173-2, p. 53), propounded in 2016 ("All documents . . . which show, evidence or mention that the incision site on your back, relating to your back surgery on May 1, 2008, became infected . . ."). These document requests, along with the Interrogatories, show that Plaintiff has known of the information that Defendants would seek since 2013. At no time, until after the Court's Order in August 2017, did Plaintiff attempt to respond (other than by way of objections).

Plaintiff's discovery obligation under the Federal Rules of Civil Procedure does not permit him to abdicate his responsibility to respond to properly propounded and pending discovery. Plaintiff has known since 2013 that he would be required to answer the discovery—yet Plaintiff never answered the discovery.[5] The discovery was propounded on two separate occasions—in 2013 and 2016—yet Plaintiff never answered the discovery. Two motions to compel—years apart—alerted Plaintiff that court intervention would be required. Yet, Plaintiff never answered the discovery. As Defendants have noted: "Not a single document has been produced." Thus, Defendants have been unable to prepare a defense because they do not have basic factual information and documentary support of Plaintiff's claims.

While discovery had been pending, and rather than respond, Plaintiff engaged in fruitless and unmeritorious interlocutory appeals and attempts to restrain conduct—none of which was successful. Plaintiff long ago told Defendants he would not respond to discovery without a Court

---

has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery. Hartline v. Nat'l Univ., No. 2:14-CV-00635-KJM-AC, 2018 WL 1014611, at *3 (E.D. Cal. Feb. 22, 2018).

[5] Plaintiff responded to discovery by objecting and provided no substantive responses. (See ECF No. 173-2, p. 24−45.)

order, and never did, and continues to not respond even with a Court order.

### 2. Plaintiff's Many Excuses for Failure to Comply are Not Credible

Plaintiff offers many excuses why he was unable to produce documents or adequately answer the discovery. He was transferred to different institutions, he was put in administrative segregation, he submitted several requests to review his medical file for the documents but has been obstructed, and his documents were confiscated or destroyed by custody staff. (See ECF No.. 277, p. 4.)

The Court does not find Plaintiff's excuses credible. Plaintiff argues that he has been transferred to different institutions, but that excuse simply is not true. The Court's docket does not reflect, as it must, a change of address for Plaintiff (even between Corcoran and SATF). Local Rule 183 requires a person appearing in pro per to keep the Court informed of any institution changes and the Court's docket does not show any transfers. At oral argument on March 6, 2018, when the Court asked Plaintiff about the "transfers," Plaintiff back-tracked off this excuse and said he only meant that he was put in administrative segregation and he did not mean an institution change. However, Plaintiff's opposition papers state that "within the past 11 months Plaintiff has been transferred twice between prisons." (Id.) The Court does not find this excuse credible.

Plaintiff argues that he was put in administrative segregation and/or his property was confiscated such that he no longer has the documents to support his claims. Again, this excuse is not supported by Plaintiff's prior representations to the Court. Over the life of this case, Plaintiff has requested extension of time approximately 25 different times. In none of these requests did he state that he was in administrative segregation or that his property had been confiscated. (See e.g., ECF No. 98 (extension of time needed because of limited ADA law library equipment and insufficient time to research); ECF No. 142 (unavailable inmate paralegals, law library access and health reasons); ECF No. 203 (inadequate prison law library, ADA law library resources, insufficient time to search for responses, and documents are in possession of CDCR); ECF No. 206 (ADA facilities unavailable, law library unavailable; has not had adequate time to search the documents in CDCR's possession); ECF No. 210 (inadequate or limited access to law library,

ADA computers in adequate, prison locked down, can't print, responses are on ADA computer.)) Rather than the new proffered excuse of "confiscated documents," Plaintiff previously represented to the Court that he has not had sufficient time to review his own records, or that he has not had sufficient access to the law library or the ADA computers. At oral argument on March 6, when the Court asked Plaintiff about why he did not include any mention of "confiscated" documents in his requests to the Court, he again back-tracked and said it was a "mistake" for not mentioning it. In reviewing the dozens of requests for extensions of time by Plaintiff, the Court finds that Plaintiff has had no difficulty asserting any number of reasons for delay. Plaintiff knows exactly how to say what his problem is and what he wants. The fact that he never mentioned that he was placed in administrative segregation and his property confiscated is not credible to the Court.

Despite the ample time he was provided, it appears that Plaintiff has failed to obtain or review his own medical file at any time in the eight plus years this case has been pending. Plaintiff blames prison custody staff for the failure to review documents—he argues in his opposition that he put in requests to review his medical records, and the requests were never returned, (ECF No. 227, p. 11), or the procedure for reviewing his medical records changed and he could not get the documents delivered to his cell. Plaintiff argues in his pending motion to compel that "between 2015 and late 2017" he has attempted to request a review of his medical records and repeatedly received no response.

Again, the Court does not find this excuse credible. The exhibits attached, purportedly requesting review of his medical file, are dated January and February 201**8**. (ECF No. 230.) Plaintiff provides no evidentiary support for his claim that he asked to look at his medical file *prior* to 2018. The Court does not find it credible that Plaintiff, in fact, made any such request or attempted in any fashion to review his medical file. Indeed, this lack of review comports with Plaintiff's responses to Defense counsel (Plaintiff's refusal to submit responses or answer questions without a court order) and his most recent responses to the document requests, which is that Defendant should "go find it yourself." (ECF No. 222, Plaintiff's responses ("All Documents . . . may be found in Plaintiff's medical file. Plaintiff is not in possession of any

10

document that may pertain to this POD request might be found in Plaintiff's medical file; which is available to defense counsel."))[6]

In addition, the Court notes that Plaintiff's approximately 25 requests for extensions of time to respond to events in this case, including discovery, make no mention of having trouble or requiring assistance in obtaining access to his medical records. (ECF Nos. 11, 18, 34, 41, 44, 57, 71, 75, 81, 85, 86, 97, 98, 103, 132, 142, 145, 147, 149, 203, 206, 208, 210, 216, 217.) Rather, Plaintiff states that he has not had sufficient time to review his records, or that he has not had sufficient access to the law library or the ADA computers. Again, Plaintiff knows exactly how to say what his problem is and what he wants. The Court notes that the requests to review his medical file were submitted *after* the Court granted Defendants' motions to compel Plaintiff's responses and after the December 14, 2017 hearing. It appears that Plaintiff made no attempt to review his own medical records in order to respond to Defendants' discovery requests prior to 2018—some eight plus years after this case was filed.

In short, the Court does not find Plaintiff credible and his actions, as evidenced by the docket entries, have been dilatory and obstructive. Accordingly, the Court finds that Plaintiff's conduct is in bad faith. Plaintiff has failed to provide the Court with an explanation for his failure to provide sufficient responses to Defendants' discovery requests over the prior *four years*. The Court finds that Plaintiff's unjustified failure to participate in discovery constitutes willful and bad faith disregard for the discovery process and this Court's orders.

**D.     Terminating Sanctions are Appropriate**

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). The amount of prejudice resulting from the discovery violations and the availability of less drastic

---

[6] At a prior hearing on December 14, 2017, the Court carefully explained Plaintiff's discovery obligations and the need to respond and produce documents.

sanctions are said to be "key factors." Wanderer v. Johnston, 910 F2d 652, 656 (9th Cir. 1990).

Here, the first two factors, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, weigh in favor of dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). This case has been pending since 2009. It has more than 230 docket entries in what should be a relatively straightforward deliberate indifference claim. But even with so many docket entries, the case is mired in a longstanding discovery dispute which should have been resolved by Plaintiff's fully compliant answers. Defendants are entitled to know the facts upon which Plaintiff bases his claims and the documents which support his claims. Since nearly the inception, Plaintiff has consistently failed to advance his case, and instead, has engaged in dilatory and evasive tactics, including unmeritorious interlocutory appeals and requests for restraining orders. This case has become an undue consumption and waste of limited judicial resources to manage and address Plaintiff's filings. Plaintiff was repeatedly warned that "Plaintiff is cautioned that his failure to timely comply with this order and respond to written discovery may result in monetary sanctions, evidentiary sanctions or dismissal of this action." (See e.g., ECF No. 200, p. 4.) This Court has not lost sight of the strong interest in resolving cases on the merits. But even this strong interest in deciding cases on the merits cannot override a litigant's conduct in refusing to abide by court orders, insisting on multiplying the proceedings, and wasting judicial resources. As detailed throughout these findings and recommendations, and as is located throughout the docket in the case, the Court has devoted inordinate amounts of time to deal with what should be limited-in-scope claims.

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal. There is a rebuttable presumption of prejudice to a defendant that arises when a plaintiff unreasonably delays litigation. In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994). "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987). The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Id. (citing

Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)).

Plaintiff's failure to respond to the discovery requests, or to produce even a single document in response to Defendants' requests for production, since the beginning of this case, substantially hinders Defendants' ability to investigate and defend against his allegations, particularly in light of the time that has elapsed since the information was first requested, and since the events in this case transpired. Now, nine years into this case and over four years since first requested, Defendants are no further along in learning the evidence which supports Plaintiff's claims than when the case was filed. As a result of Plaintiff's conduct, Defendants have been forced to expend time and resources attempting to secure his cooperation by filing motions (including the instant Motion for Sanctions). At oral argument, Defendants expanded upon the prejudice. Defendant Schaefer has had a significant health issues for which she is undergoing treatment and counsel expressed her concern about the seriousness of the condition. The inability to fully defend the case as the result of health issues, coupled with the delay, is prejudicial to Defendants.

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. When a case has stalled or is unreasonably delayed by a party's failure to comply with deadlines and discovery obligations, the case cannot move toward resolution on the merits. Thus, the fourth factor—public policy favoring disposition of cases on their merits—is not compelling when it is thwarted by the Plaintiff's dilatory and evasive conduct.

Finally, the Court considered lesser sanctions, but no lesser sanction is warranted. Evidentiary sanctions would be ineffective, as Plaintiff would still be able to testify to information that he has withheld and the Court would have no practical way of excluding such testimony. Monetary sanctions are worthless because of Plaintiff's in forma pauperis status. He would likely be unable to pay any monetary sanctions, making such sanctions of little use. The Court repeatedly admonished Plaintiff about his discovery obligations, and issued several warnings about the consequences of continued noncompliance.

Thus, the Court finds that there are no other, lesser sanctions that would be satisfactory or

effective. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986). Here, Plaintiff has known that these discovery requests were pending since 2013, then re-propounded in 2016 and remained pending for another year without any kind of answer by Plaintiff. Most recently in 2016, Plaintiff was initially provided more than sufficient time to respond to the discovery requests, both before and after the filing of Defendants' second set of motions to compel, and Plaintiff was finally warned that he would not be provided with further extensions. (ECF No. 219, p. 2.) In granting the motions to compel, the Court also warned Plaintiff that his failure to comply could result in sanctions that could range all the way up to dismissal of this case. (ECF No. 200, p. 4.) The Court's warning to a party that failure to obey the Court's order will result in dismissal can satisfy the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (citing Malone, 833 at 132–33; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)). Given the ample time Plaintiff has had to provide appropriate discovery responses, his failure to produce any documents in response to Defendants' requests for production, his inability to explain his failure to obtain or review his own medical files during the pendency of this action, and the substantial prejudice to the Defendants, the Court finds that lesser sanctions would be ineffective and insufficient to address Plaintiff's willful behavior and bad faith.

For these reasons, the undersigned finds that terminating sanctions are justified and recommends granting Defendants' motion.

### III. Conclusion and Recommendations

Accordingly, the Court HEREBY RECOMMENDS as follows:

1. Defendants' motion for terminating sanctions, (ECF No. 224), be granted and this action dismissed for failure to comply with a court order. See Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b); L.R. 110; and

2. Plaintiff's motion to compel, (ECF No. 230), be denied as moot.

These Findings and Recommendation will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 8, 2018**　　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE